**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
John C. Gray (Bar No. 028454)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone:  (602) 262-5311
Facsimile:  (602) 262-5747
Email:      jgray@lewisroca.com

**SHEARMAN & STERLING LLP**
Adam S. Hakki (admitted *pro hac vice*)
Daniel C. Lewis (admitted *pro hac vice*)
Joshua T. Ebersole (admitted *pro hac vice*)
599 Lexington Avenue
New York, NY 10022-6069
Telephone:  (212) 848-4000
Email:      ahakki@shearman.com
            daniel.lewis@shearman.com
            joshua.ebersole@shearman.com

*Counsel for Defendant Sea Limited*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Yahya Muraweh, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Sea Limited, Forrest Xiaodong Li, and Tony Tianyu Hou,<br><br>Defendants. | Case No. 2:23-cv-01455-PHX-DLR<br><br>Consolidated with:<br>Case No. 2:23-cv-01889-PHX-DLR<br><br>**DEFENDANT SEA LIMITED'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)**<br><br>**(Oral Argument Requested)** |

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................... 1

BACKGROUND .................................................................................................... 2

ARGUMENT ......................................................................................................... 4

    I.     Transfer Is Warranted Under 28 U.S.C. § 1404(a) ...................................... 4

         A. The Actions Could Have Been Brought In The Southern District Of New York .................................................................................................. 5

         B. Transfer To The Southern District Of New York Is Appropriate ........... 5

             1. Operative Events Took Place In New York ................................ 6

             2. No Deference Is Owed To Plaintiff Muraweh's Choice Of Forum ........................................................................................... 7

             3. The Convenience Factors Favor New York ................................ 8

             4. Interests Of Justice Favor New York .......................................... 9

CONCLUSION ..................................................................................................... 9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. High-Income Tr. v. AlliedSignal Inc.*,
2002 WL 373473 (D. Del. Mar. 7, 2002) ...................................................................6

*Bondali v. Yum! Brands, Inc.*,
2013 WL 12129379 (C.D. Cal. May 1, 2013) ...........................................................7

*Cheah IP, LLC v. Plaxo, Inc.*,
2008 WL 9746595 (C.D. Cal. Oct. 17, 2008)............................................................8

*Delarosa v. State Street Corp.*,
2017 WL 5592912 (C.D. Cal. June 21, 2017) ....................................................4, 6, 7

*ExpressJet Airlines, Inc. v. RBC Cap. Markets Corp.*,
2009 WL 2244468 (S.D. Tex. July 27, 2009) ...........................................................9

*Fed'l Savings Bank v. Wesco Ins. Co.*,
2022 WL 4612548 (D. Ariz. Sept. 30, 2022) (Rayes, J.)................................5, 6, 7, 8

*Gill v. Aramark Sports & Ent. Servs. LLC*,
2021 WL 2454035 (D. Ariz. June 16, 2021) .............................................................8

*LimoStars, Inc. v. New Jersey Car and Limo, Inc.*,
2011 WL 3471092 (D. Ariz. Aug. 8, 2011),
*report and recommendation adopted*, 2011 WL 4101100 (D. Ariz. Sept. 8,
2011) ........................................................................................................................5

*Lou v. Belzberg*,
834 F.2d 730 (9th Cir. 1987) ...................................................................................7

*Mirvaydulloev v. Sea Limited, et al.*,
Case No. 2:23-cv-01889-SRB .................................................................................3

*ON Semiconductor Corp. v. Micro Processing Tech. Inc.*,
2017 WL 514195 (D. Ariz. Feb. 8, 2017) (Rayes, J.)................................................5

*Reese v. Malone*,
2008 WL 11342462 (C.D. Cal. June 19, 2008) .........................................................7

*Tran v. Third Ave. Mgmt. LLC*,
2016 WL 6828217 (C.D. Cal. Apr. 12, 2016) ...........................................................7

*Wenokour v. AXA Equit. Life Ins. Co.*,
2017 WL 4357916 (D. Ariz. Oct. 2, 2017) (Rayes, J.)..............................................5

*In re Yahoo! Inc.*,
2008 WL 707405 (C.D. Cal. Mar. 10, 2008) ..............................................................................6

**Statutes**

28 U.S.C. § 1404(a) ..............................................................................................1, 2, 4

Defendant Sea Limited ("Sea"),[1] through its undersigned counsel, respectfully submits this memorandum of law in support of its motion to transfer this consolidated action (the "Action") from the United States District Court for the District of Arizona to the United States District Court for the Southern District of New York (the "Motion") pursuant to 28 U.S.C. § 1404(a).

### PRELIMINARY STATEMENT

This putative securities class action has no meaningful connection to Arizona.  Sea was founded and has its principal offices in Singapore and, in contrast to New York, has no presence whatsoever in Arizona.  Neither of the other named defendants resides in or has connections to Arizona.  The Court-appointed Lead Plaintiff is not a resident of Arizona and appears to have no connection to the state.  No witnesses are located in Arizona.  And none of the allegations in the complaint relate to actions that occurred in or were targeted to Arizona.

Because this litigation has no meaningful connection to this venue, the Court should transfer it to a venue with more interest in and relevance to the lawsuit—the United States District Court for the Southern District of New York.  The Southern District of New York is where the New York Stock Exchange, the exchange where the securities at issue are listed, is located.  The securities are governed and issued entirely pursuant to a Deposit Agreement with a New York depositary bank and New York choice-of-law provision.  New York courts are the venue where Sea has expressly agreed to submit to jurisdiction for claims relating to the securities at issue, under the Deposit Agreement.  In addition, New York has a strong interest in ensuring the integrity of the securities markets operating in its jurisdiction, including the New York Stock Exchange on which Sea's securities trade.  New York also will be a more convenient forum given the relative ease of travel from Singapore—where nearly all of the anticipated party and third-party witnesses reside—via direct flight, whereas travel to Arizona would require

---

[1] Forrest Xiaodong Li and Tony Tianyu Hou have not been served and have not appeared in the Action.  However, for the reasons stated herein, the litigation as a whole should be transferred to the Southern District of New York.

1

multiple flights.  Indeed, a potential witness in the United States resides in New York, while no known witnesses are located in Arizona.  Even the Court-appointed counsel to the Lead Plaintiff has offices in New York, but not in Arizona.

For these and other reasons set forth below, transfer to the Southern District of New York would promote "the convenience of parties and witnesses" and serve "the interest of justice."  28 U.S.C. § 1404(a).  As such, Sea's motion to transfer the Action should be granted.

## BACKGROUND

Sea is a leading global consumer internet company, which provides digital entertainment, e-commerce, and financial services through three core businesses: Garena, a global online games developer and publisher; Shopee, the largest pan-regional e-commerce platform in Southeast Asia and Taiwan; and SeaMoney, a leading digital payments and financial services provider in Southeast Asia.  (*Muraweh v. Sea Limited, et al.*, Case No. 2:23-CV-01455-DLR, Compl. ("First Complaint") ¶¶ 2, 17; Gray Decl. Ex. 1 (Sea's 2022 Form 20-F) at 47.)  The company is organized under the laws of the Cayman Islands and has its principal executive offices in Singapore.  (*Id*. ¶ 12.)  Neither of the named individual defendants are alleged to have any connection to Arizona.  (*See generally* First Compl.)

Sea's securities are listed on the New York Stock Exchange in the form of American Depositary Receipts ("ADRs").  *See* (First Compl. ¶ 9); NYSE Listing for Sea Limited, *available at* https://www.nyse.com/quote/XNYS:SE (last visited October 23, 2023)*.*  An ADR is a negotiable certificate provided by a U.S. depositary bank representing a specified number of shares of a foreign company's stock.  In this case, Sea's ADRs, which are each backed by one share of Sea's Class A shares, are governed and issued pursuant to a Deposit Agreement, dated as of October 19, 2017, with The Bank of New York Mellon—a New York banking corporation—acting as the depositary. (Gray Decl. Ex. 2 (Deposit Agreement).)  The Deposit Agreement is governed by New York law.  (*Id.* at Ex. A (identifying Depositary Office Address in New York); *id*. § 7.9

2

(New York law governs).)  Under the Deposit Agreement, Sea submitted to the jurisdiction of New York courts for lawsuits "arising out of or relating to the Shares or Deposited Securities, the American Depositary Shares, the Receipts or [the] Deposit Agreement." (*Id.* § 7.7; *id.* at Ex. A, § 23.)

On July 21, 2023, Plaintiff Yahya Muraweh filed a putative securities class action complaint against Sea and the two individual defendants.  (*See generally* First Compl.)  Plaintiff Muraweh alleges that he is a resident of Maricopa County and that he acquired four (4) Sea ADRs on July 22, 2022, for a total alleged loss of less than $300.  (*See* First Compl., Certification Pursuant to Federal Securities Laws.)  The First Complaint alleges that Sea made misrepresentations regarding Sea's digital financial services business, *i.e.*, SeaMoney (*see, e.g.*, *id.* ¶ 3), a service that Sea does not provide in the United States, let alone Arizona (*see* Gray Decl. Ex. 1 (Sea's 2022 Form 20-F) at 47).  On this basis, the First Complaint asserts two federal causes of action:  (1) an alleged violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), and (2) alleged control person liability under Section 20(a) of the Exchange Act.  (First Compl. ¶¶ 45-60.)  Notably, the First Complaint does not allege that Sea conducted any business in Arizona, much less any business in Arizona connected to the alleged misrepresentations. (*See generally* First Compl.)

On September 8, 2023, Plaintiff Ubaydullo Mirvaydulloev, represented by the same law firm as Plaintiff Muraweh, filed a second complaint that is essentially identical to the First Complaint, except that it alleges an earlier start date to the purported class period.  (*See Mirvaydulloev v. Sea Limited, et al.*, Case No. 2:23-cv-01889-SRB, Compl. ("Second Compl.").)  Plaintiff Mirvaydulloev, who does not allege that he is an Arizona resident or that his claims have any connection to Arizona, allegedly acquired a number of Sea ADRs in a series of purchases between December 2021 and May 2023.  (*See* Second Compl., Certification Pursuant to Federal Securities Laws.)  On September 19, 2023, five motions to consolidate the two lawsuits and for appointment as Lead Plaintiff were filed.  (*Muraweh*, Case No. 2:23-CV-01455-DLR, ECF Nos. 8-13.)  Plaintiffs

3

Muraweh and Mirvaydulloev were not among the applicants to be Lead Plaintiff. (*Id*.) None of the parties who did move to be appointed as Lead Plaintiff claims to be a resident of Arizona or to have any connections to the state. (*Id*.) On October 6, 2023, the Court appointed the Laborers District Council Construction Industry Pension Fund (the "Pension Fund") as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel, while also consolidating the lawsuits brought by Plaintiff Muraweh and Plaintiff Mirvaydulloev into this single Action. (*Muraweh*, Case No. 2:23-CV-01455-DLR, ECF No. 23.) The Pension Fund is based in Philadelphia, Pennsylvania, and has not alleged any connection to Arizona. (*Muraweh*, Case No. 2:23-CV-01455-DLR, ECF No. 9.)

## ARGUMENT

The Action has no meaningful connection to Arizona, whereas the Southern District of New York has significant connections to the matter and will be a more convenient, relevant, and efficient venue. In the interests of justice, and considering the relevant private and public interest factors, this Court should exercise its discretionary authority under 28 U.S.C. § 1404(a) to transfer the Action to the Southern District of New York.

**I.     Transfer Is Warranted Under 28 U.S.C. § 1404(a)**

For the convenience of parties and witnesses and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. 28 U.S.C. § 1404(a). Such transfer to the Southern District of New York is warranted here.

On a motion to transfer venue pursuant to Section 1404(a), the Court considers whether transfer "would allow a case to proceed more conveniently and better serve the interests of justice." *Delarosa v. State Street Corp.*, 2017 WL 5592912 at *2 (C.D. Cal. June 21, 2017) (citations omitted). In evaluating those issues, the Court considers multiple factors, including: (1) the location where any relevant agreements were negotiated and executed, (2) the state most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the

contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.  *Fed. Savings Bank v. Wesco Ins. Co.*, 2022 WL 4612548, at \*1-2 (D. Ariz. Sept. 30, 2022) (Rayes, J.) (citing *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)).

"Importantly," as this Court has observed, these factors "are not exhaustive, nor are they relevant to all cases.  Instead, courts have discretion 'to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness[.]'"  *Wenokour v. AXA Equit. Life Ins. Co.*, 2017 WL 4357916, at \*4 (D. Ariz. Oct. 2, 2017) (Rayes, J.) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988)); *see also ON Semiconductor Corp. v. Micro Processing Tech. Inc.*, 2017 WL 514195, at \*6 (D. Ariz. Feb. 8, 2017) (Rayes, J.) (same).

A.  <u>The Actions Could Have Been Brought In The Southern District Of New York</u>

As a threshold matter, these matters could have been brought in the Southern District of New York.  Sea is organized under the laws of the Cayman Islands with principal executive offices in Singapore (*e.g.*, First Compl. ¶ 12), but for the purposes of U.S. securities litigation, it effectively can be "found" in New York because it submitted to jurisdiction there for this purpose.  (*See supra*, pp. 2-3.)  Moreover, as provided in its Deposit Agreement, Sea consented to the jurisdiction and venue of the Southern District of New York for claims relating to the securities at issue.  (Gray Decl. Ex. 2, at § 7.7; *id.* at Ex. A, § 23.)  As such, venue in the Southern District of New York is proper.  *See LimoStars, Inc. v. New Jersey Car and Limo, Inc.*, 2011 WL 3471092, at \*15 (D. Ariz. Aug. 8, 2011), *report and recommendation adopted*, 2011 WL 4101100 (D. Ariz. Sept. 8, 2011) (holding venue proper where defendant "voluntarily consented to venue").

B.  <u>Transfer To The Southern District Of New York Is Appropriate</u>

Given that venue in the Southern District of New York is proper, the next considerations are convenience and the interests of justice, as informed by the eight

factors enumerated above. *Delarosa*, 2017 WL 5592912, at *2. These factors favor transfer to the Southern District of New York.

### 1. *Operative Events Took Place In New York*

The first, fourth, and fifth factors relate to the relevant contacts with the forum: (1) the location where any relevant agreements were negotiated and executed, (4) the parties' contacts with the forum, and (5) the contacts relating to the plaintiffs' cause of action in the chosen forum. *Wesco Ins.*, 2022 WL 4612548, at *1-2.

The claims asserted in this litigation arise from alleged misrepresentations in connection with investments in Sea securities. As noted, Sea's equity trades on the New York Stock Exchange in the form of ADRs created and governed by a Deposit Agreement that is governed by New York law. (*See supra*, p. 2.) In contrast, the ***only*** alleged connection to Arizona is the purchase of four (4) shares by a single plaintiff who did not seek appointment as Lead Plaintiff and with an alleged loss of less than $300. (*Id.*, pp. 3-4.)

Moreover, there is no allegation that any acts constituting or contributing to the alleged securities law violations occurred in Arizona. Alleged violations such as misrepresentations or omissions are "deemed to occur in the district where they are transmitted or withheld, not where they are received." *In re Yahoo! Inc.*, 2008 WL 707405, at *8 (C.D. Cal. Mar. 10, 2008) (internal quotations and citation omitted); *see also Delarosa*, 2017 WL 5592912, at *4 (finding venue in California improper for a Massachusetts-based company despite allegations that SEC filings were disseminated nationwide); *Am. High-Income Tr. v. AlliedSignal Inc.*, 2002 WL 373473, at *2 (D. Del. Mar. 7, 2002) ("[T]he fact that SEC filings and related press releases could have been received and read in Delaware is insufficient to find that Delaware is a proper venue for the director defendants."). Here, there is no dispute that Sea is based in Singapore, not Arizona, and there is no allegation that any of the alleged misrepresentations would have come from Arizona. *Delarosa*, 2017 WL 5592912, at *5.

Meanwhile, Sea has more significant contacts with New York than any other state, particularly for purposes of this securities litigation.  The New York Stock Exchange is where Sea's securities are listed.  The securities are issued pursuant to a publicly filed Deposit Agreement between Sea and The Bank of New York Mellon, as depositary, that is governed by New York law.  And Sea has expressly agreed to jurisdiction in New York courts for claims "arising out of or relating to" the securities here.

### 2. *No Deference Is Owed To Plaintiff Muraweh's Choice Of Forum*

The third factor considers a plaintiff's choice of forum.  Although ordinarily entitled to deference, a plaintiff's choice of forum is "given less weight" in a class action. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("Although great weight is generally accorded plaintiff's choice of forum . . . when an individual . . . represents a class, the named plaintiff's choice of forum is given less weight.").  That deference ought to be even more limited here given that Plaintiff Muraweh did not seek to act as Lead Plaintiff, and the appointed Lead Plaintiff, who did not select this forum, is based in Pennsylvania and has no apparent or alleged connection to Arizona.  *See Wesco Ins.*, 2022 WL 4612548, at *2 (weight afforded to a plaintiff's choice of forum "also is diminished where the selected forum is not the plaintiff's home state and the parties' contacts with the chosen forum are limited"); *Bondali v. Yum! Brands, Inc.*, 2013 WL 12129379, at *5 (C.D. Cal. May 1, 2013) (finding that "plaintiff's choice of forum should be accorded minimal weight" where case was "a nationwide class action, Lead Plaintiff does not reside in this district and, as currently pleaded, this case has no connection to this district"); *Reese v. Malone*, 2008 WL 11342462, at *4 (C.D. Cal. June 19, 2008) (original plaintiffs' "decision to file in California is afforded little weight" in securities class action transfer analysis when subsequent lead plaintiff is appointed).  Indeed, no other Lead Plaintiff candidate—all of whom had purchased significantly more shares than Plaintiff Muraweh—alleged Arizona residency or any Arizona connection.  *See Tran v. Third Ave. Mgmt. LLC*, 2016 WL 6828217, *4 (C.D. Cal. Apr. 12, 2016) (granting motion to transfer

7

from California to New York "[a]lthough there may be additional putative class members who reside in California," because of the "nationwide nature of the putative class").

### 3. *The Convenience Factors Favor New York*

The sixth, seventh, and eighth factors generally focus on the convenience of the parties and potential witnesses:  (6) the differences in costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.  *Wesco*, 2022 WL 4612548, at *1-2.

Most if not all of the fact witnesses in this action will be current and former employees of Sea.  The vast majority of these current and former employee witnesses are expected to be based in Singapore, and a potential witness in the United States now resides in New York.  (*See* Fan Declaration ¶¶ 1-3.)  Meanwhile, no known witnesses reside in Arizona.  (*See* Gray Decl. ¶ 2.)  Whereas there are at least fourteen (14) direct flights from Singapore to New York City area airports every week, there are no direct flights between Singapore and Phoenix.  (Gray Decl. ¶ 3.)  Therefore, as to witnesses—and in particular third-party former employee witnesses—the Southern District of New York is a far more convenient forum.  Moreover, although the advancement in technology lessens the overall burden in accessing sources of proof, the Southern District of New York is the more convenient forum to the extent depositions are conducted in person.

In addition, the overall costs of the Action also will be reduced if transfer is granted because lead counsel for both plaintiff and Sea have offices located in the Southern District of New York and neither party would need local counsel.  *See, e.g.*, *Gill v. Aramark Sports & Ent. Servs. LLC*, 2021 WL 2454035, at *3 (D. Ariz. June 16, 2021) (considering in transfer analysis that "litigation costs could increase substantially if Plaintiffs retain local counsel . . . in addition to keeping their current counsel"); *see also Cheah IP, LLC v. Plaxo, Inc.*, 2008 WL 9746595, at *2 (C.D. Cal. Oct. 17, 2008)

(considering the additional cost of local counsel as a factor in whether to transfer an action).

### 4. *Interests Of Justice Favor New York*

Finally, other considerations relevant to the interests of justice support transfer to the Southern District of New York. New York—as the financial capital of the country and the location of the New York Stock Exchange—unquestionably has an interest in deciding controversies such as this. *ExpressJet Airlines, Inc. v. RBC Cap. Markets Corp.*, 2009 WL 2244468, at *13 (S.D. Tex. July 27, 2009) (New York City "is widely known as the nation's financial capital, if not that of the world. Investors throughout the country trade in markets operating out of New York. New York's interest in regulating these markets predominates because the financial industry is critical to its overall economic health and viability, as well as that of the nation."). Arizona's comparative interest in protecting an investor who allegedly purchased only four (4) shares for a total alleged loss of less than $300 and is not seeking to be appointed as the Lead Plaintiff is comparatively weak.

## CONCLUSION

Defendant Sea respectfully requests that the Court transfer the Action to the United States District Court for the Southern District of New York.

Dated:  October 23, 2023

**LEWIS ROCA ROTHGERBER CHRISTIE LLP**

*/s/ John C. Gray*

John C. Gray (Arizona Bar. No. 028454)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone: (602) 262-5311
Facsimile: (602) 262-5747
Email:  jgray@lewisroca.com

**SHEARMAN & STERLING LLP**
Adam S. Hakki (admitted *pro hac vice*)
Daniel C. Lewis (admitted *pro hac vice*)
Joshua T. Ebersole (admitted *pro hac vice*)

9

599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
Email:  ahakki@shearman.com
           daniel.lewis@shearman.com
           joshua.ebersole@shearman.com

*Counsel for Defendant Sea Limited*