**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
John C. Gray (Bar No. 028454)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone:  (602) 262-5311
Facsimile:  (602) 262-5747
Email:  jgray@lewisroca.com

**SHEARMAN & STERLING LLP**
Adam S. Hakki (admitted *pro hac vice*)
Daniel C. Lewis (admitted *pro hac vice*)
Joshua T. Ebersole (admitted *pro hac vice*)
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
Email:  ahakki@shearman.com
        daniel.lewis@shearman.com
        joshua.ebersole@shearman.com

*Counsel for Defendant Sea Limited*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Yahya Muraweh, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> Sea Limited, Forrest Xiaodong Li, and Tony Tianyu Hou, <br><br> Defendants. | Case No. 2:23-cv-01455-PHX-DLR <br><br> Consolidated with: <br> Case No. 2:23-cv-01889-PHX-DLR <br><br> **DECLARATION OF JOHN C. GRAY IN SUPPORT OF DEFENDANT SEA LIMITED'S MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)** |

I, John C. Gray, declare:

1.     I am an active member of the Bar of the States of Arizona and California and am admitted to practice before this Court.  I am Of Counsel with the law firm of Lewis Roca Rothgerber Christie LLP, counsel for Defendant Sea Limited ("Sea" or the "Company").

2.     I am advised by my client, Sea, that none of its current employees reside in the state of Arizona and that it is not aware of any other potential witnesses who reside in the state of Arizona.

3.     Based on internet searches conducted on October 23, 2023, seeking flight and booking information, there are at least fourteen direct flights from Singapore to New York City area airports every week (*see, e.g.,* https://thepointsguy.com/news/singapore-airlines-new-york-longest-flights/), whereas I have been unable to find any regularly scheduled direct flights between Singapore and Phoenix.

4.     Attached hereto as Exhibit 1 is a true and correct copy of excerpts of Sea's Form 20-F for the fiscal year ended December 31, 2022, filed with the SEC on April 6, 2023 ("Sea's 2022 Form 20-F").

5.     Attached hereto as Exhibit 2 is a true and correct copy of excerpts of the Deposit Agreement, between Sea Limited and The Bank of New York Mellon, as depositary, dated as of October 19, 2017 ("Deposit Agreement").

I declare under penalty of perjury under the laws of the United States that, to the best of my knowledge, the foregoing is true and correct.

1

Executed this 23rd day of October 2023, in Phoenix, Arizona.


John C. Gray

# GRAY DECLARATION

# EXHIBIT 1

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
## Washington, D.C. 20549

_____

# FORM 20-F

**(Mark One)**

☐    **REGISTRATION STATEMENT PURSUANT TO SECTION 12(b) OR 12(g) OF THE SECURITIES EXCHANGE ACT OF 1934**

**OR**

☒    **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**
    **For the fiscal year ended December 31, 2022.**

**OR**

☐    **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**
    **For the transition period from _____ to _____**

**OR**

☐    **SHELL COMPANY REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**
    **Date of event requiring this shell company report**

**Commission file number: 001-38237**

# Sea Limited
**(Exact name of Registrant as specified in its charter)**

_____

**N/A**
**(Translation of Registrant's name into English)**

**Cayman Islands**
**(Jurisdiction of incorporation or organization)**

**1 Fusionopolis Place, #17-10, Galaxis**
**Singapore 138522**
**(Address of principal executive offices)**

**Yanjun Wang, Esq.**
**Sea Limited**
**1 Fusionopolis Place, #17-10, Galaxis**
**Singapore 138522**
**Tel: +65 6270-8100**
**E-mail: secnotice@sea.com**
**(Name, Telephone, E-mail and/or Facsimile number and Address of Company Contact Person)**

**Securities registered or to be registered pursuant to Section 12(b) of the Act:**

| Title of each class | Trading Symbol | Name of each exchange on which registered |
|---|---|---|
| American Depositary Shares, each representing one Class A ordinary share | SE | New York Stock Exchange |
| Class A ordinary shares, par value US$0.0005 per share* | | |

\* Not for trading, but only in connection with the listing of American Depositary Shares on the New York Stock Exchange.

**Securities registered or to be registered pursuant to Section 12(g) of the Act:**
**None**
**(Title of Class)**

**Securities for which there is a reporting obligation pursuant to Section 15(d) of the Act:**
**None**
**(Title of Class)**

Indicate the number of outstanding shares of each of the Issuer's classes of capital or common stock as of the close of the period covered by the annual report.

519,231,049 Class A ordinary shares and 45,527,793 Class B ordinary shares, par value US$0.0005 per share, as of December 31, 2022

Based on our income and assets, and the value of the ADSs, we do not believe that we were a PFIC, for U.S. federal income tax purposes, for the taxable year ended December 31, 2022, and do not anticipate becoming a PFIC for the current taxable year or for the foreseeable future. Nevertheless, because PFIC status is a factual determination made annually after the close of each taxable year on the basis of the composition of our income and assets, there can be no assurance that we will not be a PFIC for the current taxable year or any future taxable year.

**ITEM 4.**      **INFORMATION ON THE COMPANY**

A.      History and Development of the Company

On May 8, 2009, we incorporated Garena Interactive Holding Limited, our holding company, as a limited liability company in the Cayman Islands. On April 8, 2017, we changed our company name from Garena Interactive Holding Limited to Sea Limited.

Sea Limited is a holding company that does not have substantive operations. We conduct our businesses through our subsidiaries and consolidated affiliated entities.

We launched our e-commerce platform, Shopee, in Southeast Asia and Taiwan in June and early July 2015, and in Brazil in the fourth quarter of 2019.

We began our digital entertainment business at our inception in May 2009, and have since expanded our local game operations beyond Southeast Asia and Taiwan to Latin America and other markets. Our self-developed game Free Fire is also currently available in more than 130 markets globally.

We launched our digital financial services platform in Vietnam in April 2014 and in Thailand in June 2014. In the fourth quarter of 2019, we introduced SeaMoney as the overall brand for our digital financial services business. Since 2021, we have further expanded our digital financial service offerings across credit, insurtech and digital bank services, including launching our bank business in Indonesia, Philippines and Singapore.

On October 20, 2017, we completed our initial public offering and listed our ADSs on the New York Stock Exchange under the symbol "SE."

At our annual general meeting on February 14, 2022, our shareholders approved as a special resolution the amendment and restatement of our memorandum and articles of association. Upon the effectiveness of such amendment, among other relevant changes, the voting power of our Class B ordinary shares increased from three votes per share to 15 votes per share on all matters subject to vote at general meetings of our company. Immediately upon the special resolution being approved by the shareholders, Tencent converted all the Class B ordinary shares beneficially owned by it to Class A ordinary shares. Upon effectiveness of such conversion by Tencent, all outstanding Class B ordinary shares are currently beneficially owned by Forrest Xiaodong Li, our founder, chairman and Group Chief Executive Officer. At the same time, the irrevocable proxy between Tencent and Mr. Li dated September 1, 2017 (the "Irrevocable Proxy") was also terminated. In relation to such termination, the currently effective memorandum and articles of association no longer contain a requirement that the Class B ordinary shares beneficially owned by Mr. Li shall be subject to automatic conversion upon termination of the Irrevocable Proxy. See "Item 10. Additional Information—B. Memorandum and Articles of Association." In September 2022, Tencent granted an irrevocable voting proxy with respect to all its Class A ordinary shares to our board of directors (duly constituted from time to time) to vote on matters that are subject to the vote of shareholders of Sea.

Our principal executive offices are located at 1 Fusionopolis Place, #17-10, Galaxis, Singapore 138522. Our telephone number at this address is +65 6270-8100. Our registered office in the Cayman Islands is at the offices of Maples Corporate Services Limited at PO Box 309, Ugland House, Grand Cayman, KY1-1104, Cayman Islands. Our agent for service of process in the United States in connection with the registration statement on Form F-1 for our initial public offering is Cogency Global Inc., located at 122 East 42nd Street, 18th Floor New York, N.Y. 10168. Our agent for service of process in the United States in connection with the registration statement on Form F-3 is Puglisi & Associates, located at 850 Library Avenue, Suite 204, Newark, Delaware 19711. Our website is *www.sea.com*.

47

# GRAY DECLARATION

# EXHIBIT 2

EX-4.3 2 d455875dex43.htm EX-4.3

**Exhibit 4.3**

[Execution Copy]

SEA LIMITED

AND

THE BANK OF NEW YORK MELLON

As Depositary

AND

OWNERS AND HOLDERS OF AMERICAN DEPOSITARY SHARES

Deposit Agreement

Dated as of October 19, 2017

TABLE OF CONTENTS

ARTICLE 1. DEFINITIONS                                                                    1
    SECTION 1.1.    American Depositary Shares                                       1
    SECTION 1.2.    Commission                                                      2
    SECTION 1.3.    Company                                                         2
    SECTION 1.4.    Custodian                                                       2
    SECTION 1.5.    Delisting Event                                                 2
    SECTION 1.6.    Deliver; Surrender                                              2
    SECTION 1.7.    Deposit Agreement                                               3
    SECTION 1.8.    Depositary; Depositary's Office                                 3
    SECTION 1.9.    Deposited Securities                                            3
    SECTION 1.10.   Disseminate                                                     3
    SECTION 1.11.   Dollars                                                         4
    SECTION 1.12.   DTC                                                             4
    SECTION 1.13.   Foreign Registrar                                              4
    SECTION 1.14.   Holder                                                          4
    SECTION 1.15.   Insolvency Event                                                4
    SECTION 1.16.   Owner                                                           4
    SECTION 1.17.   Receipts                                                        5
    SECTION 1.18.   Registrar                                                       5
    SECTION 1.19.   Replacement                                                     5
    SECTION 1.20.   Restricted Securities                                           5
    SECTION 1.21.   Securities Act of 1933                                          5
    SECTION 1.22.   Shares                                                          5
    SECTION 1.23.   SWIFT                                                           6
    SECTION 1.24.   Termination Option Event                                        6

ARTICLE 2. FORM OF RECEIPTS, DEPOSIT OF SHARES, DELIVERY, TRANSFER AND SURRENDER OF AMERICAN
DEPOSITARY SHARES                                                                         6
    SECTION 2.1.    Form of Receipts; Registration and Transferability of American Depositary Shares    6
    SECTION 2.2.    Deposit of Shares                                               7
    SECTION 2.3.    Delivery of American Depositary Shares                          8
    SECTION 2.4.    Registration of Transfer of American Depositary Shares; Combination and Split-up of Receipts; Interchange
            of Certificated and Uncertificated American Depositary Shares    8
    SECTION 2.5.    Surrender of American Depositary Shares and Withdrawal of Deposited Securities    9
    SECTION 2.6.    Limitations on Delivery, Transfer and Surrender of American Depositary Shares    10

-i-

| | | |
|---|---|---:|
| SECTION 2.7. | Lost Receipts, etc. | 11 |
| SECTION 2.8. | Cancellation and Destruction of Surrendered Receipts | 11 |
| SECTION 2.9. | [Reserved] | 12 |
| SECTION 2.10. | DTC Direct Registration System and Profile Modification System | 12 |
| | | |
| **ARTICLE 3. CERTAIN OBLIGATIONS OF OWNERS AND HOLDERS OF AMERICAN DEPOSITARY SHARES** | | 12 |
| SECTION 3.1. | Filing Proofs, Certificates and Other Information | 12 |
| SECTION 3.2. | Liability of Owner for Taxes | 13 |
| SECTION 3.3. | Warranties on Deposit of Shares | 13 |
| SECTION 3.4. | Disclosure of Interests | 14 |
| | | |
| **ARTICLE 4. THE DEPOSITED SECURITIES** | | 14 |
| SECTION 4.1. | Cash Distributions | 14 |
| SECTION 4.2. | Distributions Other Than Cash, Shares or Rights | 15 |
| SECTION 4.3. | Distributions in Shares | 16 |
| SECTION 4.4. | Rights | 16 |
| SECTION 4.5. | Conversion of Foreign Currency | 18 |
| SECTION 4.6. | Fixing of Record Date | 19 |
| SECTION 4.7. | Voting of Deposited Shares | 19 |
| SECTION 4.8. | Tender and Exchange Offers; Redemption, Replacement or Cancellation of Deposited Securities | 21 |
| SECTION 4.9. | Reports | 22 |
| SECTION 4.10. | Lists of Owners | 22 |
| SECTION 4.11. | Withholding | 23 |
| | | |
| **ARTICLE 5. THE DEPOSITARY, THE CUSTODIANS AND THE COMPANY** | | 23 |
| SECTION 5.1. | Maintenance of Office and Transfer Books by the Depositary | 23 |
| SECTION 5.2. | Prevention or Delay of Performance by the Company or the Depositary | 24 |
| SECTION 5.3. | Obligations of the Depositary and the Company | 25 |
| SECTION 5.4. | Resignation and Removal of the Depositary | 26 |
| SECTION 5.5. | The Custodians | 27 |
| SECTION 5.6. | Notices and Reports | 27 |
| SECTION 5.7. | Distribution of Additional Shares, Rights, etc. | 28 |
| SECTION 5.8. | Indemnification | 28 |
| SECTION 5.9. | Charges of Depositary | 29 |
| SECTION 5.10. | Retention of Depositary Documents | 30 |
| SECTION 5.11. | Exclusivity | 30 |

-ii-

ARTICLE 6. AMENDMENT AND TERMINATION                                                                   30

    SECTION 6.1.  Amendment                                                                        30

    SECTION 6.2.  Termination                                                                      31

ARTICLE 7. MISCELLANEOUS                                                                               32

    SECTION 7.1.  Counterparts; Signatures                                                         32

    SECTION 7.2.  No Third Party Beneficiaries                                                     32

    SECTION 7.3.  Severability                                                                     32

    SECTION 7.4.  Owners and Holders as Parties; Binding Effect                                    33

    SECTION 7.5.  Notices                                                                          33

    SECTION 7.6.  Arbitration; Settlement of Disputes                                              34

    SECTION 7.7.  Appointment of Agent for Service of Process; Submission to Jurisdiction; Jury Trial Waiver    34

    SECTION 7.8.  Waiver of Immunities                                                             35

    SECTION 7.9.  Governing Law                                                                    36

-iii-

DEPOSIT AGREEMENT

DEPOSIT AGREEMENT dated as of October 19, 2017 among SEA LIMITED, a company incorporated under the laws of the Cayman Islands (herein called the Company), THE BANK OF NEW YORK MELLON, a New York banking corporation (herein called the Depositary), and all Owners and Holders (each as hereinafter defined) from time to time of American Depositary Shares issued hereunder.

WITNESSETH:

WHEREAS, the Company desires to provide, as set forth in this Deposit Agreement, for the deposit of Shares (as hereinafter defined) of the Company from time to time with the Depositary or with the Custodian (as hereinafter defined) under this Deposit Agreement, for the creation of American Depositary Shares representing the Shares so deposited and for the execution and delivery of American Depositary Receipts evidencing the American Depositary Shares; and

WHEREAS, the American Depositary Receipts are to be substantially in the form of Exhibit A annexed to this Deposit Agreement, with appropriate insertions, modifications and omissions, as set forth in this Deposit Agreement;

NOW, THEREFORE, in consideration of the premises, it is agreed by and between the parties hereto as follows:

ARTICLE 1.    DEFINITIONS

The following definitions shall for all purposes, unless otherwise clearly indicated, apply to the respective terms used in this Deposit Agreement:

SECTION 1.1.    American Depositary Shares.

The term "American Depositary Shares" shall mean the securities created under this Deposit Agreement representing rights with respect to the Deposited Securities. American Depositary Shares may be certificated securities evidenced by Receipts or uncertificated securities. The form of Receipt annexed as Exhibit A to this Deposit Agreement shall be the prospectus required under the Securities Act of 1933 for sales of both certificated and uncertificated American Depositary Shares. Except for those provisions of this Deposit Agreement that refer specifically to Receipts, all the provisions of this Deposit Agreement shall apply to both certificated and uncertificated American Depositary Shares.

Each American Depositary Share shall represent the number of Shares specified in Exhibit A to this Deposit Agreement, except that, if there is a distribution upon Deposited Securities covered by Section 4.3, a change in Deposited Securities covered by Section 4.8 with respect to which additional American Depositary Shares are not delivered or a sale of Deposited Securities under Section 3.2 or 4.8, each American Depositary Share shall thereafter represent the amount of Shares or other Deposited Securities that are then on deposit per American Depositary Share after giving effect to that distribution, change or sale.

-1-

SECTION 7.6.    Arbitration; Settlement of Disputes.

Any controversy, claim or cause of action brought by any party hereto against the Company arising out of or relating to the Shares or other Deposited Securities, the American Depositary Shares, the Receipts or this Deposit Agreement, or the breach hereof or thereof, if so elected by the claimant, shall be settled by arbitration in accordance with the International Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof.

The place of the arbitration shall be The City of New York, State of New York, United States of America, and the language of the arbitration shall be English.

The number of arbitrators shall be three, each of whom shall be disinterested in the dispute or controversy, shall have no connection with any party thereto, and shall be an attorney experienced in international securities transactions. Each party shall appoint one arbitrator and the two arbitrators shall select a third arbitrator who shall serve as chairperson of the tribunal. If a dispute, controversy or cause of action shall involve more than two parties, the parties shall attempt to align themselves in two sides (i.e., claimant(s) and respondent(s)), each of which shall appoint one arbitrator as if there were only two parties to such dispute, controversy or cause of action. If such alignment and appointment shall not have occurred within thirty (30) calendar days after the initiating party serves the arbitration demand, the American Arbitration Association shall appoint the three arbitrators, each of whom shall have the qualifications described above. The parties and the American Arbitration Association may appoint from among the nationals of any country, whether or not a party is a national of that country.

The arbitral tribunal shall have no authority to award any consequential, special or punitive damages or other damages not measured by the prevailing party's actual damages and may not, in any event, make any ruling, finding or award that does not conform to the terms and conditions of this Deposit Agreement.

SECTION 7.7.    Appointment of Agent for Service of Process; Submission to Jurisdiction; Jury Trial Waiver.

The Company hereby (i) designates and appoints the person named in Exhibit A to this Deposit Agreement, located in the State of New York, as the Company's authorized agent upon which process may be served in any suit or proceeding (including any arbitration proceeding) arising out of or relating to the Shares or Deposited Securities, the American Depositary Shares, the Receipts or this Deposit Agreement (a "Proceeding"), (ii) consents and submits to the jurisdiction of any state or federal court in the State of New York in which any Proceeding may be instituted and (iii) agrees that service of process upon said authorized agent shall be deemed in every respect effective service of process upon the Company in any Proceeding. The Company agrees to deliver to the Depositary, upon the execution and delivery of this Deposit Agreement, a written acceptance by the agent named in Exhibit A to this Deposit Agreement of its appointment as process agent. The Company further agrees to take any and all action, including the filing of any and all such documents and instruments, as may be necessary to continue that designation and appointment in full force and effect, or to appoint and maintain the appointment of another process agent located in the United States as required above, and to deliver to the Depositary a written acceptance by that agent of that appointment, for so long as any American Depositary Shares or Receipts remain outstanding or this Deposit Agreement remains in force. In the event the Company fails to maintain the designation and appointment of a process agent in the United States in full force and effect, the Company hereby waives personal service of process upon it and consents that a service of process in connection with a Proceeding may be made by certified or registered mail, return receipt requested, directed to the Company at its address last specified for notices under this Deposit Agreement, and service so made shall be deemed completed five (5) days after the same shall have been so mailed.

-34-

EACH PARTY TO THIS DEPOSIT AGREEMENT (INCLUDING, FOR AVOIDANCE OF DOUBT, EACH OWNER AND HOLDER) HEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING AGAINST THE COMPANY AND/OR THE DEPOSITARY DIRECTLY OR INDIRECTLY ARISING OUT OF OR RELATING TO THE SHARES OR OTHER DEPOSITED SECURITIES, THE AMERICAN DEPOSITARY SHARES OR THE RECEIPTS, THIS DEPOSIT AGREEMENT OR ANY TRANSACTION CONTEMPLATED HEREIN OR THEREIN, OR THE BREACH HEREOF OR THEREOF, INCLUDING, WITHOUT LIMITATION, ANY QUESTION REGARDING EXISTENCE, VALIDITY OR TERMINATION (WHETHER BASED ON CONTRACT, TORT OR ANY OTHER THEORY).

SECTION 7.8.    Waiver of Immunities.

To the extent that the Company or any of its properties, assets or revenues may have or may hereafter become entitled to, or have attributed to it, any right of immunity, on the grounds of sovereignty or otherwise, from any legal action, suit or proceeding, from the giving of any relief in any respect thereof, from setoff or counterclaim, from the jurisdiction of any court, from service of process, from attachment upon or prior to judgment, from attachment in aid of execution or judgment, or from execution of judgment, or other legal process or proceeding for the giving of any relief or for the enforcement of any judgment, in any jurisdiction in which proceedings may at any time be commenced, with respect to its obligations, liabilities or any other matter under or arising out of or in connection with the Shares or Deposited Securities, the American Depositary Shares, the Receipts or this Deposit Agreement, the Company, to the fullest extent permitted by law, hereby irrevocably and unconditionally waives, and agrees not to plead or claim, any immunity of that kind and consents to relief and enforcement as provided above.

-35-

SECTION 7.9.    Governing Law.

This Deposit Agreement and the Receipts shall be interpreted in accordance with and all rights hereunder and thereunder and provisions hereof and thereof shall be governed by the laws of the State of New York.

-36-

IN WITNESS WHEREOF, SEA LIMITED and THE BANK OF NEW YORK MELLON have duly executed this Deposit Agreement as of the day and year first set forth above and all Owners and Holders shall become parties hereto upon acceptance by them of American Depositary Shares or any interest therein.

SEA LIMITED

By:      /s/ Forrest Xiaodong Li
Name:  Forrest Xiaodong Li
Title:   Chairman and Group Chief Executive Officer

THE BANK OF NEW YORK MELLON,
   as Depositary

By:      /s/ Slawomir Soltowski
Name:  Slawomir Soltowski
Title:   Managing Director

-37-

EXHIBIT A

AMERICAN DEPOSITARY SHARES
(Each American Depositary Share represents one
deposited Share)

THE BANK OF NEW YORK MELLON
AMERICAN DEPOSITARY RECEIPT
FOR CLASS A ORDINARY SHARES OF
SEA LIMITED
(INCORPORATED UNDER THE LAWS OF THE CAYMAN ISLANDS)

The Bank of New York Mellon, as depositary (hereinafter called the "Depositary"), hereby certifies that
, or registered assigns IS THE OWNER OF

AMERICAN DEPOSITARY SHARES

representing deposited Class A ordinary shares (herein called "Shares") of Sea Limited, incorporated under the laws of the Cayman Islands (herein called the "Company"). At the date hereof, each American Depositary Share represents one Share deposited or subject to deposit under the Deposit Agreement (as such term is hereinafter defined) with a custodian for the Depositary (herein called the "Custodian") that, as of the date of the Deposit Agreement, was The Hongkong and Shanghai Banking Corporation Limited located in Hong Kong. The Depositary's Office is located at a different address than its principal executive office. Its Office is located at 101 Barclay Street, New York, N.Y. 10286, and its principal executive office is located at 225 Liberty Street, New York, N.Y. 10286.

THE DEPOSITARY'S OFFICE ADDRESS IS
101 BARCLAY STREET, NEW YORK, N.Y. 10286

(b)    In connection with DRS/Profile, the parties acknowledge that the Depositary will not determine whether the DTC participant that is claiming to be acting on behalf of an Owner in requesting registration of transfer and delivery described in paragraph (a) above has the actual authority to act on behalf of that Owner (notwithstanding any requirements under the Uniform Commercial Code). For the avoidance of doubt, the provisions of Sections 5.3 and 5.8 of the Deposit Agreement apply to the matters arising from the use of the DRS/Profile. The parties agree that the Depositary's reliance on and compliance with instructions received by the Depositary through the DRS/Profile system and otherwise in accordance with the Deposit Agreement, shall not constitute negligence or bad faith on the part of the Depositary.

23.    APPOINTMENT OF AGENT FOR SERVICE OF PROCESS; SUBMISSION TO JURISDICTION; JURY TRIAL WAIVER; WAIVER OF IMMUNITIES.

The Company has (i) appointed Cogency Global Inc. located at 10 East 40th Street, 10th Floor, New York, N.Y. 10016, located in the State of New York, as the Company's authorized agent upon which process may be served in any suit or proceeding (including any arbitration proceeding) arising out of or relating to the Shares or Deposited Securities, the American Depositary Shares, the Receipts or this Agreement, (ii) consented and submitted to the jurisdiction of any state or federal court in the State of New York in which any such suit or proceeding may be instituted, and (iii) agreed that service of process upon said authorized agent shall be deemed in every respect effective service of process upon the Company in any such suit or proceeding.

EACH PARTY TO THE DEPOSIT AGREEMENT (INCLUDING, FOR AVOIDANCE OF DOUBT, EACH OWNER AND HOLDER) THEREBY IRREVOCABLY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING AGAINST THE COMPANY AND/OR THE DEPOSITARY DIRECTLY OR INDIRECTLY ARISING OUT OF OR RELATING TO THE SHARES OR OTHER DEPOSITED SECURITIES, THE AMERICAN DEPOSITARY SHARES OR THE RECEIPTS, THE DEPOSIT AGREEMENT OR ANY TRANSACTION CONTEMPLATED HEREIN OR THEREIN, OR THE BREACH HEREOF OR THEREOF, INCLUDING WITHOUT LIMITATION ANY QUESTION REGARDING EXISTENCE, VALIDITY OR TERMINATION (WHETHER BASED ON CONTRACT, TORT OR ANY OTHER THEORY).

A-20