**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
John C. Gray (Bar No. 028454)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone: (602) 262-5311
Facsimile: (602) 262-5747
Email: jgray@lewisroca.com

**SHEARMAN & STERLING LLP**
Adam S. Hakki (admitted *pro hac vice*)
Daniel C. Lewis (admitted *pro hac vice*)
Joshua T. Ebersole (admitted *pro hac vice*)
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
Email: ahakki@shearman.com
          daniel.lewis@shearman.com
          joshua.ebersole@shearman.com

*Counsel for Defendant Sea Limited*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Laborers District Council Construction Industry Pension Fund, et al., | Case No. 2:23-CV-01455-DLR |
| Plaintiffs, | Consolidated with: Case No. CV-23-01889-PHX-DLR |
| v. | |
| Sea Limited, et al., | **DEFENDANT SEA LIMITED'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)** |
| Defendants. | |
| | **(Oral Argument Requested)** |

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT .................................................................................... 1

ARGUMENT ......................................................................................................... 2

    I.  Transfer Is Warranted Under 28 U.S.C. § 1404(a)........................................... 2

       A.  The Action Could Have Been Brought In New York .................................. 2

       B.  Transfer To The Southern District of New York Is Appropriate.................. 2

           1. The Convenience Factors Favor New York ........................................ 2

           2. New York Has More Connections To This Matter ............................... 5

           3. No Deference Is Owed To The Original Plaintiff's Choice of Forum.... 6

           4. The Interests of Justice Favor Transfer ................................................... 6

CONCLUSION ...................................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Cheah IP, LLC v. Plaxo, Inc.*,
2008 WL 9746595 (C.D. Cal. Oct. 17, 2008)........................................................................3

*Delarosa v. State Street Corp.*,
2017 WL 5592912 (C.D. Cal. June 21, 2017) ......................................................................1

*ExpressJet Airlines, Inc. v. RBC Cap. Markets Corp.*,
2009 WL 2244468 (S.D. Tex. July 27, 2009).......................................................................7

*Fed. Savings Bank v. Wesco Ins. Co.*,
2022 WL 4612548 (D. Ariz. Sept. 30, 2022)....................................................................2, 6

*Gibbons v. PSCU Inc.*,
2021 WL 308835 (D. Ariz. Jan 29, 2021) ...........................................................................6

*Gill v. Aramark Sports & Ent. Servs. LLC*,
2021 WL 2454035 (D. Ariz. June 16, 2021) ........................................................................3

*Pfeiffer v. Himax Techs., Inc.*,
530 F. Supp. 2d 1121 (C.D. Cal. 2008) ...............................................................................4

*Plutte, et al. v. Sea Limited, et al.*,
Index No. 655436/2018 (Sup. Ct. N.Y. Cnty.) ....................................................................5

*In re Sea Limited Securities Litigation*,
Index No. 151344/2022 (Sup. Ct. N.Y. Cnty.) ....................................................................5

*Van Slyke v. Cap. One Bank*,
503 F. Supp. 2d 1353 (N.D. Cal. 2007) ...............................................................................3

*Vancouver Alumni Asset Holdings Inc. v. Daimler AG*,
2017 WL 2378369 (C.D. Cal. May 31, 2017) ......................................................................8

*Wenokour v. AXA Equit. Life Ins. Co.*,
2017 WL 4357916 (D. Ariz. Oct. 2, 2017) (Rayes, J.)........................................................2

**Statutes**

28 U.S.C. §1404(a) .............................................................................................................1, 2

**Other Authorities**

Fed. R. Evid. 201(b)(2) and (c)(2) ..........................................................................................5

## PRELIMINARY STATEMENT[1]

Lead Plaintiff—a pension fund based in Philadelphia, Pennsylvania—admits there is no meaningful connection between this Action and Arizona. Lead Plaintiff does not dispute the existence of the numerous connections between the Action and New York identified in the Motion. As a result, Lead Plaintiff is left to downplay the connections to and convenience of proceeding in the Southern District of New York.

At bottom, there is no genuine dispute that transfer "would allow [the] case to proceed more conveniently and better serve the interests of justice," *Delarosa v. State Street Corp.*, 2017 WL 5592912, at *2 (C.D. Cal. June 21, 2017), because, among other things, (i) the parties would not need to incur the costs of local counsel, (ii) Sea specifically identified one potential witness located in New York City, whereas no potential witnesses are in Arizona, (iii) travel from Singapore (or from Philadelphia) to New York City is easier and more efficient than travel to Arizona for the parties and any potential witnesses, (iv) New York has meaningful connections to the Action, including because of its status as the financial capital of the country, Sea's listing on the New York Stock Exchange, and the agreements identified in the Motion, whereas Arizona has essentially no connections, (v) the time to disposition in the Southern District of New York likely will likely be faster than in the District of Arizona, and (vi) Lead Plaintiff did not even choose Arizona as a forum and has provided "no cogent explanation" of why this case should litigate in Arizona.

These considerations amply support granting the Motion and transferring the Action to the Southern District of New York.

---

[1] Unless otherwise indicated, capitalized terms have the meanings ascribed to them in the Motion to Transfer (ECF No. 28) (the "Motion"), internal citations and quotations are omitted, and emphasis is added. References to the "Opposition" are to Lead Plaintiff's Opposition to Defendant Sea Limited's Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a) (ECF No. 29).

1

## ARGUMENT

**I.    Transfer Is Warranted Under 28 U.S.C. § 1404(a)**

The parties agree that the Court considers the *Jones* factors when determining whether to transfer the Action.  The parties also agree that these factors "are not exhaustive, nor are they relevant to all cases" and that the decision should be made "according to an individualized, case-by-case consideration of convenience and fairness." (Motion at 4-5 (quoting *Fed. Savings Bank v. Wesco Ins. Co.*, 2022 WL 4612548, at *1-2 (D. Ariz. Sept. 30, 2022) (Rayes, J.) and *Wenokour v. AXA Equit. Life Ins. Co.*, 2017 WL 4357916, at *4 (D. Ariz. Oct. 2, 2017) (Rayes, J.)); Opp. at 3, 11.)

A.  <u>The Action Could Have Been Brought In New York</u>

Lead Plaintiff does not contest that the Action could have been filed in the Southern District of New York, which is the threshold determination under Section 1404(a).  *See* 28 U.S.C. § 1404(a).

B.  <u>Transfer To The Southern District of New York Is Appropriate</u>

While Lead Plaintiff quibbles with whether certain factors are neutral or asserts some are not as strongly supportive of New York as Sea claims, the relevant inquiry is whether New York is more convenient and would better serve the interest of justice than Arizona.  When considered through that lens, New York is clearly the more appropriate forum.

*1.    The Convenience Factors Favor New York*

The parties agree that consideration of convenience focuses, among other things, on the cost differences between the two forums, the availability of compulsory process to compel attendance of unwilling non-party witnesses, and the ease of access to sources of proof.  (Mot. at 8.)  Nothing in the Opposition supports the conclusion that it would be equally or more convenient to litigate in Arizona compared to New York.

*First*, both Lead Counsel and Sea's counsel have offices in New York. Accordingly, neither firm would be required to retain local counsel (or have some sort of "backyard" tactical advantage), which reduces the costs for the parties.  Lead Plaintiff has

completely glossed over this point, failing to address any of the decisions cited by Sea (Mot. at 8-9) holding that the cost of retaining local counsel is a relevant factor.  *See, e.g., Gill v. Aramark Sports & Ent. Servs. LLC*, 2021 WL 2454035, at *3 (D. Ariz. June 16, 2021) (considering in transfer analysis that "litigation costs could increase substantially if Plaintiff's retain local counsel"); *see also Cheah IP, LLC v. Plaxo, Inc.*, 2008 WL 9746595, at *2 (C.D. Cal. Oct. 17, 2008) (considering additional cost of local counsel as factor in deciding whether to transfer action).  Instead, Lead Counsel simply asserts without evidence that such costs should be minimal in this case.  (Opp. at 8-9.)  In reality, that depends entirely on the progress of the litigation, and those costs would not be incurred ***at all*** if the case were transferred to New York.

*Second*, Sea identified at least one potential trial witness who currently resides in New York City, compared to zero potential trial witnesses residing in Arizona.  (Mot. at 8.)  Lead Plaintiff cites a single case for the proposition that one witness is not enough, but that case is inapposite because potential witnesses were identified ***in both forums***, including a key plaintiff witness who resided in the initial forum.  (Opp. at 9-10 (citing *Van Slyke v. Cap. One Bank*, 503 F. Supp. 2d 1353, 1363-64 (N.D. Cal. 2007)).)  Lead Plaintiff has identified no witnesses at all in Arizona, let alone a key witness.

*Third*, travel from Singapore (or from Philadelphia for the Lead Plaintiff) to New York is both easier and more efficient than travel from Singapore (or from Philadelphia) to Arizona.  Lead Plaintiff does not dispute that there are more direct flights from Singapore to New York but instead contends without basis that travel time to Arizona from Singapore is "essentially equivalent to a direct flight [from Singapore] to New York" and that accommodation in Phoenix is "more affordable" than New York.  (Opp. at 10.)  However, a layover and connection at LAX, SFO, or SEA would almost certainly increase the overall travel time and burden on potential trial witnesses.[2]  (Gray Reply

---

[2] Lead Plaintiff similarly does not include any support for its statement that "JFK airport is an 80-minute drive from the nearest SDNY courthouse on a good day."  (Opp. at 10.)  Notwithstanding that it could take as few as 35 minutes to arrive at the courthouse (Gray Reply Decl. ¶ 4), even if it did take 80 minutes (or more), Plaintiff still has not shown

3

Decl. ¶ 2.)  And the supposedly additional cost of accommodation in New York would be more than made up for by the reduction of costs associated with retention of local counsel.  Moreover, as to Lead Plaintiff, Philadelphia is a 5.5-hour flight from Phoenix but less than a 90-minute train ride away from New York City, the latter of which would not require an overnight stay.  (*See id.* ¶ 3.)  And the need for accommodation costs for both parties' counsel could likewise be eliminated.

Lead Plaintiff argues that multiple *Jones* factors have less relevance because of the availability of remote deposition technology.  (Opp. at 10.)  That technology has no bearing on the convenience of Arizona as a forum for a trial, as live testimony is still the standard in trials (and is preferred in Arizona).  Moreover, to the extent representatives of Lead Plaintiff and/or Sea would like to travel and attend court hearings, the Southern District of New York is a far more convenient forum than the District of Arizona.

* * * *

These three facts—the reduction of costs by not needing local counsel, the presence of a potential witness in New York, and the comparative ease of travel to New York—distinguish this case from *Pfeiffer v. Himax Techs., Inc.*, 530 F. Supp. 2d 1121 (C.D. Cal. 2008), on which Lead Plaintiff heavily relies.  (Opp. at 4, 6, 8, 11.)  In *Pfeiffer*, the court identified no witnesses located in either district and found that the "burden of transporting documents and witnesses from Asia" would be the same as between the Central District of California (near Los Angeles) and the Southern District of New York. *Id.* at 1124.  Plaintiff also neglects that unlike with Arizona, there are direct flights between Singapore and Los Angeles.  This case is inapposite, as there was no difference in convenience between the two potential forums, whether for the parties or potential witnesses.  By contrast, in this Action, New York is more convenient for ***both the parties and potential witnesses*** as compared to Arizona, thus weighing in favor of the Court exercising its discretion to transfer the Action to the Southern District of New York.

how that would be longer than having to take multiple flights with a layover at, *e.g.*, LAX.

4

2.    *New York Has More Connections To This Matter*

Lead Plaintiff does not dispute that the connections to New York are to be considered, including the location where any relevant agreements were entered, as well as the contacts between the parties and the claims to New York.  (*See* Opp. at 5, 6-8.) Indeed, Lead Plaintiff concedes that "the District of Arizona admittedly has little connection to the operative facts, the parties, or the subject matter of the action."  (Opp. at 8.)  Because of that, Lead Plaintiff is forced to downplay the numerous connections to New York (Opp. at 1-2), but those arguments fall flat.  For example, there is no dispute that Sea's ADSs—the securities at issue in the Action—are listed on the New York Stock Exchange.  Even if Lead Plaintiff is correct that some courts "have rejected the argument that trading on a stock exchange is [on its own] a strong enough contact to justify venue" (Opp. at 7), it remains a factor that weighs in favor of venue in New York *as compared to Arizona*.  Lead Counsel presumably agrees because that very fact was cited by them as a basis for "Jurisdiction and Venue" *in New York* in each of the prior two securities class actions they filed in New York courts against Sea Limited.  *See* Am. Compl., *In re Sea Limited Securities Litigation*, Index No. 151344/2022 (Sup. Ct. N.Y. Cnty.) (NYSCEF No. 65) at ¶ 11 ("The ADSs publicly trade on the New York Stock Exchange ('NYSE')."); Am. Compl., *Plutte, et al. v. Sea Limited, et al.*, Index No. 655436/2018 (Sup. Ct. N.Y. Cnty.) (NYSCEF No. 21) at ¶ 8 (same).[3]

Plaintiff also concedes that Sea's ADSs were issued pursuant to a Deposit Agreement with a New York depositary bank that is governed by New York law.  (Mot. at 6-7; Opp. at 4-5.)  Indeed, contrary to Lead Plaintiff's unsupported assertion (Opp. at 5), the Deposit Agreement filed on Form F-6, which provides the terms and conditions for the ADSs, was executed by the depositary bank "in the City of New York, State of New York."  (Gray Reply Decl. Ex. 1.)  Furthermore, in contrast to Arizona, Sea has also identified an employee and potential witness who is based in New York.  (Mot. at 8.)

---

[3] Sea respectfully requests that the Court take judicial notice of the pleadings in those matters pursuant to Fed. R. Evid. 201(b)(2) and (c)(2).

There are thus connections to New York that outweigh the "admittedly . . . little connection" to Arizona.  (Opp. at 8.)

     3. *No Deference Is Owed To The Original Plaintiff's Choice of Forum*

Lead Plaintiff did not choose this forum and acknowledges that the original plaintiff's decision to file in Arizona is entitled to "minimal" deference.  (Opp. at 6.)  For the reasons discussed in the Motion, this already reduced deference should be essentially none here, because the plaintiff who chose to file in Arizona owned only four (4) shares in Sea stock and did not even seek Lead Plaintiff status and because the actual Lead Plaintiff is based in Pennsylvania.  (Mot. at 7 (collecting cases).)  Lead Plaintiff attempts to distinguish the cases cited in the Motion based on entirely superficial facts, arguing that they supposedly involved companies headquartered in the United States or are cases in which the relevant facts took place in the transferee venue.  (Opp. at 6.)  But those differences have no bearing on the level of deference given to a plaintiff's choice of forum.  As in *Federal Savings Bank*, Lead Plaintiff's choice of forum here is entitled to "minimal weight" simply because there is "no cogent explanation for its decision" to litigate in Arizona.  2022 WL 4612548, at *2.

Further, because the original plaintiff's decision to file in Arizona is entitled to little deference, if any, Lead Plaintiff's argument that Sea must make a "strong showing . . . to warrant upsetting the plaintiff's choice of forum" is unfounded.  (Opp. at 3 (citing *Gibbons v. PSCU Inc.*, 2021 WL 308835, at *1 (D. Ariz. Jan 29, 2021)).)

     4. *The Interests of Justice Favor Transfer*

Other considerations relevant to the interests of justice also support transfer to New York, while none support remaining in Arizona.

With respect to timing, for example, Lead Plaintiff cherry-picks a federal courts report to argue that the District of Arizona's dockets are "less congested" than those in the Southern District of New York based on the median time interval for cases ***to proceed to trial*** and, therefore, the parties "will likely spend less time in litigation" if the Action remains in Arizona.  (Opp. at 8-9.)  But as Cornerstone reports, over the last 25 years

"only 0.4%" of core federal securities class actions reached trial. (Gray Reply Decl. Ex. 2, at 22.) Thus, the better comparison is the median time from filing *to disposition*. Under that metric, according to similar reporting from the federal courts, cases reach disposition in the Southern District of New York in a shorter median time interval than in the District of Arizona. (Gray Reply Decl. Ex. 3 (median time to disposition of a civil case in the Southern District of New York for the 12-month period ending on June 30, 2023, was 6 months compared to 8.5 months in the District of Arizona).) As such, the Southern District of New York—rather than the District of Arizona—"is capable of bringing a civil case to completion in a significantly shorter amount of time," which, as Lead Plaintiff acknowledges, is "a fact that will reduce litigation costs for both parties." (Opp. at 9.)

Lead Plaintiff also suggests that "the interests of justice and principles of fairness do not favor a result where Plaintiff could be forced to scrap or duplicate its efforts" as it is "currently in the process of drafting a consolidated [amended] complaint in accordance with Ninth Circuit pleading standards." (Opp. at 11-12.) This is not a serious argument. Lead Plaintiff neither cites any cases nor provides any explanation as to how the complaint might differ if pleaded in the Ninth Circuit compared to the Second Circuit. This is not surprising because Lead Plaintiff itself argues that all federal courts are equally well equipped to apply federal law. (Opp. at 5.) Nor has Lead Plaintiff explained how there would be duplication of efforts given that an amended complaint has not even been filed.

*Finally*, as discussed in the Motion, New York—as the financial capital of the country and the location of the New York Stock Exchange—unquestionably has an interest in this lawsuit that supports transfer. (Mot. at 9 (citing *ExpressJet Airlines, Inc. v. RBC Cap. Markets Corp.*, 2009 WL 2244468, at *13 (S.D. Tex. July 27, 2009)).) Lead Plaintiff's contention that there is a national interest in enforcing the securities laws misses the point, as the case it cites in support merely addressed whether any court in the United States could exercise jurisdiction over a foreign defendant and did not address

7

whether one venue might have a greater interest than another. (Opp. at 12 (citing *Vancouver Alumni Asset Holdings Inc. v. Daimler AG*, 2017 WL 2378369, at \*10 (C.D. Cal. May 31, 2017)).)

**CONCLUSION**

For the foregoing reasons, Defendant Sea Limited respectfully requests that the Court grant Defendant's motion to transfer the Action to the United States District Court for the Southern District of New York.

Dated:  November 13, 2023          **LEWIS ROCA ROTHGERBER CHRISTIE LLP**

*/s/ John C. Gray*

John C. Gray (Arizona Bar. No. 028454)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone: (602) 262-5311
Facsimile: (602) 262-5747
Email:  jgray@lewisroca.com

**SHEARMAN & STERLING LLP**
Adam S. Hakki (admitted *pro hac vice*)
Daniel C. Lewis (admitted *pro hac vice*)
Joshua T. Ebersole (admitted *pro hac vice*)
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
Email:  ahakki@shearman.com
          daniel.lewis@shearman.com
          joshua.ebersole@shearman.com

*Counsel for Defendant Sea Limited*

8