**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
John C. Gray (Bar No. 028454)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone: (602) 262-5311
Facsimile: (602) 262-5747
Email: jgray@lewisroca.com

**SHEARMAN & STERLING LLP**
Adam S. Hakki (admitted *pro hac vice*)
Daniel C. Lewis (admitted *pro hac vice*)
Joshua T. Ebersole (admitted *pro hac vice*)
599 Lexington Avenue
New York, NY 10022-6069
Telephone:  (212) 848-4000
Email:  ahakki@shearman.com
        daniel.lewis@shearman.com
        joshua.ebersole@shearman.com

*Counsel for Defendant Sea Limited*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Laborers District Council Construction Industry Pension Fund, et al., | Case No. 2:23-CV-01455-DLR |
| Plaintiff, | Consolidated with: Case No. CV-23-01889-PHX-DLR |
| v. | **DEFENDANT SEA LIMITED'S NOTICE OF INCORPORATION BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE** |
| Sea Limited, et al., | |
| Defendants. | |

Defendant Sea Limited ("Sea" or the "Company") respectfully requests that the Court consider certain documents under the doctrine of incorporation by reference and/or take judicial notice as set forth herein in support of the Defendant Sea's Motion to Dismiss the Consolidated Amended Complaint ("Complaint" or "CAC"). All references to Exhibits ("Ex.") are to documents attached to the Declaration John C. Gray in Support of Defendant Sea's Motion to Dismiss ("Gray Declaration").

**ARGUMENT**

The Supreme Court has directed that a court, in ruling on a motion to dismiss a securities fraud complaint, "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).[1] Consistent with this directive, Defendant submits for the Court's consideration certain of Sea's filings with the Securities and Exchange Commission ("SEC"), conference call transcripts, a court filing in another matter, a publicly available license agreement, and an earnings release and conference call transcript from a company listed on the Stock Exchange of Hong Kong that were incorporated into the CAC by reference. Not only are most of these documents incorporated by reference into the Complaint, they also are properly subject to judicial notice. Consideration of documents under both doctrines is appropriate at the motion to dismiss stage.

**I.      The Court should consider the full text of documents incorporated by reference into the Complaint.**

The Ninth Circuit has affirmed that on a motion to dismiss, the Court is permitted to "consider materials incorporated into the complaint." *Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 779 F.3d 1036, 1042-43 (9th Cir. 2015); *see also Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (courts "may consider documents referred to

---

[1] *See also In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) (affirming dismissal and reviewing documents incorporated by reference and matters subject to judicial notice).

in the complaint or any matter subject to judicial notice, such as SEC filings") (citing *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).

Under the "incorporation-by-reference" doctrine, the incorporated documents are treated "as though they are part of the complaint itself." *Orexigen*, 899 F.3d at 1002; *see McGovney v. Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1051 (N.D. Cal. 2019) (same). The Court may consider the full text of incorporated documents, "including portions which were not mentioned in the complaints." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *see Northstar*, 779 F.3d at 1043 (considering "entire content" of various SEC filings incorporated by reference). The doctrine is "designed to prevent artful pleading by plaintiffs[.]" *Orexigen*, 899 F.3d at 1003. In other words, it "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims." *Id.* at 1002; *Park v. GoPro, Inc.*, 2019 WL 1231175, at *6 (N.D. Cal. Mar. 15, 2019) (same).

The Court generally "may assume an incorporated document's contents are true for purposes of a motion to dismiss[.]" *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)); *see NVIDIA*, 768 F.3d at 1057-58 n.10 ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties – and the Court – are free to refer to any of its contents."). And, to the extent an incorporated document contradicts a plaintiff's conclusory allegations, the Court need not accept those allegations as true. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (Courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint."); *Philco Invs., Ltd. v. Martin*, 2011 WL 4595247, at *7 n.9 (N.D. Cal. Oct. 4, 2011) (not accepting as true the plaintiffs' allegations that are contradicted by a conference call transcript).

Courts have considered a variety of documents under the incorporation by reference doctrine, including SEC filings, press releases, news articles, and transcripts of

earning calls and investor conferences.  *See, e.g.*, *In re Silicon Graphics Inc. Secs. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (holding "that it was proper to consider [] SEC filings under the incorporation by reference doctrine"), *superseded by statute on other grounds*; *GoPro*, 2019 WL 1231175, at \*6 (considering press releases, earnings call transcripts, SEC filings under incorporation by reference doctrine); *Colyer v. Acelrx Pharm., Inc.*, 2015 WL 7566809, at \*3 (N.D. Cal. Nov. 25, 2015) ("[T]he amended complaint quotes extensively from the transcripts of both [conference] calls."); *Aerohive*, 367 F. Supp. 3d at 1051 (complaint incorporates contents of quarterly earnings call, quarterly SEC reports); *In re SolarCity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 987-88 (N.D. Cal. 2017) (quarterly shareholder letter, transcripts of earnings call, slide decks, Form 4s, and proxy are referenced or necessarily relied on and are incorporated by reference); *Patel v. Parnes*, 253 F.R.D. 531, 548-49 (C.D. Cal. 2008) (incorporating analyst reports).

Defendant therefore requests that the Court consider the following exhibits to the Gray Declaration, which the Complaint cites or necessarily relies on and which form the basis of Plaintiff's claims:

**Exhibit 1**: Sea's Form 20-F, filed with the SEC on April 06, 2023 ("2022 20-F"). The 2022 20-F is referenced in the Complaint at ¶¶ 45, 80, 81, 82, 83, 96, 98, 110. These references are sufficient for the 2022 20-F to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002; *Patel*, 253 F.R.D. at 545.  In addition, the Complaint asserts that the 2022 20-F contained allegedly false and misleading statements and/or omissions that form the basis of Plaintiff's claims. This is also sufficient to deem the 2022 20-F incorporated by reference. *See Orexigen*, 899 F.3d at 1002.

**Exhibit 2**:  Software License and Distribution Agreement entered into between Garena and Riot Games, Inc. in January 2010 (the "License Agreement"). The License Agreement was filed as Exhibit 10.8 to Form F-1 with the SEC on September 22, 2017, and is referenced in the Complaint at ¶¶ 40, 46, 65, 70,

78, 83, 102. These references are sufficient for the License Agreement to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002.

**Exhibit 4**: Sea's Fourth Quarter and Full Year 2021 financial results, filed with the SEC on March 01, 2022 ("4Q21 Earnings"). The 4Q21 Earnings are referenced in the Complaint at ¶¶ 51, 35. These references are sufficient for the 4Q21 Earnings to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002; *Patel*, 253 F.R.D. at 545.

**Exhibit 6**: the Sea earnings call transcript for the second quarter of 2022, dated August 16, 2022 ("2Q22 Call Tr."). The 2Q22 Call Tr. is referenced in the Complaint at ¶¶ 38, 53, 54. These references are sufficient for the 2Q22 Call Tr. to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002; *Aerohive*, 367 F. Supp. 3d at 1051.

**Exhibit 8**: the Sea earnings call transcript for the third quarter of 2022, dated November 15, 2022 ("3Q22 Call Tr."). The 3Q22 Call Tr. is referenced in the Complaint at ¶¶ 39, 48, 53, 64, 65, 66, 67, 68, 69, 106. These references are sufficient for the 3Q22 Call Tr. to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002; *Aerohive*, 367 F. Supp. 3d at 1051.

**Exhibit 9**: Sea's Fourth Quarter and Full Year 2022 financial results, filed with the SEC on March 7, 2023 ("4Q22 Earnings"). The 4Q22 Earnings are referenced in the Complaint at ¶¶ 28, 29, 30, 31, 32, 33, 51, 57, 72. These references are sufficient for the 4Q22 Earnings to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002; *Patel*, 253 F.R.D. at 545. In addition, the Complaint asserts that the 4Q22 Earnings contained allegedly false and misleading statements and/or omissions that form the basis of Plaintiff's claims. This is also sufficient to deem the 4Q22 Earnings incorporated by reference. *See Orexigen*, 899 F.3d at 1002 ("[A] defendant may seek to incorporate a document into the complaint 'if . . . the document forms the basis of the plaintiff's claim.'") (quoting *Ritchie*, 342 F.3d at 907)).

**Exhibit 10**: Sea's Third Quarter 2022 financial results, filed with the SEC on November 15, 2022 ("3Q22 Earnings"). The 3Q22 Earnings are referenced in the Complaint at ¶¶ 28, 29, 30, 31, 32, 33, 51, 54, 55, 63. These references are sufficient for the 3Q22 Earnings to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002; *Patel*, 253 F.R.D. at 545.   In addition, the Complaint asserts that the 3Q22 Earnings contained allegedly false and misleading statements and/or omissions that form the basis of Plaintiff's claims. This is also sufficient to deem the 3Q22 Earnings incorporated by reference. *See Orexigen*, 899 F.3d at 1002 ("[A] defendant may seek to incorporate a document into the complaint 'if . . . the document forms the basis of the plaintiff's claim.'") (quoting *Ritchie*, 342 F.3d at 907)).

**Exhibit 11**: the Sea earnings call transcript for the fourth quarter of 2022, dated March 07, 2023 ("4Q22 Call Tr."). The 4Q22 Call Tr. is referenced in the Complaint at ¶¶ 73, 74, 75, 76, 77, 107. These references are sufficient for the 4Q22 Call Tr. to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002; *Aerohive*, 367 F. Supp. 3d at 1051.

**Exhibit 12**: Sea's First Quarter 2023 financial results, filed with the SEC on May 16, 2023 ("1Q23 Earnings"). The 1Q23 Earnings are referenced in the Complaint at ¶¶ 28, 29, 30, 31, 32, 33, 51, 60, 85, 123. These references are sufficient for the 1Q23 Earnings to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002; *Patel*, 253 F.R.D. at 545. In addition, the Complaint asserts that the 1Q23 Earnings contained allegedly false and misleading statements and/or omissions that form the basis of Plaintiff's claims. This is also sufficient to deem the 1Q23 Earnings incorporated by reference. *See Orexigen*, 899 F.3d at 1002 ("[A] defendant may seek to incorporate a document into the complaint 'if . . . the document forms the basis of the plaintiff's claim.'") (quoting *Ritchie*, 342 F.3d at 907)).

**Exhibit 13**: the Sea earnings call transcript for the first quarter of 2023, dated May 16, 2023 ("1Q23 Call Tr."). The 1Q23 Call Tr. is referenced in the Complaint at ¶¶ 86, 87, 88, 89, 106, 107. These references are sufficient for the 1Q23 Call Tr. to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002; *Aerohive*, 367 F. Supp. 3d at 1051.

**Exhibit 14**: Sea's Second Quarter 2023 financial results, filed with the SEC on August 15, 2023 ("2Q23 Earnings"). The 2Q23 Earnings are referenced in the Complaint at ¶¶ 28, 29, 30, 31, 32, 33, 51, 61, 126. These references are sufficient for the 2Q23 Earnings to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002; *Patel*, 253 F.R.D. at 545.

**Exhibit 15**: the Sea earnings call transcript for the second quarter of 2023, dated August 15, 2023 ("2Q23 Call Tr."). The 2Q23 Call Tr. is referenced in the Complaint at ¶¶ 106, 126, 127. These references are sufficient for the 2Q23 Call Tr. to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002; *Aerohive*, 367 F. Supp. 3d at 1051.

**Exhibit 17**: Tencent Holding Limited's First Quarter 2023 financial results, dated May 17, 2023 ("Tencent 1Q23 Earnings"). The Tencent 1Q23 Earnings are referenced in the Complaint at ¶¶ 49, 70. These references are sufficient for the Tencent 1Q23 Earnings to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002; *Patel*, 253 F.R.D. at 545. In addition, the Complaint asserts that the Tencent 1Q23 Earnings demonstrated that Sea made allegedly false and misleading statements and/or omissions regarding its financial results, forming the basis of Plaintiff's claims. This is also sufficient to deem the Tencent 1Q23 Earnings incorporated by reference. *See Orexigen*, 899 F.3d at 1002 ("[A] defendant may seek to incorporate a document into the complaint 'if . . . the document forms the basis of the plaintiff's claim.'") (quoting *Ritchie*, 342 F.3d at 907)).

**Exhibit 18**: Sea's Form 20-F, filed with the SEC on April 22, 2022 ("2021 20-F"). The 2021 20-F is referenced in the Complaint at ¶ 45. This reference is sufficient for the 2021 20-F to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002; *Patel*, 253 F.R.D. at 545.

**Exhibit 19**: Form 144, Notice of Proposed Sale of Securities, dated June 30, 2023 filed with the SEC in connection with stock sale of David Jingye Chen ("Chen Form 144"). The Chen Form 144 is referenced in the Complaint at ¶¶ 112, 115. These references are sufficient for the Chen Form 144 to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002. In addition, the Complaint asserts that the trades reported in the Chen Form 144 are indicative of scienter, thereby forming the basis of Plaintiff's claims. This is also sufficient to deem the Chen Form 144 incorporated by reference. *See Orexigen*, 899 F.3d at 1002 ("[A] defendant may seek to incorporate a document into the complaint 'if . . . the document forms the basis of the plaintiff's claim.'") (quoting *Ritchie*, 342 F.3d at 907)).

**Exhibit 20**: Schedules 13D filed with the SEC on June 6, 2023, February 15, 2022, January 3, 2022, March 10, 2021, and March 23, 2020 in connection with stock trades of Forrest Xiaodong Li ("Li Schedule 13D Filings").  The Li Schedule 13D Filings are referenced in the Complaint at ¶¶ 112-114. These references are sufficient for the Li Schedule 13D Filings to be deemed incorporated by reference. *See Orexigen*, 899 F.3d at 1002. In addition, the Complaint asserts that the trades reported in the Li Schedule 13D Filings are indicative of scienter, thereby forming the basis of Plaintiff's claims. This is also sufficient to deem the Li Schedule 13D Filings incorporated by reference. *See Orexigen*, 899 F.3d at 1002 ("[A] defendant may seek to incorporate a document into the complaint 'if . . . the document forms the basis of the plaintiff's claim.'") (quoting *Ritchie*, 342 F.3d at 907)).

## II.    The Court Also May Take Judicial Notice of the Cited Exhibits.

Courts may take judicial notice of information "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In considering allegations of securities fraud, courts may take judicial notice of "information that was publicly available to reasonable investors at the time the defendant made the allegedly false statements." *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) (taking judicial notice of SEC filings, transcripts of conference calls, and press releases); *Mallen v. Alphatec Holdings, Inc.*, 861 F. Supp. 2d 1111, 1122 n.5 (S.D. Cal. 2012), *aff'd sub nom. Fresno Cty. Employees' Ret. Ass'n v. Alphatec Holdings, Inc.*, 607 F. App'x 694 (9th Cir. 2015) (same).

SEC filings are proper subjects of judicial notice. Fed. R. Evid. 201(b); *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 & n.7 (9th Cir. 2008) (district court properly took judicial notice of company's "publicly available financial documents, including a number of [its] SEC filings"); *Dreiling*, 458 F.3d at 946 n.2 (courts may consider "any matter subject to judicial notice, such as SEC filings"); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999) ("SEC filings are generally recognized as the most accurate and authoritative source of public information about a company."); *In re White Electronic Designs Corp. Secs. Litig.*, 416 F. Supp. 2d 754, 760 (D. Ariz. 2006) ("[J]udicial notice is appropriate for SEC filings, press releases, and accounting rules as they are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.") (internal citations and quotations omitted); *In re Hypercom Corp. Sec. Litig.*, 2006 WL 1836181, at *2 (D. Ariz. July 5, 2006) (taking judicial notice of proxy statement); *ScripsAmerica, Inc. v. Ironridge Global LLC*, 119 F. Supp. 3d 1213, 1230-31 (C.D. Cal. 2015) (taking judicial notice of SEC filings); *Weller v. Scout Analytics, Inc.*, 230 F. Supp. 3d 1085, 1094 n.5 (N.D. Cal.

2017) (same) (citing *Copper Mountain*, 311 F. Supp. at 863-64); *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019) (same).

Accordingly, judicial notice of the following exhibits to the Gray Declaration is appropriate:

**Exhibit 1**: the 2022 20-F.

**Exhibit 2**: the License Agreement.

**Exhibit 3**: Sea's Fourth Quarter and Full Year 2018 financial results, filed with the SEC on February 27, 2019 ("4Q18 Earnings").

**Exhibit 4**: the 4Q21 Earnings.

**Exhibit 9**: the 4Q22 Earnings.

**Exhibit 10**: the 3Q22 Earnings.

**Exhibit 12**: the 1Q23 Earnings.

**Exhibit 14**: the 2Q23 Earnings.

**Exhibit 18**: the 2021 20-F.

**Exhibit 19**: the Chen Form 144.

**Exhibit 20:** the Li Schedule 13D Filings.

**Exhibit 21:** Amazon.com, Inc.'s Third Quarter 2022 financial results, filed with the SEC on October 27, 2022 ("Amazon 3Q22 Earnings").

**Exhibit 22:** Alibaba Group Holding Limited's Third Quarter 2022 Earnings Announcement, filed with the SEC on November 17, 2022 ("Alibaba 3Q22 Earnings").

**Exhibit 23:** PDD's Third Quarter 2022 Unaudited Financial Results, filed with the SEC on November 28, 2022 ("PDD 3Q22 Earnings").

Judicial notice of conference call transcripts is also appropriate because those materials, like SEC filings, are matters of public record and capable of accurate and ready determination. *See Facebook*, 405 F. Supp. 3d at 827-28 ("Transcripts of conference earning calls are judicially noticeable because they are matters of public record.")

9

(quoting *In re Energy Recovery Inc. Sec. Litig.*, 2016 WL 324150, at *3 (N.D. Cal. Jan. 27, 2016)).

Accordingly, judicial notice of the following exhibits to the Gray Declaration is appropriate:

      **Exhibit 6**: the 2Q22 Call Tr.

      **Exhibit 8**: the 3Q22 Call Tr.

      **Exhibit 11**: the 4Q22 Call Tr.

      **Exhibit 13**: the 1Q23 Call Tr.

      **Exhibit 15**: the 2Q23 Call Tr.

      **Exhibit 16**: the Tencent Holding Limited's earnings call transcript for the first quarter of 2023, dated May 17, 2023 ("Tencent 1Q23 Call Tr.").

Press releases and other publicly available financial documents are proper subjects of judicial notice. *Mauss v. NuVasive, Inc.*, 2016 WL 3681831, at *6 (S.D. Cal. July 12, 2016) ("In securities cases, courts routinely take judicial notice of . . . press releases [] and other publicly available financial documents . . . Courts may take judicial notice that the market was aware of the information contained in such documents.").

Accordingly, judicial notice of the following exhibit to the Gray Declaration is appropriate:

      **Exhibit 17**: the Tencent 1Q23 Earnings, publicly available at https://static.www.tencent.com/uploads/2023/05/17/7b07c1a2b0befc1a89a6fc4219ed6cae.pdf ("Tencent 1Q23 Earnings").

Judicial notice of agreements that are publicly available is appropriate and may be considered on a Rule 12(b)(6) motion to dismiss. *See ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1008 n.2 (9th Cir. 2014) ("Because the settlement agreement was filed with the bankruptcy court and is a publicly available record, it is properly subject to judicial notice.").

Accordingly, judicial notice of the following exhibit to the Gray Declaration is appropriate:

10

**Exhibit 2**: the License Agreement.

Judicial notice of an industry analysis report is also appropriate where it may provide a "helpful reference point" for the Court. *French v. City of Los Angeles*, 2022 WL 2189649, at *18 (C.D. Cal. May 10, 2022) ("The Court, on its own motion, takes judicial notice of the 2021 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices" where it "found that the report provides a helpful reference point and consults it here."). Judicial notice of research reports is also appropriate as matters of public record not subject to reasonable dispute. *See Becerra v. Gen. Motors LLC*, 241 F. Supp. 3d 1094, 1103 (S.D. Cal. 2017) (taking judicial notice of research report which is "not subject to reasonable dispute" over authenticity); *see also Maiman v. Talbott*, 2011 WL 13065750, at *2 (C.D. Cal. Aug. 29, 2011).

Accordingly, judicial notice of the following exhibit to the Gray Declaration is appropriate:

**Exhibit 7**: Research report titled "e-Conomy SEA 2019," published on October 03, 2019, prepared by Google, Temasek, and Bain & Company, publicly available at https://bain.com/insights/e-conomy-sea-2019/ ("e-Conomy SEA 2019").

Judicial notice of filings in a matter before another court is appropriate as matters of public record not subject to reasonable dispute. *In re Facebook, Inc. Securities Litigation*, 477 F. Supp. 3d 980, 1009 (N.D. Ca. 2020) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (citing *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003)).

Accordingly, judicial notice of the following exhibit to the Gray Declaration is appropriate:

**Exhibit 5**: the Consolidated Amended Class Action Complaint for Violations of the Securities Act of 1933 in the matter *In re Sea Limited Securities Litigation*, Docket No. 65 before Supreme Court of the State of New York, County of New York: Commercial Division ("Taylor Amended Complaint").

## CONCLUSION

WHEREFORE, Defendant respectfully requests that the Court consider and/or take judicial notice of the above-referenced documents in connection with the Defendant Sea's Motion to Dismiss.

Dated: February 20, 2024        **LEWIS ROCA ROTHGERBER CHRISTIE LLP**


*/s/ John C. Gray*
John C. Gray (Arizona Bar. No. 028454)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone: (602) 262-5311
Facsimile: (602) 262-5747
Email: jgray@lewisroca.com

**SHEARMAN & STERLING LLP**
Adam S. Hakki (admitted *pro hac vice*)
Daniel C. Lewis (admitted *pro hac vice*)
Joshua T. Ebersole (admitted *pro hac vice*)
599 Lexington Avenue
New York, NY 10022-6069
Telephone: (212) 848-4000
Email: ahakki@shearman.com
      daniel.lewis@shearman.com
      joshua.ebersole@shearman.com

*Counsel for Defendant Sea Limited*