**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laborers District Council Construction Industry Pension Fund, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Sea Limited, et al.,<br><br>Defendants. | No. CV-23-01455-PHX-DLR<br><br>Consolidated with:<br>Case No. CV-23-01889-PHX-DLR<br><br>**ORDER** |

This is a consolidated securities fraud putative class action against Sea Limited ("Sea"), a Singapore-based company, and five of its executives—Forrest Xiaodong Li, Tony Tianyu Hou, Yanjun Wang, Gang Ye, and David Jingye Chen (collectively "Individual Defendants")—all of whom are believed to reside in Singapore. (Doc. 31.) Lead Plaintiff Laborers District Council Construction Industry Pension Fund ("Pension Fund") previously obtained a waiver of service of process from Sea, and Sea has appeared through U.S.-based counsel Sherman & Sterling LLP. (Doc. 6.) Sea's counsel, however, has declined to accept or waive service on behalf of the Individual Defendants because Sea's counsel "do not *currently* represent" any of the Individual Defendants. (Doc. 34-1 at 4 (emphasis added).). Before the Court is Pension Fund's motion for leave to serve the Individual Defendants via alternative means (Doc. 34), which is fully briefed (Docs. 37, 38), and Sea's motion for leave to file a sur-reply (Doc. 39).

Federal Rule of Civil Procedure 4(f)(3) permits litigants in the United States to serve individuals in foreign countries by "means not prohibited by international agreement, as the court orders." An alternative method of service must be reasonably calculated to apprise the defendants of the pendency of the case. *See Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

Here, Pension Fund seeks permission to serve the Individual Defendants via their work email address, social media accounts, and email to Sea's U.S.-based counsel. (Doc. 34 at 7.) These methods, under the circumstances, are reasonably calculated to apprise the Individual Defendants of the pendency of this case. *See Pacific Logistics Corp. v. Pacific Logistics Priority Mail*, No. CV-19-05023-PHX-SMB, 2019 WL 12338254, at *2 (D. Ariz. Sep. 12, 2019) ("Courts in this District have permitted plaintiffs to serve foreign defendants by email."); *Chung v. Chih-Mei*, No. 22-cv-01983-BLF, 2022 WL 17584243, at *2 (N.D. Cal. Dec. 12, 2022) ("[C]ourts in this district have authorized service of process by social media.");[1] *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 279 (S.D.N.Y. 2013) ("Courts have sensibly held that service on a high-level employee's corporate employer, or counsel for that employer, is 'reasonably calculated' to apprise the employee of the pendency of the action.").

Service by these alternative methods is not, under these circumstances, prohibited by international agreement. Although Singapore is a party to the Hague Convention and has objected to service via postal channels—which some courts have found to include email—the Hauge Convention by its own terms does not apply here because the addresses of the Individual Defendants are unknown. *See* Hague Convention, Art. 1, 20 U.S.T. 361. Pension Fund has made reasonable and diligent efforts to locate the residential addresses of the Individual Defendants. Specifically, Kelley Brandon, an investigator with over 23 years of experience at Pension Fund's counsel, Robbins Geller Rudman & Dowd, performed comprehensive searches for the Individual Defendants using (1) popular search

---

[1] Notably, Pension Fund does not intend to use social media as the primary method of serving the Individual Defendants, but instead as a backstop, atop the other proposed methods.

engines, such as Google and Bing, (2) government and public databases, such as real property records, (3) the U.S. Securities and Exchange Commission's EDGAR search engine, (4) news and publications, (5) professional organizations and licensing agencies, and (6) social media platforms, such as Facebook, Twitter, Instagram, and LinkedIn. (Doc. 34-2 at 2-3.) Ms. Brandon was unable to locate the residential addresses for any of the Individual Defendants, and in her experience, it is often difficult to locate residential addresses in countries outside the United States because other countries generally have stronger privacy laws or lack the digital infrastructure to track residential addresses. (*Id.* at 2.) These difficulties are especially acute in Asia. (*Id.*) The Court finds these efforts to be reasonable and diligent. Despite these reasonable and diligent efforts, Pension Fund has been unable to locate the addresses of the Individual Defendants. The Hague Convention therefore is inapplicable.

For these reasons,

**IT IS ORDERED** that Pension Fund's motion for leave to serve the Individual Defendants via alternative means (Doc. 34) is **GRANTED**. Pension Fund shall serve the Individual Defendants with a summons, copies of the operative complaint, the Court's standard order dated July 24, 2024 (Doc. 5), and a copy of this order via the methods described herein and file proof thereof within **7 days** of the date of this order.

**IT IS FURTHER ORDERED** that Sea's motion for leave to file a sur-reply (Doc. 39) is **DENIED** as moot because the issue addressed by Sea's proposed sur-reply did not materially factor into the Court's decision.

Dated this 23rd day of February, 2024.

Douglas L. Rayes
United States District Judge