**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laborers District Council Construction Industry Pension Fund,<br><br>Plaintiff,<br><br>v.<br><br>Sea Limited, et al.,<br><br>Defendants. | No. CV-23-01455-PHX-DLR<br><br>**ORDER** |

Before the Court is Defendant Sea Limited's ("Sea") motion to transfer venue to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1404(a). (Doc. 28.) The motion is fully briefed.[1] (Docs. 28, 29, 30.) For the following reasons, the motion is denied.

**I.   Background**

This is a federal securities class action lawsuit brought on behalf of a putative class of purchasers of Sea's American Depository Shares ("ADSs").[2] (Doc. 31 ¶ 1.) Sea is an international consumer internet company, organized under the laws of the Cayman Islands and headquartered in Singapore. (¶ 15.) Sea provides entertainment, e-commerce, and digital financial services. (*Id.*) Sea went public on the U.S. stock market in October 2017. Sea's ADSs are held by The Bank of New York Mellon—a New York banking corporation

---

[1] Sea's request for oral argument is denied because the issues are adequately briefed, and oral argument will not assist the Court in reaching its decision. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

[2] ADSs are equity shares of non-U.S. companies that are held by a U.S. depository bank and are available for purchase by U.S. investors.

with a depository office in New York City—and are listed and traded on the New York Stock Exchange ("NYSE"). The ADSs are governed and issued pursuant to a Deposit Agreement between Sea and The Bank of New York Mellon. (Doc. 28-1.)

On July 21, 2023, Plaintiff Yahya Muraweh filed a putative securities class action complaint against Sea and its executives, alleging that Sea made materially false and misleading statements and that Sea and its executives violated the Securities Exchange Act of 1943 ("Exchange Act"). (Doc. 1.) Muraweh alleges that he is a resident of Arizona and that in 2022, he acquired four Sea ADSs at a price of $78.22 per ADS. (Doc. 1 at 26.)

On September 8, 2023, Plaintiff Ubaydullo Mirvaydulloev—represented by the same firm as Muraweh—filed a second complaint in this Court that is virtually identical to Muraweh's complaint, except that the second complaint alleges an earlier start date to the purported class period. *Mirvaydulloev v. Sea Ltd.*, No. 2:23-cv-01889-SRB (D. Ariz. Sept. 8, 2023). Mirvaydulloev does not allege that he is an Arizona resident.

On September 19, 2023, five motions to consolidate the lawsuits and for appointment as Lead Plaintiff were filed. On October 6, 2023, the Court consolidated the cases and appointed Laborers District Council Construction Industry Pension Fund ("Pension Fund") as Lead Plaintiff. (Doc. 23.) Pension Fund is based in Pennsylvania and does not allege any connection to Arizona. (Doc. 9.)

**II.     Legal Standard**

The Court may transfer a civil action to any other district or division where it might have been brought for the convenience of the parties and the witnesses and the interest of justice. 28 U.S.C. § 1404(a). In determining whether the convenience of the parties and witnesses favors a transfer of the case, the Court may consider the following factors:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F. 3d 495, 498–99 (9th Cir. 2000). The movant bears the burden of showing that transfer is warranted. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). "The [movant] must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Transfer is not appropriate merely to shift the inconvenience from one party to another. *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964).

### III. Discussion

The parties do not dispute that venue would be proper in this district or in the Southern District of New York, nor do they dispute the Southern District of New York's jurisdiction.[3] The question is whether the Southern District of New York is significantly more convenient than this one. It is not.

The first factor—where the relevant agreement was negotiated or executed—does not apply here and so it is neutral. Neither side points to a specific agreement between Pension Fund and Sea. Pension Fund alludes that some agreement between the parties may exist—stating that "all the relevant agreements to this case were likely negotiated and executed in Singapore, where [Sea's] officers and principal place of business are located"—but does not identify such agreement with particularity. (Doc. 29 at 4.) Sea likewise does not provide an agreement with Pension Fund or any of the putative class members. Instead, Sea points to its Deposit Agreement with The Bank of New York Mellon and argues that because Sea's ADSs are governed by the Deposit Agreement, which in turn is governed by New York law, the first factor favors transfer to New York. The Court disagrees.

The claims in this case do not arise out of or relate to the Deposit Agreement. Rather, Pension Fund's claims are based on §§ 10(b) and 20(a) of the Exchange Act, which provide a private right of action for material misrepresentations or omissions made in connection with the purchase or sale of a security. Thus, it is not clear how the Deposit Agreement

---

[3] Under 28 U.S.C. § 1391, a defendant that is not a resident in the United States—like Sea—may be sued in any judicial district.

could be considered a "relevant agreement." Moreover, even if the Deposit Agreement is relevant to the claims, neither Pension Fund nor any of the putative class members participated in the negotiation or execution of the Deposit Agreement. Nor is it clear that the Deposit Agreement itself was executed in New York.

The second factor is also neutral because Pension Fund is asserting federal claims, and thus both Arizona and New York are equally familiar with and capable of applying the governing law. *See Duramed Pharms., Inc. v. Watson Lab'ys, Inc.*, No. 3:08-CV-00116-LRH-RAM, 2008 WL 5232908 (D. Nev. Dec. 12, 2008) ("With respect to the state that is most familiar with the governing law, because this case arises under federal law, this court has the same familiarity as the United States District Court for the Central District of California.").

Ordinarily, the third factor—the plaintiff's choice of forum—weighs against transfer because "[c]ourts do not lightly disturb a plaintiff's choice of forum." *OptoLum, Inc. v. Cree, Inc.*, 244 F. Supp. 3d 1005, 1009 (D. Ariz. 2017). "Although great weight is generally accorded a plaintiff's choice of forum, when an individual . . . represents a class, the named plaintiff's choice of forum is given less weight." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). Nonetheless, "[a]ffording less deference to representative plaintiffs does not mean they are deprived of *all* deference in their choice of forum." *DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 28 (2d Cir. 2002) (emphasis added). Here, Pension Fund represents a putative class and so it's choice of Arizona as a forum is entitled to minimal consideration.

The fourth and fifth factors pertain to the parties' contacts with the forum and the contacts relating to the plaintiff's cause of action in the chosen forum. Sea contends that Arizona has little connection to Pension Fund and the putative class or to the operative facts of the case. The Court agrees. The only connection this case has to Arizona that the Court can glean is the fact that Muraweh, who initiated the action, is a resident of Maricopa County. Pension Fund, the lead plaintiff, is not an Arizona resident and has not alleged any connection to Arizona. Pension Fund maintains that "there are presumably numerous

additional class members that reside in the judicial district," yet fails to identify the number of class members that may reside here or provide support for such an assertion. (Doc. 29 at 1.)

The operative facts of the case also do not arise out of Arizona. As noted, the claims here are for material misrepresentations and omissions related to the sale of securities. Both parties agree that securities-related misrepresentations or omissions are "deemed to occur in the district where they are transmitted or withheld, not where they are received." (Doc. 28 at 6; Doc. 29 at 7.) Because Sea is based in Singapore, any wrongful conduct most likely occurred in Singapore and not in Arizona. Thus, with Arizona having little connection to Pension Fund or the claims, factors four and five weigh in favor of transfer.[4]

The sixth through eighth factors pertain to the convenience of the witnesses and the parties. The Court does not find a significant difference in convenience between the District of Arizona and the Southern District of New York. In arguing that New York is significantly more convenient, Sea makes the following points: that no known witnesses reside in Arizona whereas most of the potential witnesses are based in Singapore and one potential witness resides in New York; that there are direct flights from Singapore to New York as opposed Arizona, which requires a connecting flight; and that the cost of litigation will be reduced if the action proceeds in New York because neither party would need to retain local counsel there, unlike in Arizona. (Doc. 28 at 8.)

The Court is not persuaded. Traveling from Singapore to the United States is an inconvenience, but the difference between traveling to Arizona as opposed to New York (that is, two flights versus one flight) is not substantial enough to justify disturbing Pension

---

[4] That said, New York also has an equally attenuated connection to the parties and the claims. Sea asserts that New York has a connection to the case because Sea's ADSs are traded on the NYSE. (Doc. 28 a 6.) The Court is not persuaded. If a security being traded on the NYSE was a sufficient reason to justify venue transfer, then practically all securities-related litigation would be sent to New York notwithstanding that the locus of operative facts in a securities action is where the alleged misstatements or omissions were made. *See In re Yahoo! Inc.*, No. CV 07-3125 CAS, 2008 WL 707405, at *9 (C.D. Cal. March 10, 2008) (finding that operative facts of securities fraud case took place in district where defendants were headquartered, which was the locus of all relevant decision making); *see also Sec. Inv. Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985) ("Without question, the intent of the venue and jurisdiction provisions of the securities laws is to grant potential plaintiffs liberal choice in their selection of a forum.").

Fund's choice of forum. *See Pfeiffer v. Himax Techs., Inc.*, 530 F. Supp. 2d 1121, 1124 (C.D. Cal. 2008) (finding that the burden of transporting witnesses and documents from Asia to either California or New York would be the same). Moreover, with advancements in technology and the increasing availability of video depositions and testimony, the need for potential witnesses to travel such a distance may not arise. *See A.F.P. v. United States*, No. 1:21-cv-00780-DAD-EPG, 2022 WL 2704570, at *9 (E.D. Cal. July 12, 2022) ("The availability of video testimony or depositions in lieu of live testimony and the ease with which documentary evidence can now be transferred eliminates any substantial burden that might be imposed on witnesses and the parties.").

Sea is also incorrect that both parties are required to retain local counsel to proceed in the District of Arizona. Given that both parties' out-of-state counsel have been admitted pro hac vice, under the local rules of this Court, counsel is "permitted to appear and participate in [this] particular case." LRCiv. 83.1(b)(2). Although the local rules provide that "[n]othing herein shall prevent any judicial officer from ordering that local counsel be associated in any case[,]" the Court has not ordered so in this case. LRCiv. 83.1(d). Accordingly, the decision to retain local counsel is at the respective parties' discretion.

The Court does not find either forum more convenient than the other. Though Arizona has little connection to the parties or the operative facts and Pension Fund's choice of forum is only entitled to minimal consideration, Sea fails to make a strong showing of inconvenience to justify transferring the case to the Southern District of New York. *See Pfeiffer*, 530 F. Supp. 2d at 1126 (holding same). Accordingly,

**IT IS ORDERED** that Defendant Sea Limited's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) is **DENIED**.

Dated this 31st day of May, 2024.

Douglas L. Rayes
United States District Judge