**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
John C. Gray (Bar No. 028454)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone:  (602) 262-5311
Facsimile:  (602) 262-5747
Email:  jgray@lewisroca.com

**ALLEN OVERY SHEARMAN STERLING US LLP**
Adam S. Hakki (admitted *pro hac vice*)
Daniel C. Lewis (admitted *pro hac vice*)
Joshua T. Ebersole (admitted *pro hac vice*)
599 Lexington Avenue
New York, NY 10022-6069
Telephone:  (212) 848-4000
Email: ahakki@aoshearman.com
         daniel.lewis@aoshearman.com
         joshua.ebersole@aoshearman.com

*Counsel for Defendants Sea Limited, Forrest Li,*
*Tony Hou, Yanjun Wang, Gang Ye, and David Chen*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| Laborers District Council Construction Industry Pension Fund, et al., | Case No. 2:23-CV-01455-DLR |
|---|---|
| Plaintiffs, | Consolidated with: Case No. 23-CV-01889-PHX-DLR |
| v. | |
| Sea Limited, et al., | **DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S AUGUST 7, 2024 ORDER** |
| Defendants. | **(Oral Argument Requested)** |

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................................... 1

RELEVANT BACKGROUND .................................................................................... 3

LEGAL STANDARD ................................................................................................. 5

ARGUMENT .............................................................................................................. 5

I.   The Court Overlooked or Misconstrued Facts Alleged in the Complaint and Thus Should Reconsider Whether Plaintiff Has Adequately Pled That the Remaining Shopee-Related Statements Were Misleading .............................. 5

   A.   The Form 20-F Was Not Misleading Because, as Plaintiff Admits, the Form 20-F Disclosed the Downward Trend in GMV ...................................................................... 5

   B.   The Court's Holding as to the Form 20-F Is Also Foreclosed by the Supreme Court's Recent Decision in *Macquarie* ................................................................... 8

   C.   The 1Q23 Earnings Call Was Not Misleading Because Defendants Affirmatively Disclosed That Shopee's GMV Continued to Decline ................................................. 10

CONCLUSION .......................................................................................................... 11

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*City of Hollywood Firefighters Pension Fund v. Atlassian Corp.*,
No. 23-cv-00519, 2024 WL 235183 (N.D. Cal. Jan. 22, 2024) ..................................... 7

*Macquarie Infrastructure Corp. v. Moab Partners, L.P.*,
601 U.S. 257 (Apr. 12, 2024) ................................................................. 2, 8, 9

*Mallen v. Alphatec Holdings, Inc.*,
861 F. Supp. 2d 1111 (S.D. Cal. 2012) ....................................................... 7

*Mosco v. Motricity, Inc.*,
649 F. App'x 526 (9th Cir. 2016) ............................................................. 8

*NVIDIA Corp. v. Ohman*,
__ S. Ct.__, 2024 WL 3014476 (June 17, 2024) ........................................... 2

*Ogdon v. Grand Canyon Univ. Inc.*,
No. 22-cv-00477, 2024 WL 1344455 (D. Ariz. Mar. 29, 2024) ................................. 5, 8

*Rubin v. Trimble*,
No. 95-cv-04353, 1997 WL 227956 (N.D. Cal. Apr. 28, 1997) ..................................... 7

*Steckman v. Hart Brewing, Inc.*,
143 F.3d 1293 (9th Cir. 1998) ................................................................. 9

*Zaki v. Banner Pediatric Specialists LLC*,
No. 16-cv-01920, 2018 WL 5982634 (D. Ariz. Nov. 14, 2018) ................................... 5

**STATUTES**

15 U.S.C. § 78j ............................................................................ 1

**REGULATIONS**

17 C.F.R. § 240.10b–5 ...................................................................... 1

**RULES**

LRCiv 7.2 ............................................................................... 1, 5

Defendants Sea Limited ("Sea" or the "Company"), Forrest Li, Tony Hou, Yanjun Wang, Gang Ye, and David Chen (collectively, "Defendants") respectfully move this Court under Local Civil Rule 7.2(g) to reconsider certain aspects of its August 7, 2024 Order granting in part and denying in part Defendants' motion to dismiss.

**PRELIMINARY STATEMENT**

Plaintiff asserts claims under (i) Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder and (ii) Section 20(a) of that Act. In connection with both causes of action, Plaintiff takes issue with certain statements and alleged omissions regarding Sea's Garena and Shopee business lines. Defendants moved to dismiss the action in its entirety, and the Court recently granted the motion in part and denied it in part in its Order of August 7, 2024 (ECF No. 55) (the "Order"). This motion seeks reconsideration of the Order only with respect to two alleged statements or omissions regarding Sea's Shopee business.

More specifically, the Order concluded that Plaintiff adequately pled that Defendants failed to disclose a downward trend in Shopee's gross merchandise value ("GMV"): (1) in Sea's 2022 annual report on Form 20-F and (2) during its earnings call for the first quarter of 2023. (Order at 25.) Defendants respectfully submit that these conclusions constitute manifest error because they overlooked or misconstrued Plaintiff's allegations in the Consolidated Amended Complaint (ECF No. 31) ("CAC" or "Complaint") and Plaintiff's statements in its opposition to Defendants' motion to dismiss (ECF No. 47) ("Opposition" or "Opp.") that Defendants in fact disclosed Shopee's "downward trending GMV," including (1) specific, quarterly GMV numbers in the Form 20-F (which Plaintiff characterized as evidencing an "ongoing trend of declining GMV") and (2) the further decline in GMV in the first quarter of 2023 during the earnings call for that quarter. (*See, e.g.*, CAC ¶¶ 51, 83, 123; Opp. at 18.)[1]

_____

[1] While Defendants are not moving for reconsideration of the Court's holding as it relates to scienter at this time, the issue of whether a plaintiff must allege the specific

It is also clear from the Form 20-F itself and Sea's other SEC filings, which were incorporated into the Complaint and therefore can be considered by the Court, that the "ongoing trend of declining GMV" was fully disclosed.  (*See* Ex. 1 (2022 Form 20-F) at 49; Order at 7 ("Plaintiff has no objection to the Court's consideration of exhibits 1, 6, 8–16, and 18–20 and agrees that exhibits 2 and 4 may be judicially noticed. . . .  As such, the Court will consider these exhibits in its analysis.").)

*First*, the Court's holding that "Sea's Form F-20 for FY22 misled investors *by failing to disclose Shopee's downward trending GMV*" overlooked or misconstrued the fact that Sea's Form 20-F for FY22 disclosed the quarterly GMV figures for each quarter for the year ending on December 31, 2022.  (Order at 25.)  Plaintiff concedes this, characterizing these numbers from the Form 20-F as making clear "Shopee's ongoing trend of declining GMV."  (CAC ¶ 83(b).)

*Second*, Sea's statement in Item 5D of the Form 20-F for FY22 that, "*[o]ther than as disclosed elsewhere in this annual report*, we are not aware of any [material adverse trends] for the year ended December 31, 2022," could not have been false or misleading due to a failure to disclose a declining GMV trend.  (CAC ¶ 82.)  That is because Sea disclosed the actual declining GMV numbers (and thus the exact "trend[]") "for the year ended December 31, 2022," and nothing about the statement referenced what might happen in future periods.  This statement pursuant to Item 5D is also inactionable as a matter of law under the Supreme Court's recent decision in *Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, which rejected an omission theory of liability indistinguishable from the Form 20-F claim sustained here.  601 U.S. 257, 265-66 (Apr. 12, 2024).

contents of information allegedly contradicting public disclosures in order to sufficiently plead a strong inference of scienter for Section 10(b) claims—which Plaintiff does not allege here—is pending before the United States Supreme Court and, depending on the Supreme Court's resolution of that issue, may be the basis for future relief in this action, including a potential stay of proceedings.  *See NVIDIA Corp. v. Ohman*, __ S. Ct.__, 2024 WL 3014476 (June 17, 2024) (granting cert.).

*Third*, with respect to Sea's earnings call for the first quarter of 2023, the Court overlooked or misconstrued Plaintiff's specific allegation that "Defendants acknowledged on the conference call that GMV had actually dropped from 4Q22 to 1Q23." (CAC ¶ 123.)  As the Complaint itself alleges, Defendants disclosed that the change in GMV between 4Q22 and 1Q23 was "in line" with the previous year's change between 4Q21 and 1Q22, when (as had been previously disclosed) GMV had decreased "by approximately $800 million." (CAC ¶ 123 n.20.)  Indeed, Plaintiff's Opposition characterized Defendants' statement as tantamount to a disclosure that "Shopee's GMV trend" was in "decline." (Opp. at 18.)  Thus, the Court's holding that Sea's disclosure during its earnings call for the first quarter of 2023 "omitt[ed] the fact that Shopee's GMV was experiencing an ongoing decline" (Order at 25) overlooked or misconstrued the foregoing, including the Complaint's own allegations that Defendants disclosed during the earnings call that Shopee's GMV had "actually dropped" (CAC ¶ 123) and "fallen even further from 4Q22 to 1Q23" (CAC ¶ 60).

Defendants respectfully submit that the Court appears to have overlooked or misconstrued Sea's disclosures and the Complaint's corresponding specific allegations confirming that Sea disclosed Shopee's downward trending GMV in both its 2022 Form 20-F and during its 1Q23 earnings call, and that these manifest errors require reconsideration of the portions of the Order holding that Plaintiff adequately pled that Sea's 2022 Form 20-F and 1Q23 earnings call were misleading.

## RELEVANT BACKGROUND[2]

*Sea's April 6, 2023 Form 20-F (FY22).*  Sea's Form 20-F, or annual report, for FY22 (the "Form 20-F") included the quarterly GMV figures for Shopee in each quarter of 2022, which Sea previously disclosed in each of its quarterly earnings reports for

---

[2] "Ex." refers to exhibits to the Declaration of John Gray (ECF No. 42), filed with Defendants' motion to dismiss (ECF No. 41).  Unless indicated otherwise, internal citations and quotation marks are omitted, and emphases are added.

FY22.  (*See* Ex. 1 (2022 20-F) at 49.)  The Form 20-F also included the following language under Item 5(D):

> Other than as disclosed elsewhere in this annual report, we are not aware of any trends, uncertainties, demands, commitments or events for the year ended December 31, 2022 that are reasonably likely to have a material adverse effect on our net revenues, income, profitability, liquidity or capital resources, or that would cause reported financial information not necessarily to be indicative of future operating results or financial conditions.

(CAC ¶ 82; Ex. 1 (2022 Form 20-F) at 107.)

**The May 16, 2023 Earnings Call.**  On May 16, 2023, Sea issued a press release and convened an earnings call for its 1Q23 financial results.  (CAC ¶ 123.)  Consistent with what Sea previously told investors, Sea did not report the quarterly GMV figure for 1Q23.  (*See id.*)  Sea did, however, disclose that it had observed quarter-over-quarter seasonality trends for GMV that were consistent with the trends it observed the year before:

- "In terms of the Shopee growth, while we don't disclose GMV quarter-on-quarter, generally overall, the trend has been consistent in terms of seasonality trends we are seeing quarter-on-quarter with last the [sic] year's first quarter."

- "In terms of GMV, as I mentioned, we don't discuss quarter-on-quarter GMV numbers specifically.  And what I mentioned though was that the trend we're observing, the general trend Q-on-Q, observed for this quarter versus last quarter is in line as what we observed in Q1 last year versus Q4 2021."

(CAC ¶ 87 (emphases removed).)  Sea had also previously disclosed its 4Q21 and 1Q22 quarterly GMV numbers, during which period—as described by Plaintiff—"GMV declined by approximately $800 million."  (CAC ¶ 123 n.20.)

**The Court's August 7, 2024 Order.**  Only two Shopee-related alleged misrepresentations or omissions survived the Order.  (*See* Order at 24-25.)  Specifically, the Court held that (1) "Sea's Form F-20 for FY22 misled investors by failing to disclose Shopee's downward trending GMV" and (2) "Defendants misled investors on the 1Q23

- 4 -

earnings call (May 16, 2023) by claiming that Shopee's GMV was 'in line with seasonality trends' while also omitting the fact that Shopee's GMV was experiencing an ongoing decline."  (Order at 25.)

## LEGAL STANDARD

"[A]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."  *Ogdon v. Grand Canyon Univ. Inc.*, No. 22-cv-00477, 2024 WL 1344455, at *1 (D. Ariz. Mar. 29, 2024) (Rayes, J.) (quoting *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001)).  A party seeking reconsideration ordinarily must show "manifest error or . . . new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence" and must "point out with specificity the matters the movant believes were overlooked or misapprehended by the Court."  LRCiv 7.2(g)(1); *see also*, *e.g.*, *Zaki v. Banner Pediatric Specialists LLC*, No. 16-cv-01920, 2018 WL 5982634, at *1 (D. Ariz. Nov. 14, 2018) (Rayes, J.) (granting defendants' motion for reconsideration of an order that had granted summary judgment in defendants' favor on all but one of the plaintiff's claims because "the Court [had] committed clear error in finding" that the remaining claim was not time-barred).

## ARGUMENT

**I.    The Court Overlooked or Misconstrued Facts Alleged in the Complaint And Thus Should Reconsider Whether Plaintiff Has Adequately Pled That the Remaining Shopee-Related Statements Were Misleading.**

   **A.    The Form 20-F Was Not Misleading Because, as Plaintiff Admits, the Form 20-F Disclosed the Downward Trend in GMV.**

Defendants respectfully submit that the Order's holding that Plaintiff adequately pled that "Sea's Form F-20 for FY22 misled investors *by failing to disclose Shopee's downward trending GMV*" overlooked or misconstrued not only the disclosure of that

- 5 -

very trend in Sea's Form 20-F for FY22, but also Plaintiff's repeated admissions that Sea did disclose it.[3]  (Order at 25.)

The Form 20-F provides that "*[o]ther than as disclosed elsewhere in this annual report*, we are not aware of any [material adverse trends] for the year ended December 31, 2022."  (CAC ¶ 82; Order at 25.)  The same Form 20-F reports Shopee's GMV for each quarter of 2022, thereby disclosing the downward trend in that metric (*i.e.*, decelerating growth followed by decline) for the year ended December 31, 2022:

|  | For the Three Months Ended | | | |
|---|---|---|---|---|
|  | March 31, 2022 | June 30, 2022 | September 30, 2022 (billions) | December 31, 2022 |
| GMV (US$) | 17.4 | 19.0 | 19.1 | 18.0 |
| Orders | 1.9 | 2.0 | 2.0 | 1.7 |

(Ex. 1 (2022 20-F) at 49.)

Indeed, Plaintiff itself alleges that these very figures made clear "Shopee's *ongoing trend of declining GMV*" by showing that (i) between 2Q22 and 3Q22, Shopee "suffered a deceleration in GMV with the Company's smallest ever quarter-to-quarter GMV increase in 3Q22" and (ii) between 3Q22 and 4Q22, "Shopee . . . suffered the largest GMV decline in its history," with GMV dropping by $1.1 billion.  (CAC ¶ 83(b).)  And Plaintiff further alleges that the quarterly GMV figures included in the Form 20-F for FY22 disclosed the downward trend in that metric.  (*See, e.g.*, CAC ¶ 51 ("In 2022, . . . Shopee's GMV . . . began to decelerate and then decline — before Defendants abruptly stopped disclosing the metric altogether for the first two quarters

---

[3] Although the Order notes that "Sea d[id] not raise any specific challenges to this alleged false statement" (Order at 21), the statement was among the "approximately 10-15 misrepresentations" relating to Plaintiff's "strategic shift" theory that Defendants addressed collectively (due to space constraints) in their Reply (Defs.' Reply Mem. (ECF No. 51) at 7-8 (citing "Opp. 14-19," which encompassed Plaintiff's discussion of Sea's Form 20-F at page 17 of the Opposition)).  Moreover, Defendants pointed out in their Reply that Sea had disclosed that GMV was declining (Defs.' Reply Mem. at 8), which squarely addressed—and refuted—any suggestion that Sea did *not* disclose that trend in its Form 20-F.

of 2023 . . . .").)  Indeed, Plaintiff even "provide[d] a graphic" in the Complaint demonstrating, based on those figures, that "GMV decelerate[d] and then decline[d]" in 2022.  (Order at 23 (citing CAC ¶ 51).)

Thus, there can be no dispute that, given the Form 20-F's disclosure of the downward trend in Shopee's GMV, the Form 20-F did not mislead investors about that trend when it stated that "*[o]ther than as disclosed elsewhere in this annual report*, we are not aware of any [material adverse trends] for the year ended December 31, 2022." (CAC ¶ 82).  *See City of Hollywood Firefighters Pension Fund v. Atlassian Corp.*, No. 23-cv-00519, 2024 WL 235183, at *10 (N.D. Cal. Jan. 22, 2024) (dismissing a Section 10(b) claim in part because it ignored the Form 20-F's "qualification that [defendants] were unaware of trends and uncertainties '[o]than as disclosed elsewhere in this Annual Report'"); *Mallen v. Alphatec Holdings, Inc.*, 861 F. Supp. 2d 1111, 1127 (S.D. Cal. 2012) (rejecting contention that defendants "should have disclosed the 'trend' of pricing pressures" because the defendants "did disclose these pricing pressures"), *aff'd sub nom. Fresno Cnty. Employees' Ret. Assn v. Alphatec Holdings, Inc.*, 607 F. App'x 694 (9th Cir. 2015); *Rubin v. Trimble*, No. 95-cv-04353, 1997 WL 227956, at *13 (N.D. Cal. Apr. 28, 1997) (granting a motion to dismiss a securities fraud claim based on defendants' alleged failure to disclose a trend because the challenged filings "did disclose the allegedly undisclosed trend").

In reaching its holding, the Court accepted that Shopee's sales and marketing expenses "declined from 3Q22 to 1Q23" and found it "plausible that Shopee's GMV was also downward trending during this time," *i.e.*, through 1Q23.  (Order at 23.)  But the relevant statement from the Form 20-F was expressly limited to "the year ended December 31, 2022" (CAC ¶ 82), and the Form 20-F in any event disclosed that Shopee's GMV had in 2022 "decelerate[d] and then declined," as the Complaint alleges (CAC ¶ 51; *see also* Ex. 1 (2022 Form 20-F) at 49).

Accordingly, Defendants respectfully submit that the Court overlooked or misconstrued Plaintiff's own allegations that the Form 20-F for FY22 disclosed

"Shopee's downward trending GMV" (Order at 25), thus rendering Plaintiff's allegations relating to the Form 20-F inactionable as a matter of law. *See, e.g.*, *Mosco v. Motricity, Inc.*, 649 F. App'x 526, 528 (9th Cir. 2016) (affirming the dismissal of a securities fraud claim under Section 11 of the Securities Act where the defendants "disclosed the very trend that Plaintiffs claim [the company] hid from the market").

**B.      The Court's Holding as to the Form 20-F Is Also Foreclosed by the Supreme Court's Recent Decision in *Macquarie*.**

The Court's holding as to the Form 20-F was in error for the additional reason that it is predicated on the alleged omission of a disclosure required by regulators (Item 5(D) of Form 20-F).  The Supreme Court squarely held in its recent decision in *Macquarie* that such an omission cannot give rise to Section 10(b) liability as a matter of law.  601 U.S. at 265-66.

Here, the Court held that Plaintiff plausibly pled that "Defendants were aware of the 'ongoing trend of declining GMV' and that Defendants failed to affirmatively disclose this trend."  (Order at 22.)  The Court's holding is therefore based on a "pure omission" theory, *i.e.*, Defendants allegedly failed to disclose a trend that Item 5(D) required be disclosed.[4]  The *Macquarie* Court held, however, that the mere failure to disclose information required by regulators—at issue there was Item 303—cannot support a Section 10(b) claim, which Plaintiff pursues here.  *See* 601 U.S. at 265-66 ("[T]his Court confirms that the failure to disclose information required by Item 303 can support a Rule 10b–5(b) claim only if the omission renders affirmative statements made misleading. . . .  Pure omissions are not actionable under Rule 10b–5(b).").  The

---

[4] Defendants raise the argument that the Court's holding as to the Form 20-F is foreclosed by *Macquarie* in response to the Court's Order, which upheld Plaintiff's theory as an omission claim and then drew an analogy between Item 5(D) and Item 303 that was not argued by Plaintiff.  In any event, the Court has the "inherent procedural power to reconsider" the Order in light of controlling Supreme Court precedent. *Ogdon*, 2024 WL 1344455, at *1.

Supreme Court reasoned from the plain language of the statute that to conclude otherwise would improperly "shift the focus" of Section 10(b) "from fraud to disclosure" and "mak[e] every omission of a fact 'required to be stated' an actionable misleading half-truth." *Id.* at 266. *Macquarie* thus compels the conclusion that Plaintiff cannot plead its Section 10(b) claim based on Sea's alleged omission in its Form 20-F of a trend "required to be stated" under Item 5(D). Because the Court's holding that Plaintiff adequately pled falsity as to its Item 5(D)-based claim was predicated on that omission, that holding was foreclosed by *Macquarie* and therefore in error.[5]

It bears note that, under *Macquarie*, Plaintiff also fails to adequately plead a "half-truth" claim. "Half-truths . . . are 'representations that state the truth only so far as it goes, while omitting critical qualifying information.'" 601 U.S. at 258 (quoting *Universal Health Services, Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 188 (2016)). Plaintiff pled no such thing. Plaintiff has *not* asserted that any language that Sea provided under Item 5(D) of its Form 20-F "state[d] the truth" but omitted "qualifying" information. Rather, the contention held actionable was that "Sea's Form F-20 for FY22 misled investors by failing to disclose Shopee's downward trending GMV." (Order at 25.)

Nor could Plaintiff escape dismissal of its claim by asserting that Sea's statement in its 2022 Form 20-F amounted to a "half-truth" because of Sea's failure to disclose in that Form 20-F a trend continuing from 2022 into 1Q23. As Plaintiff acknowledges and the Court's Order reflects, Sea's disclosures under Item 5(D) in its

---

[5] In the Court's examination of case law on Item 303 for guidance on Item 5(D), the Court discussed *Steckman*, but that case does not show that Plaintiff adequately pled its Section 10(b) claim. (*See* Order at 22 (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296-97 (9th Cir. 1998).) *Steckman* indicates the *opposite* because the Ninth Circuit there recognized that a Section 10(b) claim, unlike the Section 11 claims at issue there, cannot be founded on a violation of Item 303 under established Ninth Circuit authority. *Id.* at 1296.

Form 20-F were expressly qualified as relating to information on trends "*for the year ended December 31, 2022.*"  (CAC ¶ 82; Order at 21.)  As noted above, Sea disclosed declining GMV numbers through "December 31, 2022," and Plaintiff cannot salvage its claim by alleging the omission of information regarding any period following December 31, 2022, such as 1Q23.  Such allegedly undisclosed post-2022 information would be wholly irrelevant to the truth or falsity of the information that Sea provided "for the year ended December 31, 2022."

**C.     The 1Q23 Earnings Call Was Not Misleading Because Defendants Affirmatively Disclosed That Shopee's GMV Continued to Decline.**

The Court also held that Plaintiff adequately pled that "Defendants misled investors in the 1Q23 earnings call (May 16, 2023) by claiming that Shopee's GMV was 'in line with seasonality trends' *while also omitting the fact that Shopee's GMV was experiencing an ongoing decline.*"  (Order at 25.)  That holding overlooked or misconstrued, however, that Defendants did disclose that GMV continued to decline in 1Q23.  Indeed, Plaintiff repeatedly acknowledged that Defendants disclosed on the 1Q23 earnings call that Shopee's GMV continued to decline ("fallen even further") in the first quarter of 2023:

- "Defendants evasively ***acknowledged on the conference call that day [May 16, 2023] that GMV had actually fallen even further from 4Q22 to 1Q23*** . . . ."  (CAC ¶ 123.)

- "When analysts repeatedly asked for insight on Shopee's GMV trend, Wang evasively ***acknowledged that GMV had fallen even further*** in in [sic] 1Q23 by stating that GMV was merely 'in line' with 'seasonality trends' observed the prior year between 4Q22 and 1Q23 (*i.e.*, ***a decline***)."  (Opp. at 18.)[6]

- "Defendants acknowledged on the [May 16, 2023] conference call that ***GMV had actually dropped from 4Q22 to 1Q23.***"  (CAC ¶ 123.)

---

[6] As Plaintiff correctly notes, the reference to "seasonality trends" on the earnings call was a reference to a decline in GMV.  (CAC ¶ 32 n.8 ("Prior to the Class Period, the only quarter-over-quarter GMV decline the Company had ever reported was from 4Q21 to 1Q22.  Sea attributed this decline to seasonality trends.").)

Plaintiff merely quibbles that Defendants "wouldn't say by how much" GMV fell in 1Q23 (CAC ¶ 123) but instead "vaguely stated that 'the general [GMV] trend Q-on-Q, observed for this quarter versus last quarter is in line as what we observed in Q1 last year versus Q4 2021'" (CAC ¶ 123 n.20).[7]  But even Plaintiff's Opposition acknowledges that Defendants' reference to the change in GMV between 4Q21 and 1Q22 amounted to a disclosure that Shopee's GMV had also declined in the first quarter of 2023.  (*See* Opp. at 18 (noting that Defendants' statement that "GMV was merely 'in line' with 'seasonality trends' observed the prior year between 4Q21 and 1Q22" was equivalent to ("*i.e.*") disclosing that GMV had "decline[d]" between 4Q22 and 1Q23).)  Indeed, Plaintiff's own allegations make clear that Defendants disclosed not only that Shopee's GMV had declined in 1Q23, but also that the decline was in line with the decline Sea observed between 4Q21 and 1Q22, when, as the Complaint explains, "GMV declined by approximately $800 million."  (CAC ¶ 123 n.20.)

Accordingly, Defendants respectfully submit that the Order's holding that Sea "omitt[ed] the fact that Shopee's GMV was experiencing an ongoing decline" appears to have overlooked or misconstrued what Plaintiff itself concedes:  Defendants disclosed in the Form 20-F the downward trend in Shopee's GMV by disclosing Shopee's GMV for every quarter in 2022, and Defendants disclosed during the 1Q23 earnings call that GMV had fallen even further from 4Q22 to 1Q23.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' motion for reconsideration of the limited portions of the Order discussed herein.

---

[7] The Court correctly held Sea had no duty to continue to disclose quarterly GMV. (Order at 20-21.)

Dated:  August 21, 2024

LEWIS ROCA ROTHGERBER CHRISTIE LLP


/s/ *John C. Gray*

John C. Gray (Arizona Bar. No. 028454)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone:  (602) 262-5311
Facsimile:  (602) 262-5747
Email:  jgray@lewisroca.com

**ALLEN OVERY SHEARMAN STERLING US LLP**
Adam S. Hakki (admitted *pro hac vice*)
Daniel C. Lewis (admitted *pro hac vice*)
Joshua T. Ebersole (admitted *pro hac vice*)
599 Lexington Avenue
New York, NY 10022-6069
Telephone:  (212) 848-4000
Email:  ahakki@aoshearman.com
        daniel.lewis@aoshearman.com
        joshua.ebersole@aoshearman.com

*Counsel for Defendants Sea Limited, Forrest Li, Tony Hou, Yanjun Wang, Gang Ye, and David Chen*

- 12 -