ZIMMERMAN REED, LLP
HART L. ROBINOVITCH
14648 N. Scottsdale Road, Suite 130
Scottsdale, AZ 85254
Telephone: 480/348-6400
480/348-6415 (fax)
hart.robinovitch@zimmreed.com

Local Counsel for Lead Plaintiff

ROBBINS GELLER RUDMAN
& DOWD LLP
TOR GRONBORG (admitted *pro hac vice)*
J. MARCO JANOSKI GRAY (admitted *pro hac vice)*
T. ALEX B. FOLKERTH (admitted *pro hac vice)*
JESSICA E. ROBERTSON (admitted *pro hac vice)*
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
mjanoski@rgrdlaw.com
afolkerth@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Laborers District Council Construction Industry Pension Fund, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Sea Limited, et al.,<br><br>Defendants. | No. CV-23-01455-PHX-DLR<br><br>Consolidated with<br>Case No. 23-01889-PHX-SRB<br><br><u>CLASS ACTION</u><br><br>JOINT PROPOSED DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f) |

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's August 8, 2024 Order Setting Rule 16 Scheduling Conference (ECF No. 56), Laborers District Council Construction Industry Pension Fund ("Plaintiff") and Sea Limited, Forrest Li, Tony Hou, Yanjun Wang, Gang Ye, and David Chen (collectively "Defendants," and together with Plaintiff, the "Parties") hereby submit this joint proposed Discovery Plan .

## 1. PARTIES WHO ATTENDED THE RULE 26(F) MEETING

The Parties met telephonically on September 23, 2024. All Parties attended the Rule 26(f) meeting and assisted in developing this proposed Discovery Plan:

- Plaintiff Laborers District Council Construction Industry Pension Fund (represented at the meeting by Robbins Geller Rudman & Dowd LLP); and
- Defendants Sea Limited, Forrest Li, Tony Hou, Yanjun Wang, Gang Ye, and David Chen (represented at the meeting by Allen Overy Shearman Sterling US LLP).

## 2. NATURE OF THE CASE

Plaintiff brings this putative securities class action on behalf of all persons who purchased or otherwise acquired the publicly traded American Depository Shares ("ADSs") of Sea Limited ("Sea" or the "Company") between November 15, 2022 and August 14, 2023, inclusive (the "Class Period"), against Sea and certain of its executives for violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). In addition to Sea, this case is also brought against the "Individual Defendants" who held the following positions at the Company during the Class Period: (a) Forrest Xiaodong Li ("Li"), Sea's cofounder, Chief Executive Officer, and Chairman of the Board; (b) Tony Tianyu Hou ("Hou"), Sea's Chief Financial Officer and Board member; (c) Yanjun Wang ("Wang") Sea's Chief Corporate Officer, Group General Counsel, and Company Secretary; (d) Gang Ye ("Ye") Sea's cofounder, Chief Operating Officer, and Board member; and (e) David Jingye Chen ("Chen"), Sea's cofounder and Chief Product Officer of Shopee. Following the Court's order granting in part and denying in part Defendants' motion to dismiss (ECF No. 55) ("MTD Order"), Plaintiff maintains §10(b) claims against Sea, Li, and Wang, and §20(a) claims against all Defendants.

Sea is an international consumer internet company organized under the laws of the Cayman Islands and headquartered in Singapore. It operates three core businesses across the digital entertainment, e-commerce, and digital financial services segments: (a) Garena, a global online video games publisher and developer; (b) Shopee, the largest e-commerce platform in Southeast Asia and Taiwan, with significant presence in Brazil; and (c) SeaMoney, a digital payments and financial services provider. This case concerns the Garena and Shopee business lines. However, the Parties disagree regarding the summary of the remaining claims following the Court's ruling on Defendants' motion to dismiss.

Plaintiff alleges in the Consolidated Complaint for Violations of the Federal Securities Laws (ECF No. 31) (the "Complaint") that Defendants violated §§10(b) and 20(a) of the Exchange Act by issuing a series of materially false and misleading statements throughout the Class Period that: (i) deceived the investing public regarding Sea's prospects and business; (ii) artificially inflated the price of Sea's publicly traded ADSs; (iii) permitted certain of the Individual Defendants to sell their ADS holdings at artificially inflated prices; (iv) caused Plaintiff and other members of the putative Class to purchase Sea's publicly traded ADSs at artificially inflated prices; and (v) caused the price of Sea ADSs to precipitously decline when the relevant truth and its impact on Sea's financial results and prospects entered the market through a series of partial disclosures, harming Plaintiff and the putative Class. These alleged misstatements center around: (a) the effect of losing the hit video game *League of Legends* on Garena's financial results and user metrics; and (b) the sustainability of the Company's publicized "pivot to profitability" and the effect that Sea's drastic cost-cutting measures would have on Shopee's growth and market share.[1] Plaintiff

---

[1] As explained in Plaintiff's opposition to Defendants' motion for reconsideration of the motion to dismiss order, Plaintiff's position is that Defendants misconstrue the Shopee allegations that remain at issue by ignoring, *inter alia*: (1) that Shopee's declining GMV trend was tied to Sea's drastic cost-cutting effort (*i.e.*, the "pivot to profitability") (ECF No. 61 at 2, 8-9, 13-14; MTD Order at 23); and (2) the unchallenged "shipping subsidies" statement issued on the 1Q23 earnings call (ECF No. 61 at 6 & n.4, n.7; Complaint, ¶¶88, 90(c).

maintains that Defendants' statements created the misleading impression that Sea's business model was more viable and the results of its operations were better than they were in fact.

As will be more fully set forth in their Answer, Defendants deny each and every one of Plaintiff's allegations set forth above. Defendants also disagree with Plaintiff's summary of the remaining claims in this action and note, by way of example only, that the Court held in its August 7, 2024 order on Defendants' motion to dismiss that "only some of Plaintiff's allegations regarding Shopee sufficiently plead falsity" and dismissed all but the following two allegations relating to Shopee-related misrepresentations: "(1) Sea's Form F-20 for FY22 misled investors by failing to disclose Shopee's downward trending GMV and (2) Defendants' misled investors on the 1Q23 earnings call (May 16, 2023) by claiming that Shopee's GMV was 'in line with seasonality trends' while also omitting the fact that Shopee's GMV was experiencing an ongoing decline." (Aug. 7, 2024 Order, ECF No. 55, at 25.) Defendants' position on Plaintiff's remaining Shopee-related claims is more fully set out in Defendants' pending motion for partial reconsideration (ECF No. 58) of the Court's August 7, 2024 order on Defendants' motion to dismiss. In addition, and among other things (and thus reserving their rights to assert affirmative defenses), Defendants each deny that they engaged in any wrongdoing or violated the Securities Exchange Act of 1934, or that Plaintiff suffered any damages.

## 3. PRINCIPAL FACTUAL AND LEGAL DISPUTES

The following is a list of principal factual and legal issues that Plaintiff believes are disputed.

### 3.1 Whether Defendants Violated §10(b) of the Exchange Act

**Falsity**. Whether any of the alleged misstatements made by Defendants in the November 15, 2022 earnings call, March 7, 2023 earnings call, April 6, 2023 Form 20-F, or May 16, 2023 earnings call was an untrue statement of a material fact or omitted a material fact necessary under the circumstances to keep the statements that were made from being misleading.

**Scienter**. Whether Defendants acted knowingly or with reckless disregard for the truth in making the alleged misrepresentations or omissions.

**Reliance – Fraud-on-the-Market**. Whether there was an active, open market in Sea ADSs during the Class Period.

**Loss Causation**. Whether the alleged misrepresentations or omissions played a substantial part in causing the injury or loss that Plaintiff and the Class suffered.

**Damages**. The amount of per share damages Plaintiff and the Class suffered.

**3.2 Whether Defendants Violated §20(a) of the Exchange Act**

**Control**. Whether any of the Defendants possessed, directly or indirectly, the actual power to direct or cause the direction of the decision making processes of any Defendant who violated §10(b) of the Exchange Act.

**Good Faith**. Whether any such "controlling" Defendant acted in good faith and did not directly or indirectly induce the act or acts constituting the violation of §10(b).

Defendants deny each and every one of the allegations and dispute each and every one of the legal arguments set forth above, including Plaintiff's articulation of the elements of a violation of Sections 10(b) and 20(a) of the Exchange Act of 1934 to the extent it is incomplete and inconsistent with the statute and/or the case law. Defendants further deny, among other things, that the alleged misstatements described above were false or misleading, or material to investors, at the times they were made and that Plaintiff suffered any damages. Defendants incorporate herein by reference all of the defenses that they will plead in their Answer, which is due to be filed on October 18, 2024.

## 4. JURISDICTIONAL BASIS

The parties agree that subject-matter jurisdiction is conferred by §27 of the Exchange Act (15 U.S.C. §78aa). The claims asserted in this action arise under §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b), 78t(a)), and Rule 10b-5 promulgated thereunder by the U.S. Securities and Exchange Commission (17 C.F.R. §240.10b-5). Plaintiff maintains that personal jurisdiction is also conferred by §27 of the Exchange Act. *Sec. Inv. Prot. Corp. v. Vigman*, 764 F.2d 1309, 1316 (9th Cir. 1985) ("[S]o long as a defendant has minimum

contacts with the United States, Section 27 of the [Exchange] Act confers personal jurisdiction over the defendant in any federal district court."). Defendants maintain that, as noted in the Individual Defendants' Joinder (ECF No. 46) in Sea Limited's Motion to Dismiss (ECF No. 41), the Individual Defendants have reserved all defenses based on personal jurisdiction.

**5. SERVICE AND APPEARANCE OF PARTIES**

All Parties have been served and have appeared.

**6. ADDITIONAL PARTIES AND AMENDED PLEADINGS**

The Parties do not presently anticipate adding any parties or amending any pleadings, but reserve the right to seek leave to do so if the need arises. Defendants have not yet filed their Answer, which is due on October 18, 2024.

**7. CONTEMPLATED MOTIONS**

Plaintiff expects to file a motion for class certification pursuant to Federal Rule of Civil Procedure 23. The issues to be decided by this motion are whether Plaintiff and the putative Class meet the requirements of Rule 23(a) and 23(b)(3):

- **Numerosity**. Whether the Class is so numerous that joinder of all members is impracticable;
- **Commonality**. Whether there are questions of law or fact common to the Class;
- **Typicality**. Whether the claims or defenses of Plaintiff are typical of the claims or defenses of the Class;
- **Adequacy**. Whether Plaintiff will fairly and adequately protect the interests of the Class; and
- **Predominance and Superiority**. Whether the questions of law or fact common to the Class predominate over any questions affecting only individual members, and whether a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Depending on the facts obtained in discovery, Plaintiff may also file a motion or motions for partial summary judgment on particular elements of its §§10(b) and 20(a) claims, along with motions *in limine* and other evidentiary motions.

Defendants anticipate filing motions typical of a civil action, including motions for summary judgment, motions *in limine*, and other evidentiary motions. Without having yet conducted discovery, Defendants cannot articulate the subject(s) of those motions. Defendants reserve the right to file motions in addition to those listed here to the extent the need for any such motions arises during this litigation.

**8. SUITABILITY FOR REFERENCE TO A UNITED STATES MAGISTRATE JUDGE**

The Parties are amenable to considering reference to a private mediator for settlement discussions at a later date. The Parties agree this case is not suitable for reference to a Magistrate Judge for trial.

**9. RELATED CASES**

The Parties are not aware of any other related cases pending before other courts or other judges of this Court.

**10. EXCHANGE OF INITIAL DISCLOSURES**

The Parties exchanged initial disclosures on September 17, 2024.

**11. DISCUSSION OF NECESSARY DISCOVERY**

**11.1 Extent, Nature, and Location of Anticipated Discovery**

The Parties disagree about the extent, nature, and location of discovery anticipated in this case and their respective positions are as follows.

Plaintiff intends to seek written and oral discovery on all the factual bases underlying its §§10(b) and 20(a) claims, including, *inter alia*: (a) the false and misleading nature of the alleged misstatements at issue; (b) the materiality of those statements; (c) Defendants' knowledge of, or reckless disregard for, the true facts undercutting the alleged misstatements at issue; (d) Defendants' motive and opportunity to commit the alleged fraud; (e) Defendants' transactions in Sea securities; (f) the market for Sea ADSs; (g) the decline in the price of Sea ADSs; and (h) Defendants' control over the Company and each other. Plaintiff anticipates that much of this discovery will be located at Sea's corporate headquarters in Singapore.

Plaintiff maintains that discoverable information related to these issues would further include, *inter alia*, the following general categories: (i) Sea's business and operations; (ii) Garena's business and operations; (iii) Shopee's business and operations; (iv) the impact of losing the *League of Legends* publishing license on Garena and/or Sea's business; (v) Shopee's pivot to profitability announced in August 2022; (vi) the relationship between Shopee's sales and marketing expenditures and its gross merchandise value; (vii) Shopee's competition; (viii) trends in Shopee's gross merchandise value; (ix) Defendants' knowledge of the reasonably likely material adverse effect on Sea's business from trends in Shopee's gross merchandise value; (x) the decision to discontinue quarterly disclosures of Shopee's gross merchandise value in the first two quarters of 2023; and (xi) the decision to restart quarterly disclosures of Shopee's gross merchandise value in the third quarter of 2023.

Defendants intend to seek written and oral discovery regarding the purported bases underlying Plaintiff's claims, including Plaintiff's ability to satisfy the requirements for class certification, and in support of Defendants' defenses. Defendants anticipate that, in addition to documents and electronically stored information stored at Sea's headquarters in Singapore and on Sea's servers, relevant discovery, including discovery related to class-certification issues and Defendants' defenses, is in the possession of Plaintiff, Plaintiff's investment manager Hardman Johnston Global Advisors LLC, and certain third parties. Defendants note that, among other things, discovery regarding "Shopee's pivot to profitability," "the relationship between Shopee's sales and marketing expenditures and its gross merchandise value," and "Shopee's competition" is irrelevant to Plaintiff's remaining claims.[2] This is because the Court has held that "the following allegations either are inactionable or fail to adequately plead falsity: (1) Defendants' Shopee-related statements on the 3Q22 earnings call (November 15, 2022) (Doc. 31 ¶ 70(b–c)); (2) Defendants' Shopee-related statements on the 4Q22 earnings call (March 7, 2023) (¶ 78(b–e)); and (3) Defendants' statements on the

---

[2] As discussed above (*supra*, n.1) and in Plaintiff's opposition to Defendants' motion for reconsideration of the motion to dismiss order (ECF No. 61), Plaintiff's position is that Defendants' relevance objections to certain of these categories misconstrue the Shopee allegations in this case.

1Q23 earnings call (May 16, 2023) regarding Sea's potential for 'profitable long-term growth' and its ability to 'execute growth and manag[e] bottom line at the same time' (¶ 90(a))." (Aug. 7, 2024 Order, ECF No. 55, at 25 (citing and quoting the Consolidated Amended Complaint, ECF No. 31).) As noted above, Defendants' position on Plaintiff's remaining Shopee-related claims is more fully set out in Defendants' pending motion for partial reconsideration (ECF No. 58) of the Court's August 7, 2024 order on Defendants' motion to dismiss. Defendants' statements above regarding the extent, nature, and location of discovery are not intended to be comprehensive. Defendants reserve all rights regarding additional discovery that may be relevant to any Party's claim or defense in this action.

**11.2 Modifications to Discovery Limitations – Number of Fact Depositions**

Plaintiff's position is that it will be necessary for Plaintiff to be afforded additional depositions beyond the 10 provided for under Federal Rule of Civil Procedure 30, and currently anticipates needing 25 fact witness depositions. Defendants do not agree that Plaintiff's proposed deviation from the Rules is required. The Parties agree that they will continue to engage in good faith negotiations regarding the number of fact depositions as discovery progresses.

**11.3 Number of Hours per Deposition**

Plaintiff's position is that it will likely require up to 14 hours for each of the depositions of the Individual Defendants alleged to have violated §10(b) (*i.e.*, Li and Wang), but that all other fact witness depositions be subject to the seven-hour limit provided for under Federal Rule of Civil Procedure 30. Defendants do not agree that Plaintiff's proposed deviation from the Rules is required. The Parties agree that they will continue to engage in good-faith negotiations on this issue as discovery progresses.

## 12. PRE-TRIAL DEADLINES

The Parties have agreed upon the following pre-trial deadlines set forth below, which the Court entered in its August 23, 2024 Scheduling Order (ECF No. 60).

| Event | Date |
|---|---|
| Defendants' Answer | October 18, 2024 |
| Plaintiff's Motion for Class Certification*[3] | March 7, 2025 |
| Defendants' Opposition to Class Certification* | May 2, 2025 |
| Plaintiff's Reply in Support of Class Certification* | June 27, 2025 |
| Completion of Fact Discovery | December 5, 2025 |
| Parties' Affirmative Expert Reports | January 30, 2026 |
| Parties' Rebuttal Expert Reports | March 6, 2026 |
| Completion of Expert Discovery | April 10, 2026 |
| Parties' Dispositive Motions | June 5, 2026 |
| Oppositions to Dispositive Motions | July 17, 2026 |
| Replies in Support of Dispositive Motions | August 28, 2026 |
| Exchange of Rule 26(a)(3) Pre-trial Disclosures | December 18, 2026 |

**13. JURY TRIAL**

Plaintiff has requested a jury trial. Defendants do not contest this request.

**14. LENGTH OF TRIAL**

Plaintiff currently anticipates that 15 full trial days will be needed for trial time (excluding jury selection and deliberations). Defendants believe that this action will be dismissed, in whole or in part, by this Court's ruling on Defendants' pending motion for reconsideration and/or anticipated motions for summary judgment. Although it is difficult for Defendants to anticipate at this stage the length of the trial in this action, Defendants currently anticipate that the trial would require approximately 3-5 full trial days.

**15. PROSPECTS FOR SETTLEMENT**

The Parties agree that, should the prospects for settlement arise in this case, the Parties will engage in bilateral negotiations or engage the services of a private mediator.

---

[3] The deadlines related to the class certification motion (*) assume the Parties have been afforded the opportunity to complete all necessary discovery related to the class certification motion, opposition, and reply. To the extent any Party believes it has not been afforded such opportunity as of these proposed deadlines, the Parties will confer in good faith and propose reasonable modifications to these deadlines.

**16. OTHER MATTERS**

**16.1 Protective Order and ESI Order**

The Parties agree that discovery in this case is likely to involve production of confidential or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The Parties are working to reach agreement on a stipulated proposed Protective Order that will govern these issues in this case.

The Parties also agree that certain issues regarding the disclosure or discovery of electronically stored information ("ESI") will arise in this case. The Parties are working to determine if they can reach agreement on a stipulated proposed ESI Order that will govern these issues in this case or whether they will proceed with discovery and address any ESI-related issues as they arise.

**16.2 Privilege Log Protocol and Deposition Protocol**

Plaintiff believes the parties should also negotiate and reach agreement on stipulated protocols for: (a) the form and timing of privilege logs, and (b) the scope and conduct of fact depositions in this case. Plaintiff has sent a proposal on both of these to Defendants. Defendants believe that those stipulated protocols are unnecessary and in any event premature, and that the Parties can resolve any issues regarding these issues through good-faith discussions if and when any such issues arise.

DATED: October 1, 2024

ROBBINS GELLER RUDMAN & DOWD LLP
TOR GRONBORG (*pro hac vice*)
J. MARCO JANOSKI GRAY (*pro hac vice*)
T. ALEX B. FOLKERTH (*pro hac vice*)
JESSICA E. ROBERTSON (*pro hac vice*)

s/ Marco Janoski

J. MARCO JANOSKI GRAY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
torg@rgrdlaw.com
mjanoski@rgrdlaw.com
afolkerth@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff

ZIMMERMAN REED, LLP
HART L. ROBINOVITCH
14648 N. Scottsdale Road, Suite 130
Scottsdale, AZ 85254
Telephone: 480/348-6400
480/348-6415 (fax)
hart.robinovitch@zimmreed.com

Local Counsel for Lead Plaintiff

DATED: October 1, 2024

ALLEN OVERY SHEARMAN STERLING US LLP
ADAM S. HAKKI (*pro hac vice*)
DANIEL C. LEWIS (*pro hac vice*)
JOSHUA T. EBERSOLE (*pro hac vice*)

s/ Joshua T. Ebersole (with permission)
JOSHUA T. EBERSOLE

599 Lexington Avenue
New York, NY 10022-6069
Telephone: 212/848-4000
adam.hakki@aoshearman.com
daniel.lewis@aoshearman.com
joshua.ebersole@aoshearman.com

LEWIS ROCA ROTHGERBER CHRISTIE LLP
JOHN C. GRAY (Arizona Bar No. 028454)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone: 602/262-5311
602/262-5747 (fax)
jgray@lewisroca.com

Counsel for Defendants Sea Limited, Forrest Li, Tony Hou, Yanjun Wang, Gang Ye, and David Chen