**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
John C. Gray (Bar No. 028454)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone:  (602) 262-5311
Facsimile:  (602) 262-5747
Email:  jgray@lewisroca.com

**ALLEN OVERY SHEARMAN STERLING US LLP**
Adam S. Hakki (admitted *pro hac vice*)
Daniel C. Lewis (admitted *pro hac vice*)
Joshua T. Ebersole (admitted *pro hac vice*)
599 Lexington Avenue
New York, NY 10022-6069
Telephone:  (212) 848-4000
Email:  adam.hakki@aoshearman.com
        daniel.lewis@aoshearman.com
        joshua.ebersole@aoshearman.com

*Counsel for Defendants Sea Limited, Forrest Li,*
*Tony Hou, Yanjun Wang, Gang Ye, and David Chen*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Laborers District Council Construction Industry Pension Fund, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Sea Limited, et al., <br><br> Defendants. | Case No. 2:23-CV-01455-DLR <br><br> Consolidated with: <br> Case No. 23-CV-01889-PHX-DLR <br><br><br> **THE SEA DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS (ECF No. 31)** |

Defendant Sea Limited ("Sea") and Defendants Forrest Li, Tony Hou, Yanjun Wang, Gang Ye, and David Jingye Chen (collectively, the "Individual Defendants" and, together with Sea, the "Sea Defendants"), by their undersigned counsel, respond as follows to the allegations in Plaintiff's amended Consolidated Complaint for Violations of the Federal Securities Laws (ECF No. 31) (the "Consolidated Amended Complaint").

On August 7, 2024, this Court issued an Order (the "Order") dismissing (i) claims against individual defendant David Jingye Chen and (ii) certain categories of allegedly false and misleading statements (the "Dismissed Claims"). *See* Order, *Laborers District Council Construction Industry Pension Fund v. Sea Limited*, No. 23-cv-01455 (D. Ariz.), ECF No. 55. No responses to allegations concerning the Dismissed Claims are required.

The Sea Defendants incorporate into each response a denial of all allegations in the Consolidated Amended Complaint to the extent they (i) suggest that any of the Sea Defendants made or are responsible for any material misstatements or omissions, (ii) assert any factual allegations that are inconsistent with or contrary to the publicly filed documents, to which reference is made for the contents thereof, (iii) suggest that Plaintiff or members of the putative class suffered any damages as a consequence of any acts of the Sea Defendants alleged in the Consolidated Amended Complaint, (iv) suggest that the Sea Defendants have any liability under the Consolidated Amended Complaint, (v) suggest that Plaintiff has standing to represent a putative class of similarly situated individuals and/or entities, for the claims against the Sea Defendants, or (vi) suggest that this case is appropriate for class action treatment.

The Consolidated Amended Complaint is drafted in an argumentative manner that often characterizes alleged facts instead of simply stating the alleged facts on which Plaintiff purports to base its claims. To the extent the Consolidated Amended Complaint's allegations are argumentative or purport to characterize alleged facts, they are denied. The Sea Defendants also deny any averments in the headings and subheadings in the Consolidated Amended Complaint.

The Sea Defendants further respond to the specific allegations in the Consolidated Amended Complaint as follows:

To the extent a response is required to Plaintiff's introductory paragraph on page 1 of the Consolidated Amended Complaint, the Sea Defendants deny the allegations in that paragraph.

1. To the extent the allegations in paragraph 1 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny the allegations in paragraph 1, except admit and aver that Plaintiff purports to assert the claims described in paragraph 1 on behalf of all those who purchased or otherwise acquired Sea's ADSs between November 15, 2022 and August 14, 2023, inclusive.

2. To the extent the allegations in paragraph 2 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to Sea's most recent Form 20-F for the fiscal year ended December 31, 2024, filed with the U.S. Securities and Exchange Commission ("SEC") on April 26, 2024, for a description of Sea's business as of the date of that filing and otherwise deny the allegations in paragraph 2.

3. To the extent the allegations in paragraph 3 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny the allegations in paragraph 3.

4. To the extent the allegations in paragraph 4 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to Sea's SEC filings for a description of Sea's business as of those filings' effective dates and otherwise deny the allegations in paragraph 4.

5. To the extent the allegations in paragraph 5 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to (i) the

transcript of Sea's May 16, 2023 earnings call for the contents thereof and (ii) Sea's SEC filings for a description of Sea's business as of the dates of those filings, and otherwise deny the allegations in paragraph 5.

6.    To the extent the allegations in paragraph 6 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced SEC filings and the transcripts of the referenced earnings calls for the contents thereof, including a description of Sea's business as of the dates of those filings and earnings calls, and otherwise deny the allegations in paragraph 6.

7.    To the extent the allegations in paragraph 7 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to (i) the publicly reported market services for the trading prices for Sea securities and (ii) the relevant SEC filings for a description of the reported sales of Sea securities as of the dates of those filings, and otherwise deny the allegations in paragraph 7.

8.    To the extent the allegations in paragraph 8 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to Sea's SEC filings for descriptions of the Individual Defendants' roles as of the dates of those filings and otherwise deny the allegations in paragraph 8.

9.    To the extent the allegations in paragraph 9 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the publicly reported market services for the trading prices for Sea securities and otherwise deny the allegations in paragraph 9.

10.    To the extent the allegations in paragraph 10 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants deny the allegations in paragraph 10,

except admit and aver that Plaintiff purports to bring this action pursuant to the statutes and regulations cited in paragraph 10.

11.    To the extent the allegations in paragraph 11 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants deny the allegations in paragraph 11, except admit and aver that Plaintiff purports to base jurisdiction over the subject matter of this action pursuant to the statute cited in paragraph 11.

12.    To the extent the allegations in paragraph 12 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to Sea's SEC filings for Defendants' business address as of the dates of those filings and otherwise deny the allegations in paragraph 12, except admit and aver that Plaintiff purports to base venue pursuant to statutes cited in paragraph 12.

13.    To the extent the allegations in paragraph 13 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants deny the allegations in paragraph 13.

14.    To the extent the allegations in paragraph 14 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Plaintiff Laborers District Council Construction Industry Pension Fund and deny those allegations on that basis, and otherwise deny the allegations in paragraph 14.

15.    The Sea Defendants respectfully refer this Court to Sea's SEC filings for a description of Sea and its business as of those filings' effective dates and otherwise deny the allegations in paragraph 15, except admit that Sea's ADSs were listed on the NYSE on October 20, 2017 and Sea's ADSs are traded on the NYSE.

16.    To the extent the allegations in paragraph 16 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To

the extent a response is required, the Sea Defendants respectfully refer this Court to the relevant SEC filings for a description of Mr. Li's roles, background, and reported sales of Sea securities as of the dates of those filings and otherwise deny the allegations in paragraph 16.

17.    To the extent the allegations in paragraph 17 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to Sea's SEC filings for a description of Mr. Hou's roles and background as of the dates of those filings and otherwise deny the allegations in paragraph 17.

18.    To the extent the allegations in paragraph 18 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to Sea's SEC filings for a description of Ms. Wang's roles and background as of the dates of those filings and otherwise deny the allegations in paragraph 18.

19.    To the extent the allegations in paragraph 19 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to Sea's SEC filings for a description of Mr. Ye's roles and background as of the dates of those filings and otherwise deny the allegations in paragraph 19.

20.    To the extent the allegations in paragraph 20 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the relevant SEC filings for a description of Mr. Chen's roles, background, and reported sales of Sea securities as of the dates of those filings and otherwise deny the allegations in paragraph 20.

21.    Paragraph 21 purported to define certain terms for the purposes of the Consolidated Amended Complaint, and therefore no response is required or appropriate.

To the extent a response is required, the Sea Defendants deny the allegations in paragraph 21.

22.    To the extent the allegations in paragraph 22 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to Sea's SEC filings for a description of the Individual Defendants' roles at Sea as of the dates of those filings and otherwise deny the allegations in paragraph 22.

23.    To the extent the allegations in paragraph 23 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to Sea's SEC filings for a description of Sea and its business as of the dates of those filings and otherwise deny the allegations in paragraph 23.

24.    To the extent the allegations in paragraph 24 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants refer this Court to Sea's SEC filings for a description of Sea and its business as of the dates of those filings and otherwise deny the allegations in paragraph 24.

25.    To the extent the allegations in paragraph 25 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to Sea's SEC filings for a description of Sea and its business as of the dates of those filings and otherwise deny the allegations in paragraph 25.

26.    To the extent the allegations in paragraph 26 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to Sea's SEC filings for a description of Sea and its business as of the dates of those filings and otherwise deny the allegations in paragraph 26.

27.    To the extent the allegations in paragraph 27 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea

Defendants respectfully refer this Court to Sea's SEC filings for a description of Sea's financial reporting as of the dates of those filings and otherwise deny the allegations in paragraph 27.

28. To the extent the allegations in paragraph 28 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to Sea's SEC filings for a description of Sea's financial reporting and results as of the dates of those filings and otherwise deny the allegations in paragraph 28.

29. To the extent the allegations in paragraph 29 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to Sea's SEC filings for a description of Sea's financial reporting and results as of the dates of those filings and otherwise deny the allegations in paragraph 29.

30. To the extent the allegations in paragraph 30 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to Sea's SEC filings for a description of Sea's financial reporting and results as of the dates of those filings and otherwise deny the allegations in paragraph 30.

31. To the extent the allegations in paragraph 31 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to Sea's SEC filings for a description of Sea's financial reporting and results as of the dates of those filings and otherwise deny the allegations in paragraph 31.

32. To the extent the allegations in paragraph 32 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to Sea's SEC filings for a description of Sea's financial reporting and results as of the dates of those filings and otherwise deny the allegations in paragraph 32.

33. To the extent the allegations in paragraph 33 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to Sea's SEC filings for a description of Sea's financial reporting and results as of the dates of those filings and otherwise deny the allegations in paragraph 33.

34. To the extent the allegations in paragraph 34 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to (i) Sea's SEC filings for a description of Sea's business, financial reporting, and financial results as of the dates of those filings and (ii) the referenced reports for the contents thereof, and otherwise deny the allegations in paragraph 34.

35. To the extent the allegations in paragraph 35 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to (i) Sea's SEC filings for a description of Sea's financial results as of the dates of those filings, (ii) the referenced *Bloomberg* article for the contents thereof, (iii) the transcript of the referenced earnings call for the contents thereof, and (iv) the publicly reported market services for the trading prices for Sea securities, and otherwise deny the allegations in paragraph 35.

36. To the extent the allegations in paragraph 36 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to (i) Sea's SEC filings referenced in paragraph 36 for the contents thereof and (ii) the publicly reported market services for the trading prices for Sea securities, and otherwise deny the allegations in paragraph 36.

37. To the extent the allegations in paragraph 37 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to (i) the relevant SEC filings for a description of Sea's business, financial results, shareholders, the membership of Sea's Board of Directors, and the reported sales of Sea securities as of the dates of those filings, (ii) the

publicly reported market services for the trading prices for Sea securities, and (iii) the referenced *Bloomberg* article for the contents thereof, and otherwise deny the allegations in paragraph 37.

38.    To the extent the allegations in paragraph 38 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to (i) Sea's SEC filings referenced in paragraph 38 for the contents thereof, (ii) the publicly reported market services for the trading prices for Sea securities, and (iii) the referenced documents for the contents thereof, and otherwise deny the allegations in paragraph 38.

39.    To the extent the allegations in paragraph 39 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to (i) the referenced statements for the contents thereof and (ii) the publicly reported market services for the trading prices for Sea securities, and otherwise deny the allegations in paragraph 39.

40.    To the extent the allegations in paragraph 40 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to (i) Sea's SEC filings for a description of Sea's business as of the dates of those filings, (ii) the referenced license agreement for the contents thereof, and (iii) the referenced press release for the contents thereof, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Riot Games' business and ownership and deny those allegations on that basis, and otherwise deny the remaining allegations in paragraph 40.

41.    To the extent the allegations in paragraph 41 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to Sea's SEC filings for a description of Sea's business as of the dates of those filings and otherwise deny the allegations in paragraph 41.

42.    To the extent the allegations in paragraph 42 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea

Defendants respectfully refer this Court to the referenced *Business Insider* and *Economist* articles and otherwise deny the allegations in paragraph 42.

43. To the extent the allegations in paragraph 43 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43 and deny those allegations on that basis.

44. To the extent the allegations in paragraph 44 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced press release and consumer study for the contents thereof and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44 and deny those allegations on that basis.

45. To the extent the allegations in paragraph 45 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced *Forbes* article and SEC filings for the contents thereof and otherwise deny the allegations in paragraph 45.

46. To the extent the allegations in paragraph 46 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced master license agreement for the contents thereof and otherwise deny the allegations in paragraph 46.

47. To the extent the allegations in paragraph 47 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants (i) respectfully refer this Court to the referenced press release and petitions for the contents thereof, (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Riot in paragraph 47 and deny those allegations on that basis, and (iii) otherwise deny the allegations in paragraph 47.

48. To the extent the allegations in paragraph 48 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny the allegations in paragraph 48.

49. To the extent the allegations in paragraph 49 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants (i) respectfully refer this Court to the transcript of Sea's May 16, 2023 earnings call for the contents thereof, (ii) respectfully refer this Court to Sea's SEC filings for the contents thereof, (iii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fourth sentence of paragraph 49 and deny those allegations on that basis, and (iv) otherwise deny the allegations of paragraph 49.

50. To the extent the allegations in paragraph 50 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to (i) Sea's SEC filings for a description of Sea's business and financial results as of the dates of those filings and (ii) the referenced article for the contents thereof, and otherwise deny the allegations in paragraph 50.

51. To the extent the allegations in paragraph 51 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to Sea's SEC filings for a description of Sea's business and financial results as of the dates of those filings and otherwise deny the allegations in paragraph 51.

52. To the extent the allegations in paragraph 52 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants (i) respectfully refer this Court to Sea's SEC filings for a description of Sea's business and financial results as of the dates of those filings, (ii) respectfully refer this Court to the referenced BofA Global Research report and the statement of TikTok CEO Shou Zi Chew for the contents thereof, (iii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52 regarding Lazada,

Tokopedia, TikTok Shop, and TikTok, and deny those allegations on that basis, and (iii) otherwise deny the allegations in paragraph 52.

53.    To the extent the allegations in paragraph 53 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the transcripts of the referenced earnings calls and referenced *Bloomberg* article for the contents thereof and otherwise deny the allegations in paragraph 53.

54.    To the extent the allegations in paragraph 54 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the transcripts of the referenced earnings calls and referenced SEC filings for the contents thereof and otherwise deny the allegations in paragraph 54.

55.    To the extent the allegations in paragraph 55 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced November 15, 2022 earnings report and the transcript of the referenced November 15, 2022 earnings call for the contents thereof and otherwise deny the allegations in paragraph 55.

56.    To the extent the allegations in paragraph 56 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced February 20, 2023 BofA Global Research report for the contents thereof and otherwise deny the allegations in paragraph 56.

57.    To the extent the allegations in paragraph 57 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced March 7, 2023 earnings report and the transcript of the referenced March 7, 2023 earnings call for the contents thereof and otherwise deny the allegations in paragraph 57.

58. To the extent the allegations in paragraph 58 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to (i) the referenced *Bloomberg* and *Seeking Alpha* articles for the contents thereof and (ii) the publicly reported market services for the trading prices for Sea securities, and otherwise deny the allegations in paragraph 58.

59. To the extent the allegations in paragraph 59 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced May 8, 2023 BofA Global Research report for the contents thereof and otherwise deny the allegations in paragraph 59.

60. To the extent the allegations in paragraph 60 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced May 16, 2023 earnings report and the transcript of the referenced May 16, 2023 earnings call for the contents thereof and otherwise deny the allegations in paragraph 60.

61. To the extent the allegations in paragraph 61 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced August 15, 2023 earnings report and the transcript of Sea's August 15, 2023 earnings call for the contents thereof and otherwise deny the allegations in paragraph 61.

62. To the extent the allegations in paragraph 62 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced November 14, 2023 earnings report and the transcript of Sea's November 14, 2023 earnings call for the contents thereof and otherwise deny the allegations in paragraph 62.

63. To the extent the allegations in paragraph 63 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea

Defendants respectfully refer this Court to the referenced November 15, 2022 press release for the contents thereof and otherwise deny the allegations in paragraph 63.

64.    To the extent the allegations in paragraph 64 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the transcript of the referenced November 15, 2022 earnings call for the contents thereof and otherwise deny the allegations in paragraph 64.

65.    To the extent the allegations in paragraph 65 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the transcript of Sea's November 15, 2022 earnings call for the contents thereof and otherwise deny the allegations in paragraph 65.

66.    To the extent the allegations in paragraph 66 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the transcript of Sea's November 15, 2022 earnings call for the contents thereof and otherwise deny the allegations in paragraph 66.

67.    To the extent the allegations in paragraph 67 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the transcript of Sea's November 15, 2022 earnings call for the contents thereof and otherwise deny the allegations in paragraph 67.

68.    To the extent the allegations in paragraph 68 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the transcript of Sea's November 15, 2022 earnings call for the contents thereof and otherwise deny the allegations in paragraph 68.

69.    To the extent the allegations in paragraph 69 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the transcript of Sea's November 15, 2022 earnings call for the contents thereof and otherwise deny the allegations in paragraph 69.

70.     To the extent the allegations in paragraph 70 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants deny the allegations in paragraph 70.

71.     To the extent the allegations in paragraph 71 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants deny the allegations in paragraph 71.

72.     To the extent the allegations in paragraph 72 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced March 7, 2023 press release for the contents thereof and otherwise deny the allegations in paragraph 72.

73.     To the extent the allegations in paragraph 73 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the transcript of Sea's March 7, 2023 earnings call for the contents thereof and otherwise deny the allegations in paragraph 73.

74.     To the extent the allegations in paragraph 74 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the transcript of Sea's March 7, 2023 earnings call for the contents thereof and otherwise deny the allegations in paragraph 74.

75.     To the extent the allegations in paragraph 75 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the transcript of Sea's March 7, 2023 earnings call for the contents thereof and otherwise deny the allegations in paragraph 75.

76.     To the extent the allegations in paragraph 76 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the transcript of Sea's March 7, 2023 earnings call for the contents thereof and otherwise deny the allegations in paragraph 76.

77.     To the extent the allegations in paragraph 77 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea

Defendants respectfully refer this Court to the transcript of Sea's March 7, 2023 earnings call for the contents thereof and otherwise deny the allegations in paragraph 77.

78. To the extent the allegations in paragraph 78 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny the allegations in paragraph 78.

79. To the extent the allegations in paragraph 79 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny the allegations in paragraph 79.

80. The Sea Defendants admit the allegations in paragraph 80.

81. To the extent the allegations in paragraph 81 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced SEC filing for the contents thereof and otherwise deny the allegations in paragraph 81.

82. To the extent the allegations in paragraph 82 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced SEC filing for the contents thereof and otherwise deny the allegations in paragraph 82.

83. To the extent the allegations in paragraph 83 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny the allegations in paragraph 83.

84. To the extent the allegations in paragraph 84 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the relevant SEC filings for a description of Mr. Li's reported sales of Sea securities as of the dates of those filings and otherwise deny the allegations in paragraph 84.

85.    To the extent the allegations in paragraph 85 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced March 7, 2023 press release for the contents thereof and otherwise deny the allegations in paragraph 85.

86.    To the extent the allegations in paragraph 86 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the transcript of Sea's May 16, 2023 earnings call for the contents thereof and otherwise deny the allegations in paragraph 86.

87.    To the extent the allegations in paragraph 87 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the transcript of Sea's May 16, 2023 earnings call for the contents thereof and otherwise deny the allegations in paragraph 87.

88.    To the extent the allegations in paragraph 88 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the transcript of Sea's May 16, 2023 earnings call for the contents thereof and otherwise deny the allegations in paragraph 88.

89.    To the extent the allegations in paragraph 89 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the transcript of Sea's May 16, 2023 earnings call for the contents thereof and otherwise deny the allegations in paragraph 89.

90.    To the extent the allegations in paragraph 90 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants deny the allegations in paragraph 90.

91.    To the extent the allegations in paragraph 91 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the relevant SEC filings for a description of Messrs. Li's and Chen's reported sales of Sea

securities as of the dates of those filings and otherwise deny the allegations in paragraph 91.

92. To the extent the allegations in paragraph 92 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the relevant SEC filings for a description of Sea's share structure, voting structure, shareholders, and beneficial owners as of the dates of those filings and otherwise deny the allegations in paragraph 92.

93. To the extent the allegations in paragraph 93 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the relevant SEC filings, including the referenced annual reports, for a description of Sea's share structure, voting structure, shareholders, and beneficial owners as of the dates of those filings and otherwise deny the allegations in paragraph 93.

94. To the extent the allegations in paragraph 94 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the relevant SEC filings for a description of Sea's share structure, voting structure, shareholders, and beneficial owners as of the dates of those filings and otherwise deny the allegations in paragraph 94.

95. To the extent the allegations in paragraph 95 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the relevant SEC filings for a description of Sea's share structure, voting structure, shareholders, and beneficial owners as of the dates of those filings and otherwise deny the allegations in paragraph 95.

96. To the extent the allegations in paragraph 96 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To

the extent a response is required, the Sea Defendants (i) respectfully refer this Court to the relevant SEC filings for a description of Sea's share structure, voting structure, shareholders, and beneficial owners as of the dates of those filings, (ii) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the fourth sentence of paragraph 96 and deny those allegations on that basis, and (iii) otherwise deny the allegations in paragraph 96.

97.     To the extent the allegations in paragraph 97 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the relevant SEC filings for a description of Sea's share structure, voting structure, shareholders, and beneficial owners as of the dates of those filings and otherwise deny the allegations in paragraph 97.

98.     To the extent the allegations in paragraph 98 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced SEC filing for the contents thereof and otherwise deny the allegations in paragraph 98.

99.     To the extent the allegations in paragraph 99 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to Sea's SEC filings for descriptions of the Individual Defendants' roles as of the dates of those filings and otherwise deny the allegations in paragraph 99.

100.     To the extent the allegations in paragraph 100 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to Sea's SEC filings for a description of Sea's business and financial results as of the dates of those filings and otherwise deny the allegations in paragraph 100.

101.    To the extent the allegations in paragraph 101 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced *Bloomberg* article and the referenced Articles of Association for the contents thereof and otherwise deny the allegations in paragraph 101.

102.    To the extent the allegations in paragraph 102 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the transcript of the referenced November 15, 2022 earnings call, the referenced *Bloomberg* article, and the referenced master license agreement for the contents thereof and otherwise deny the allegations in paragraph 102.

103.    To the extent the allegations in paragraph 103 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced internal memoranda and *Bloomberg* article for the contents thereof and otherwise deny the allegations in paragraph 103.

104.    To the extent the allegations in paragraph 104 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced memoranda for the contents thereof and otherwise deny the allegations in paragraph 104.

105.    To the extent the allegations in paragraph 105 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the transcripts of the referenced earnings calls for the contents thereof and otherwise deny the allegations in paragraph 105.

106.    To the extent the allegations in paragraph 106 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the transcripts of the referenced earnings calls for the contents thereof and otherwise deny the allegations in paragraph 106.

107.    To the extent the allegations in paragraph 107 relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the transcripts of the referenced earnings calls for the contents thereof and otherwise deny the allegations in paragraph 107.

108.    To the extent the allegations in paragraph 108 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants deny the allegations in paragraph 108.

109.    To the extent the allegations in paragraph 109 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced SEC filings, the transcript of the referenced March 7, 2023 earnings call, and the referenced *Seeking Alpha* article for the contents thereof and otherwise deny the allegations in paragraph 109.

110.    To the extent the allegations in paragraph 110 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced SEC filing, certifications, regulations, and statute for the contents thereof and otherwise deny the allegations in paragraph 110.

111.    To the extent the allegations in paragraph 111 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants deny the allegations in paragraph 111.

112.    To the extent the allegations in paragraph 112 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced SEC filings for a description of the reported sales of Sea securities as of the dates of those filings and otherwise deny the allegations in paragraph 112.

113.    To the extent the allegations in paragraph 113 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the relevant SEC filings for a description of Mr. Li's reported sales of Sea securities as of the dates of those filings and otherwise deny the allegations in paragraph 113.

114.    To the extent the allegations in paragraph 114 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the relevant SEC filings for a description of Mr. Li's reported sales of Sea securities as of the dates of those filings and otherwise deny the allegations in paragraph 114.

115.    To the extent the allegations in paragraph 115 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced SEC filing and regulation for the contents thereof and otherwise deny the allegations in paragraph 115.

116.    To the extent the allegations in paragraph 116 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the relevant SEC filings for a description or Messrs. Li's and Chen's trading plans as of the dates of those filings and otherwise deny the allegations in paragraph 116.

117.    To the extent the allegations in paragraph 117 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants deny the allegations in paragraph 117.

118.    To the extent the allegations in paragraph 118 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to the

referenced study and regulatory amendments for the contents thereof and otherwise deny the allegations in paragraph 118.

119. To the extent the allegations in paragraph 119 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny the allegations in paragraph 119.

120. To the extent the allegations in paragraph 120 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny the allegations in paragraph 120.

121. To the extent the allegations in paragraph 121 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny the allegations in paragraph 121.

122. To the extent the allegations in paragraph 122 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny the allegations in paragraph 122.

123. To the extent the allegations in paragraph 123 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to (i) the referenced May 16, 2023 press release for the contents thereof, (ii) the transcript of Sea's May 16, 2023 earnings call for the contents thereof, and (iii) the publicly reported market services for the trading prices for Sea securities, and otherwise deny the allegations in paragraph 123.

124. To the extent the allegations in paragraph 124 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced *Reuters* article for the contents thereof and otherwise deny the allegations in paragraph 124.

125.    To the extent the allegations in paragraph 125 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny the allegations in paragraph 125.

126.    To the extent the allegations in paragraph 126 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced August 15, 2023 press release and the transcript of the referenced August 15, 2023 earnings call for the contents thereof and otherwise deny the allegations in paragraph 126.

127.    To the extent the allegations in paragraph 127 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to (i) the transcript of the referenced August 15, 2023 earnings call for the contents thereof and (ii) the publicly reported market services for the trading prices for Sea securities, and otherwise deny the allegations in paragraph 127.

128.    To the extent the allegations in paragraph 128 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced *Reuters* article for the contents thereof and otherwise deny the allegations in paragraph 128.

129.    To the extent the allegations in paragraph 129 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny the allegations in paragraph 129.

130.    To the extent the allegations in paragraph 130 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to (i) the referenced November 14, 2023 press release for the contents thereof, (ii) the transcript of the referenced November 14, 2023

earnings call for the contents thereof, and (iii) the publicly reported market services for the trading prices for Sea securities, and otherwise deny the allegations in paragraph 130.

131. To the extent the allegations in paragraph 131 relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants respectfully refer this Court to the referenced *Investor's Business Daily* article and otherwise deny the allegations in paragraph 131.

132. To the extent the allegations in paragraph 132 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny the allegations in paragraph 132.

133. To the extent the allegations in paragraph 133 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny the allegations in paragraph 133.

134. To the extent the allegations in paragraph 134 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny the allegations in paragraph 134.

135. To the extent the allegations in paragraph 135 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny the allegations in paragraph 135, except admit that Plaintiff purports to bring this action as a class action.

136. To the extent the allegations in paragraph 136 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny the allegations in paragraph 136, except admit that Sea's ADSs are traded on the NYSE.

137. To the extent the allegations in paragraph 137 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To

the extent a response is required, the Sea Defendants deny the allegations in paragraph 137.

138.  To the extent the allegations in paragraph 138 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants deny the allegations in paragraph 138.

139.  To the extent the allegations in paragraph 139 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants deny the allegations in paragraph 139.

140.  To the extent the allegations in paragraph 140 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants deny the allegations in paragraph 140.

141.  The Sea Defendants repeat each and every response to Plaintiff's allegations above as if fully set forth herein.  To the extent the remaining allegations in paragraph 141 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants deny the allegations in paragraph 141.

142.  To the extent the allegations in paragraph 142 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants deny the allegations in paragraph 142, except admit and aver that Plaintiff purports to bring a cause of action under Section 10(b) of the Exchange Act and SEC Rule 10b-5.

143.  To the extent the allegations in paragraph 143 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants deny the allegations in paragraph 143.

- 26 -

144.    To the extent the allegations in paragraph 144 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny the allegations in paragraph 144.

145.    To the extent the allegations in paragraph 145 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny the allegations in paragraph 145.

146.    To the extent the allegations in paragraph 146 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny the allegations in paragraph 146.

147.    To the extent the allegations in paragraph 147 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny the allegations in paragraph 147.

148.    To the extent the allegations in paragraph 148 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny the allegations in paragraph 148.

149.    To the extent the allegations in paragraph 149 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate. To the extent a response is required, the Sea Defendants deny the allegations in paragraph 149.

150.    The Sea Defendants repeat each and every response to Plaintiff's allegations above as if fully set forth herein. To the extent the remaining allegations in paragraph 150 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response

is required or appropriate.  To the extent a response is required, the Sea Defendants deny the allegations in paragraph 150.

151.    To the extent the allegations in paragraph 151 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants respectfully refer this Court to Sea's SEC filings for descriptions of the Individual Defendants' roles as of the dates of those filings and otherwise deny the allegations in paragraph 151.

152.    To the extent the allegations in paragraph 152 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants deny the allegations in paragraph 152.

153.    To the extent the allegations in paragraph 153 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants deny the allegations in paragraph 153.

154.    To the extent the allegations in paragraph 154 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants deny the allegations in paragraph 154.

155.    To the extent the allegations in paragraph 155 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants deny the allegations in paragraph 155.

156.    To the extent the allegations in paragraph 156 consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants deny the allegations in paragraph 156.

157.   To the extent the statements in the paragraph beginning "WHEREFORE" consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants deny that Plaintiff and the members of the putative class are entitled to a judgment or any of the requested relief, deny that this case is appropriate for class action treatment, and respectfully request that the Court dismiss all claims against the Sea Defendants with prejudice, enter judgment in the Sea Defendants' favor and against Plaintiff, award the Sea Defendants attorneys' fees, costs, and expenses, and order such further relief as the Court deems just and proper.

158.   To the extent the statements in Plaintiff's jury demand consist of legal arguments or conclusions or relate to the Dismissed Claims, no response is required or appropriate.  To the extent a response is required, the Sea Defendants deny the allegations in Plaintiff's jury demand, except admit and aver that Plaintiff purports to demand a jury trial.

## AFFIRMATIVE AND OTHER DEFENSES

As separate and distinct affirmative defenses, the Sea Defendants allege, assert, and aver the following, which apply to each and every cause of action asserted in the Consolidated Amended Complaint to which such defense is or may be applicable.   By alleging the defenses below, the Sea Defendants do not thereby allege or admit that the Sea Defendants have the burden of proof or the burden of persuasion with respect to any of these matters.   Furthermore, the Sea Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action, including those asserted by any other party to this action, and hereby reserve their rights to amend their answer and assert all such defenses.

## FIRST DEFENSE

This action is barred, in whole or in part, because the Consolidated Amended Complaint fails to state a claim upon which relief can be granted.

- 29 -

## SECOND DEFENSE

This action is barred against the Individual Defendants because this Court lacks personal jurisdiction over any of the Individual Defendants.

## THIRD DEFENSE

This action is barred, in whole or in part, because the Sea Defendants neither had a duty nor breached a duty to disclose any information allegedly not disclosed.

## FOURTH DEFENSE

This action is barred, in whole or in part, because none of the alleged misrepresentations were false or misleading.

## FIFTH DEFENSE

This action is barred, in whole or in part, because the Sea Defendants did not omit to state any material facts necessary in order to make any statement made by the Sea Defendants not false or misleading.

## SIXTH DEFENSE

This action is barred, in whole or in part, because any fact, facts, risk, or risks Plaintiff alleges to have been undisclosed was or were disclosed.

## SEVENTH DEFENSE

This action is barred, in whole or in part, because any alleged misrepresentations or omissions for which the Sea Defendants are allegedly responsible were not material.

## EIGHTH DEFENSE

This action is barred, in whole or in part, because Plaintiff did not actually, justifiably, reasonably, or otherwise rely upon any of the alleged misstatements or omissions set forth in the Consolidated Amended Complaint, and has not alleged sufficient facts to avail itself of the fraud-on-the-market doctrine.

## NINTH DEFENSE

Each of the Sea Defendants at all times acted in good faith and did not directly or indirectly induce any act or acts constituting a violation of the Exchange Act. *See* 15 U.S.C. § 78t(a). The Sea Defendants believed at all relevant times, based on information

- 30 -

available to them, that statements by Sea were accurate when made and did not contain any material misstatement or omission of fact.  In this respect, the Sea Defendants at all times had no knowledge, and were not reckless in not knowing, that any alleged statement or omission was false or misleading.

**TENTH DEFENSE**

The Sea Defendants are not subject to control-person liability under Section 20(a) of the Exchange Act because they acted in good faith, in reasonable reliance upon information provided by others upon whom they were entitled to rely, and had no knowledge of or reasonable ground to believe in the existence of facts by reason of which the liability of the Sea Defendants is alleged to exist.

**ELEVENTH DEFENSE**

The Sea Defendants are not liable for any statements not made by them.

**TWELFTH DEFENSE**

Plaintiff's claims against the Sea Defendants are barred, in whole or in part, because the conduct of the Sea Defendants was in reasonable reliance upon information provided by others upon whom the Sea Defendants were entitled to rely.

**THIRTEENTH DEFENSE**

Plaintiff's claims against the Sea Defendants are barred, in whole or in part, for lack of causation.

**FOURTEENTH DEFENSE**

Plaintiff's damages, if any, were caused solely by the conduct of others and are not the result of any conduct on the part of the Sea Defendants.  Any damages must be reduced, diminished, and/or eliminated in proportion to the wrongful conduct of persons and/or entities other than the Sea Defendants, such that any verdict or judgment against the Sea Defendants does not exceed the Sea Defendants' proportionate fault, if any.  *See* 15 U.S.C. § 78u–4(f).

**FIFTEENTH DEFENSE**

Any damages allegedly incurred by Plaintiff are subject to the "90-day-bounce-back" damages limitation.  *See* 15 U.S.C. § 78u–4(e).

**SIXTEENTH DEFENSE**

Plaintiff's claims against the Sea Defendants are barred, in whole or in part, because Plaintiff purchased Sea securities with actual or constructive knowledge of the risks involved and thus assumed the risk that the value of Sea's securities would decline if such risks materialized.

**SEVENTEENTH DEFENSE**

This action is barred, in whole or in part, because the Sea Defendants are immune from liability for certain statements complained of in the Consolidated Amended Complaint under the PSLRA safe harbor, the bespeaks-caution doctrine, and other applicable safe harbors, where certain statements were identified as forward-looking statements and accompanied by meaningful cautionary language or were made without actual knowledge of their alleged falsity.

**EIGHTEENTH DEFENSE**

This action is barred, in whole or in part, because certain statements complained of in the Consolidated Amended Complaint are inactionable puffery.

**NINETEENTH DEFENSE**

This action is barred, in whole or in part, because it is predicated on statements of opinion or belief, which were neither objectively false when made nor misrepresented the speaker's subjective opinion or belief.

**TWENTIETH DEFENSE**

This action is barred, in whole or in part, because the information that Plaintiff alleges to have been omitted or misrepresented was in fact publicly available and/or widely known to the market and to the investing community.

**TWENTY-FIRST DEFENSE**

This action is barred, in whole or in part, by the doctrines of contributory negligence, comparative negligence and/or assumption of risk because Plaintiff and the members of the putative class knew, or in the exercise of reasonable care should have known, the risks inherent in investing in the securities at issue and thus assumed the risk of a decline in the value of their investments.

**TWENTY-SECOND DEFENSE**

This action is barred, in whole or in part, to the extent there are intervening and superseding causes of the alleged harm, if any, suffered by Plaintiff or the members of the putative class.

**TWENTY-THIRD DEFENSE**

This action is barred, in whole or in part, because neither Plaintiff nor the putative class members have suffered any damages or losses.

**TWENTY-FOURTH DEFENSE**

This action is barred, in whole or in part, because Plaintiff's and putative class members' damages, if any, are speculative and thus are not recoverable.

**TWENTY-FIFTH DEFENSE**

This action is barred, in whole or in part, to the extent Plaintiff and the members of the putative class seek damages that exceed those permitted under the federal securities laws and other applicable law.

**TWENTY-SIXTH DEFENSE**

This action is barred, in whole or in part, because Plaintiff and the members of the putative class lack standing.

**TWENTY-SEVENTH DEFENSE**

Plaintiff and the members of the putative class would be unjustly enriched if they were permitted to obtain any recovery in this action.

## TWENTY-EIGHTH DEFENSE

Any harm suffered or damages incurred by Plaintiff or members of the putative class are subject to offset in the amount of any benefit received by Plaintiff or members of the putative class through their investments, including but not limited to any settlement amounts that Plaintiff or members of the putative class receive from any other party and any other recoveries obtained by Plaintiff or members of the putative class mitigating their alleged damages, including but not limited to any tax, insurance, or indemnification benefit, or proceeds received from hedging or short selling.

## TWENTY-NINTH DEFENSE

Plaintiff is barred from recovery for damages, in whole or part, because it failed to make reasonable efforts to mitigate any such damages.

## THIRTIETH DEFENSE

Plaintiff's claims are barred under such equitable defenses as the evidence demonstrates, including but not limited to the doctrines of waiver, estoppel, unclean hands, and laches.

## THIRTY-FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, because the purported misrepresentations and omissions alleged in the Consolidated Amended Complaint did not affect the market price of Sea securities.

## THIRTY-SECOND DEFENSE

This action is not maintainable as a class action because the requirements of Federal Rule of Civil Procedure 23 and other applicable law are not met.

## THIRTY-THIRD DEFENSE

This action is not maintainable as a class action because Plaintiff is not a suitable representative of the members of the putative class.

## THIRTY-FOURTH DEFENSE

This action is barred, in whole or in part, because the putative class period is overbroad, and therefore, many of the putative class members are not entitled to any recovery.

## THIRTY-FIFTH DEFENSE

This action is barred, in whole or in part, because the damages for which Plaintiff claims the Sea Defendants are responsible arise from a decline in share price that was not caused or contributed to by the disclosure of any material misrepresentation or actionable omission by the Sea Defendants and were otherwise caused or contributed to by (a) persons or entities for whom the Sea Defendants are not responsible and for whom the Sea Defendants are not liable, or (b) factors other than any alleged misrepresentations or omissions for which the Sea Defendants may be responsible.

## THIRTY-SIXTH DEFENSE

This action is barred, in whole or in part, because the Sea Defendants, in the exercise of reasonable care, did not know and could not have known of any of the alleged wrongful conduct upon which the Consolidated Amended Complaint is based.

## THIRTY-SEVENTH DEFENSE

The Sea Defendants are informed and believe, and on that basis allege, that Plaintiffs and the members of the putative class are not entitled to any recovery from the Sea Defendants because Plaintiff and the putative class would have purchased Sea securities even with full knowledge of the facts that Plaintiff now alleges were misrepresented or omitted.

## THIRTY-EIGHTH DEFENSE

Plaintiff and the members of the putative class are not entitled to any recovery from the Defendants to the extent that they ratified the alleged wrongful acts and omissions alleged in the Consolidated Amended Complaint.

WHEREFORE, the Sea Defendants respectfully request that the Consolidated Amended Complaint be dismissed with prejudice and that the Court award the Sea Defendants their costs and attorneys' fees and any other relief deemed just and proper.

Dated:  October 18, 2024

ALLEN OVERY SHEARMAN STERLING US LLP

By: /s/ *Joshua T. Ebersole*
Adam S. Hakki (admitted *pro hac vice*)
Daniel C. Lewis (admitted *pro hac vice*)
Joshua T. Ebersole (admitted *pro hac vice*)
599 Lexington Avenue
New York, NY 10022-6069
Telephone:  (212) 848-4000
Email:   adam.hakki@aoshearman.com
         daniel.lewis@aoshearman.com
         joshua.ebersole@aoshearman.com

LEWIS ROCA ROTHGERBER CHRISTIE LLP
John C. Gray (Arizona Bar. No. 028454)
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Telephone:  (602) 262-5311
Facsimile:  (602) 262-5747
Email:   jgray@lewisroca.com

*Counsel for Defendants Sea Limited, Forrest Li, Tony Hou, Yanjun Wang, Gang Ye, and David Chen*