EXHIBIT 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Laborers District Council Construction Industry Pension Fund, et al.,<br><br>                              Plaintiffs,<br><br>        vs.<br><br>Sea Limited, et al.,<br><br>                              Defendants. | No. CV-23-01455-PHX-DLR<br><br>Consolidated with<br>Case No. 23-01889-PHX-SRB<br><br>CLASS ACTION<br><br>STIPULATION OF SETTLEMENT |

4916-7507-6375.v2

This Stipulation of Settlement, dated March 14, 2025 (the "Stipulation"), is made and entered into by and among the following: (1) Lead Plaintiff Laborers District Council Construction Industry Pension Fund ("Lead Plaintiff"), on behalf of itself and all other Members of the Class, by and through Lead Counsel in the Litigation; and (2) Defendant Sea Limited ("Sea" or the "Company"), and Individual Defendants Forrest Xiaodong Li, Tony Tianyu Hou, Yanjun Wang, Gang Ye, and David Jingye Chen (collectively with Sea, "Defendants"), by and through their counsel of record in the Litigation.[1] The Stipulation is intended to fully, finally, and forever compromise, resolve, discharge, release, settle, and dismiss with prejudice the Litigation and the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.    THE LITIGATION

The Litigation is currently pending in the United States District Court for the District of Arizona before the Honorable Douglas L. Rayes (the "Court"). The initial complaint in this action was filed on July 21, 2023. ECF No. 1. On October 6, 2023, the Court appointed Laborers District Council Construction Industry Pension Fund as Lead Plaintiff and approved its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel. ECF No. 23.

Lead Plaintiff's Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint") was filed on December 22, 2023. ECF No. 31. The Complaint alleges that Defendants violated the Securities Exchange Act of 1934 by issuing a series of materially false and misleading statements throughout the Class Period. Lead Plaintiff further alleges that when the true facts regarding the alleged misstatements were revealed, artificial inflation was removed from the price of Sea's publicly-traded American Depositary Shares, damaging Members of the Class. Defendants deny each and all of Lead Plaintiff's allegations. Defendants contend that they did not make any false or misleading statements and that they disclosed all information required to be disclosed by the federal securities laws.

---

[1]    All capitalized terms not otherwise defined shall have the meanings ascribed to them in §IV.1. herein.

1    The parties vigorously litigated this case for more than a year.  The parties briefed

2    Defendants' motion to dismiss the Complaint, which asserted that Lead Plaintiff had failed to

3    plead the requisite elements of its claims.  After the Court granted in part and denied in part

4    the motion to dismiss, the parties further briefed Defendants' motion for partial

5    reconsideration of the motion to dismiss order and began engaging in formal and informal

6    fact and class-related discovery.  During the course of the Litigation, the parties held direct

7    settlement discussions and mutually agreed to engage with a neutral third-party mediator.

8    Lead Counsel met in person with the mediator and counsel for Defendants, and on

9    December 27, 2024, the Settling Parties agreed to a mediator's proposal to settle the

10   Litigation, subject to approval by the Court.  This Stipulation (together with the Exhibits

11   hereto) reflects the final and binding agreement between the Settling Parties.

12   **II.    LEAD PLAINTIFF'S CLAIMS AND THE BENEFITS OF SETTLEMENT**

13   Lead Plaintiff and Lead Counsel believe that the claims asserted in the Litigation have

14   merit and evidentiary support.  However, Lead Plaintiff and Lead Counsel recognize the

15   expense and risk of continued proceedings necessary to prosecute the Litigation against

16   Defendants through trial and post-trial appeals.  Lead Plaintiff and Lead Counsel also have

17   taken into account the uncertain outcome and the risk of litigation, especially in complex

18   actions such as this Litigation involving overseas defendants, as well as the difficulties and

19   delays inherent in such litigation.  Lead Plaintiff and Lead Counsel also are mindful of the

20   inherent problems of proof under and possible defenses to the securities law violations

21   asserted in the Litigation.  Lead Plaintiff and Lead Counsel believe that the Settlement set

22   forth in this Stipulation confers substantial benefits upon the Class.  Based on their

23   evaluation, Lead Plaintiff and Lead Counsel have determined that the Settlement set forth in

24   this Stipulation is in the best interests of Lead Plaintiff and the Class.

25   **III.   DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY**

26   Throughout this Litigation, Defendants have denied, and continue to deny, each of the

27   claims alleged in the Litigation, including any and all allegations of fault, liability,

28   wrongdoing, scienter, causation, or damages whatsoever arising out of any of the conduct,

- 2 -

statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied, and continue to deny, among other allegations, the allegations that Lead Plaintiff or the Class have suffered any damages, or that Lead Plaintiff or the Class were harmed by the conduct alleged in the Litigation or that could have been alleged as part of the Litigation. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation. Defendants' decision to settle the Litigation is based on the conclusion that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation, and that it would be beneficial to avoid the burden, inconvenience, and expense associated with continuing the Litigation, and the uncertainty and risks inherent in any litigation.

## IV.    TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (for itself and the Class Members) and Defendants, by and through their counsel, that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement, the Litigation and the Released Claims shall be finally and fully compromised, resolved, settled, released, and discharged, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

### 1.    Definitions

As used in this Stipulation the following terms, when capitalized, have the meanings specified below:

1.1    "Authorized Claimant(s)" means any Class Member who submits a timely and valid Proof of Claim and Release and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claim(s)" means a paper claim submitted on a Proof of Claim and Release form or an electronic claim that is submitted to the Claims Administrator.

4916-7507-6375.v2

1        1.3    "Claims Administrator" means JND Legal Administration or such other entity

2 as the Court shall appoint or administer the Settlement.

3        1.4    "Class" means all Persons who purchased or otherwise acquired the publicly-

4 traded Sea American Depositary Shares during the period from November 15, 2022 through

5 August 14, 2023, both dates inclusive.  Excluded from the Class are:  Defendants, the

6 officers and directors of Sea Limited (at all relevant times), members of their immediate

7 families, and their legal representatives, heirs, successors or assigns, and any entity in which

8 any Defendant has a controlling interest.  Also excluded from the Class are those Persons

9 who would otherwise be a Class Member but who timely and validly exclude themselves in

10 accordance with the requirements set by the Court.

11        1.5    "Class Member(s)" or "Member(s) of the Class" means a Person who falls

12 within the definition of the Class as set forth in ¶1.4 above.

13        1.6    "Class Period" means the period from November 15, 2022 through August 14,

14 2023, both dates inclusive.

15        1.7    "Defendants' Counsel" means, collectively, the law firms of Allen Overy

16 Shearman Sterling US LLP and Lewis Roca Rothgerber Christie LLP.

17        1.8    "Effective Date," or the date upon which this Settlement becomes "effective,"

18 means the first date by which all of the events and conditions specified in ¶7.1 of the

19 Stipulation have been met and have occurred or have been waived.

20        1.9    "Escrow Account" means the separate escrow account designated and

21 controlled by Robbins Geller Rudman & Dowd LLP into which the Settlement Amount will

22 be deposited for the benefit of the Class.

23        1.10   "Escrow Agent" means the law firm of Robbins Geller Rudman & Dowd LLP

24 or its successor(s).

25        1.11   "Final" means, with respect to any order or Judgment of the Court, that such

26 order or Judgment represents a final and binding determination of all issues within its scope

27 and has not been reversed, vacated, or modified in any way and is no longer subject to

28 appellate review, either because of disposition on appeal and conclusion of the appellate

4916-7507-6375.v2

process or because of passage, without action, of time for seeking appellate review.  Without

limitation, an order or Judgment becomes Final when either:  (a) no appeal therefrom has

been filed and the time has passed for any notice of appeal to be timely filed therefrom; or

(b) an appeal has been filed and either (i) the court of appeals has either affirmed the order or

Judgment or dismissed that appeal and the time for any reconsideration or further appellate

review has passed; or (ii) a higher court has granted further appellate review and that court

has either affirmed the underlying order or Judgment or affirmed the court of appeals'

decision affirming the Judgment or dismissing the appeal.  For purposes of this paragraph, an

"appeal" shall include any motion for reconsideration or rehearing or petition for a writ of

*certiorari* or other writ that may be filed in connection with approval or disapproval of this

Settlement.  Any appeal or proceeding seeking subsequent judicial review pertaining solely

to an order issued with respect to:  (a) attorneys' fees, costs, or expenses or award to Lead

Plaintiff; (b) the Plan of Allocation (as submitted or subsequently modified); or (c) the

procedures for determining Authorized Claimants' recognized claims, shall not in any way

delay, affect, or preclude the time set forth above for the Judgment to become Final, or

otherwise preclude the Judgment from becoming Final.

1.12    "Judgment" means the Final Judgment and Order of Dismissal with Prejudice

to be rendered by the Court, substantially in the form attached hereto as Exhibit B, as well as

any form of final judgment that may be entered by the Court in a form other than the form

attached hereto as Exhibit B if expressly agreed in writing by the Settling Parties.

1.13    "Lead Counsel" means the law firm of Robbins Geller Rudman & Dowd LLP.

1.14    "Lead Plaintiff" means Laborers District Council Construction Industry

Pension Fund.

1.15    "Local Counsel" means Zimmerman Reed, LLP.

1.16    "Litigation" means the consolidated actions captioned *Laborers District

Council Construction Industry Pension Fund, et al., v. Sea Limited, et al.*, No. CV-23-01455-

PHX-DLR pending in the United States District Court for the District of Arizona, including

all individual actions consolidated therein.

- 5 -

4916-7507-6375.v2

1.17   "Net Settlement Fund" means the Settlement Fund less:  (a) any Court-awarded attorneys' fees, expenses, costs, and charges (including any award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class), and interest thereon; (b) Notice and Administration Expenses; (c) Taxes and Tax Expenses; and (d) other Court-approved deductions.

1.18   "Person(s)" means an individual, corporation (including all its divisions and subsidiaries thereof), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, or assignees.

1.19   "Plaintiffs' Counsel" means, collectively, Lead Counsel, Local Counsel, and any attorney or firm who has appeared in the Litigation on behalf of Lead Plaintiff or the Class.

1.20   "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.21   "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a Claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2.  A Class Member must complete and submit the Proof of Claim and Release should that Class Member seek to share in a distribution of the Net Settlement Fund.

1.22   "Related Parties" means each Defendant's past, present, or future direct or indirect parents, subsidiaries, divisions, branches, controlling persons, associates, entities, affiliates, or joint ventures, as well as each of their and each of Defendants' respective past, present, or future directors, officers, employees, independent contractors, managers, servants,

- 6 -

1    partners, limited partners, members, principals, trustees, advisors, auditors, accountants,

2    agents, underwriters, insurers, co-insurers, reinsurers, shareholders, attorneys, fiduciaries,

3    financial or investment advisors or consultants, banks or investment bankers, personal or

4    legal representatives, agents, predecessors, predecessors-in-interest, successors, successors-

5    in-interest, assigns, spouses, heirs, related or affiliated entities or persons, anyone acting or

6    purporting to act for or on behalf of any of them or their successors, heirs or assigns, any

7    other persons, firms, trusts, corporations, and other entities in which a Defendant or any past,

8    present, or future director of Sea has a financial interest or was a sponsor, founder, or creator

9    of the entity and, in their capacity as such, any and all officers, directors, employees, trustees,

10   beneficiaries, settlers, creators, attorneys, consultants, agents, or representatives of any such

11   person, firm, trust, corporation or other entity, any member of any Defendant's immediate

12   family, any trust of which any Defendant is the settlor or which is for the benefit of any

13   Defendant and/or member(s) of his or her family, and the legal representatives, heirs,

14   executors, administrators, predecessors, predecessors-in-interest, successors, successors-in-

15   interest, or assigns of each of the foregoing.

16        1.23   "Released Claims" means any and all claims, demands, losses, costs, interest,

17   penalties, fees, attorneys' fees, expenses, rights, causes of action, actions, duties, obligations,

18   judgments, debts, sums of money, suits, contracts, agreements, promises, damages, and

19   liabilities, including Unknown Claims, and causes of action of every nature and description,

20   whether known or unknown, direct or indirect, asserted or unasserted, matured or unmatured,

21   accrued or unaccrued, foreseen or unforeseen, disclosed or undisclosed, contingent or fixed

22   or vested, at law or equity, whether arising under federal, state, common or foreign law,

23   whether class or individual in nature, that (a) arise out of, are based upon, or relate in any

24   way to any of the allegations, acts, transactions, facts, events, matters, occurrences,

25   statements, representations, misrepresentations or omissions involved, set forth, alleged or

26   referred to, in this Litigation, or which could have been alleged in, referred to or made part of

27   this Litigation, and (b) arise out of, are based upon, or relate in any way to the purchase,

28   acquisition, sale, transfer, investment, other transaction in, or holding or disposition of Sea

- 7 -

1    securities that traded on the open market in the United States during the Class Period.

2    Released Claims also includes any and all claims arising out of, relating to, or in connection

3    with the Settlement or resolution of the Litigation (including Unknown Claims), except

4    claims relating to the enforcement of the Settlement.

5         1.24   "Released Defendants' Claims" means any and all claims and causes of action

6    of every nature and description whatsoever, including both known claims and Unknown

7    Claims, that arise out of, are based upon, or relate in any way to the institution, prosecution,

8    or settlement of the claims against Defendants in the Litigation, except for claims relating to

9    the enforcement of the Settlement.

10         1.25   "Released Persons" means each and all of the Defendants and their Related

11    Parties.

12         1.26   "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means Lead

13    Plaintiff, Plaintiffs' Counsel, and each and every plaintiff, Class Member, and counsel to any

14    plaintiff in their capacity as such, and each of their respective past, present, or future trustees,

15    officers, directors, partners, employees, contractors, accountants, auditors, principals, agents,

16    attorneys, predecessors, successors, assigns, representatives, affiliates, insurers, parents,

17    subsidiaries, general or limited partners or partnerships, and limited liability companies; and

18    the spouses, members of the immediate families, representatives, and heirs of any Releasing

19    Plaintiff Party who is an individual, as well as any trust of which any Releasing Plaintiff

20    Party is the settlor or which is for the benefit of any of their immediate family members.

21    Releasing Plaintiff Parties does not include any Person who timely and validly seeks

22    exclusion from the Class.

23         1.27   "Settlement" means the resolution of the Litigation in accordance with the

24    terms and provisions of this Stipulation.

25         1.28   "Settlement Amount" means Forty-Six Million U.S. Dollars (U.S.

26    $46,000,000.00) to be paid by check(s) and/or wire transfer(s) to the Escrow Agent pursuant

27    to ¶2.2 of this Stipulation.  The Settlement Amount is an all-in settlement number, meaning

28    that it includes, without limitation, all settlement funds, attorneys' fees, escrow costs,

- 8 -

4916-7507-6375.v2

administration costs, expenses, class member benefits, class representative awards, Taxes, and costs of any kind associated with the resolution of this matter. Defendants other than Sea bear no responsibility for payment of the Settlement Amount.

1.29 "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.30 "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

1.31 "Settling Parties" means, collectively, Defendants and Lead Plaintiff, on behalf of itself and the Class.

1.32 "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind, in each case in the nature of a tax (together with any and all interest, penalties, additions to tax, and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any federal, state, and local taxes. For the avoidance of doubt, Defendants shall have no obligation to make any payment for any Tax or Taxes.

1.33 "Unknown Claims" means: (a) any and all Released Claims which the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Lead Plaintiff, the Class, and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Class, and Plaintiffs' Counsel. With respect to (i) any and all Released Claims against the Released Persons, and (ii) any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly

- 9 -

waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall expressly waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Persons acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Persons, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Persons shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged,

- 10 -

4916-7507-6375.v2

extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Persons shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver of Unknown Claims was separately bargained for and is an essential element of the Settlement of which this release is a part.

**2.    The Settlement**

2.1    The obligations incurred pursuant to the Stipulation shall be in full and final disposition of:  (a) the Litigation against Defendants; (b) any and all Released Claims as against all Released Persons; and (c) any and all Released Defendants' Claims as against all Releasing Plaintiff Parties.

2.2    In full and final settlement of the claims asserted in the Litigation and in consideration of the releases specified in ¶4.1 herein, Sea shall pay or cause to be paid the Settlement Amount into the Escrow Account by wire transfer or check the earlier of: (a) forty-five (45) calendar days following the filing of the motion for preliminary approval of the Settlement; or (b) thirty (30) calendar days following preliminary approval of the Settlement by the Court.  The Escrow Agent shall provide Defendants an executed Form W-9 reflecting a valid tax identification number and all wire transfer instructions necessary to effectuate a transfer of funds (including, without limitation, bank name and ABA routing number, address and/or payment address, account name and number) to the Escrow Account no later than three (3) business days following the filing of the motion for preliminary approval of the Settlement.  Defendants' obligations will be satisfied with regard to the full

1    and final settlement of claims upon submission of the wire payment of the Settlement

2    Amount in accordance with instructions provided by the Escrow Agent.

3        2.3    If the entire Settlement Amount is not timely paid to the Escrow Account

4    within the time period provided for in ¶2.2, Lead Plaintiff and Lead Counsel may terminate

5    the Settlement, but only if:  (a) Lead Counsel has notified Defendants' Counsel in writing of

6    the intention to terminate the Settlement; and (b) the entire Settlement Amount is not

7    transferred to the Escrow Account within five (5) business days after Lead Counsel has

8    provided such written notice.

9        2.4    Other than the obligation to pay or cause to be paid the Settlement Amount into

10   the Settlement Fund set forth in ¶2.2, the Released Persons shall have no responsibility for,

11   interest in, or liability whatsoever with respect to:  (a) any act, omission, or determination by

12   Lead Counsel or the Claims Administrator, or any of their respective designees, in

13   connection with the administration of the Settlement or otherwise; (b) the management,

14   investment, or distribution of the Settlement Fund; (c) the Plan of Allocation; (d) the

15   determination, administration, calculation, or payment of any Claims asserted against the

16   Settlement Fund; (e) any loss suffered by, or fluctuation in value of, the Settlement Fund; or

17   (f) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection

18   with the taxation of the Settlement Fund, distributions or other payments from the Escrow

19   Account, or the filing of any federal, state, or local returns.

20       2.5    Lead Plaintiff and Class Members shall look solely to the Settlement Fund as

21   satisfaction of all Released Claims.  The Settlement Amount includes any and all of any

22   plaintiff's attorneys' fees and expenses, any court-approved award to any plaintiff, all of any

23   plaintiff's litigation costs, and all costs associated with providing notice to the Class and

24   administering the Settlement Fund and the settlement claims process, including, but not

25   limited to, fees and costs incurred by the Claims Administrator.  Other than the obligation to

26   cause the payment of the Settlement Amount in accordance with the terms of ¶2.2,

27   Defendants shall have no obligation to make any other payments into the Escrow Account, to

28   any Class Member or to Lead Plaintiff, or for any fees, expenses, costs, Taxes, or interest.

- 12 -

1    Any award made by the Court pursuant to the Fee and Expense Application referred to
2    herein shall be paid exclusively from the Settlement Fund.  Lead Plaintiff and Class
3    Members acknowledge that, as of the Effective Date, the releases and injunctions given
4    herein shall become effective by operation of the Final Judgment and shall be permanent,
5    absolute, and unconditional.

6        2.6    The Settlement is non-recapture (*i.e.*, it is not a claims-made settlement).  If the
7    Settlement is finally approved, and the Effective Date of the Settlement has occurred, neither
8    Defendants nor their insurers, nor any other person or entity contributing to the Settlement
9    Fund shall have the ability to get back any of the settlement monies, unless otherwise
10   expressly provided in this Stipulation.  The Settlement claims process will be administered
11   by the Claims Administrator.  Defendants will have no involvement in reviewing or
12   challenging Claims.

13                    **a.    Condition Precedent**

14       2.7    The Settlement is conditioned on the Court granting final approval of the
15   Settlement, and approval of the Settlement becoming Final.  Approval of the Settlement
16   becomes Final when the conditions set forth in ¶1.11 are satisfied.

17                    **b.    The Escrow Agent**

18       2.8    The Escrow Agent shall invest the Settlement Amount deposited pursuant to
19   ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by
20   the full faith and credit of the United States Government or an agency thereof, or in money
21   funds holding only instruments backed by the full faith and credit of the United States
22   Government, and shall reinvest the proceeds of these instruments as they mature in similar
23   instruments at their then-current market rates.  All risks related to the investment of the
24   Settlement Fund in accordance with the investment guidelines set forth in this paragraph
25   shall be borne by the Settlement Fund, and the Released Persons shall have no responsibility
26   for, interest in, or liability whatsoever with respect to investment decisions or the actions of
27   the Escrow Agent, or any transactions executed by the Escrow Agent.  Provided the Escrow
28   Agent invests the Settlement Fund as set forth herein, the Escrow Agent shall have no

1   liability whatsoever with respect to any investment decision made in connection with the
2   Settlement Fund.

3        2.9    The Escrow Agent shall not disburse the Settlement Fund except as provided in
4   this Stipulation, by an order of the Court, or with the prior written agreement of Defendants'
5   Counsel and Lead Counsel.

6        2.10   Subject to further order(s) and/or directions as may be made by the Court, or as
7   provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as
8   are consistent with the terms of this Stipulation and shall incur no liability whatsoever for
9   doing so.   The Released Persons shall have no responsibility for, interest in, or liability
10  whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by
11  the Escrow Agent.

12       2.11   All funds held by the Escrow Agent shall be deemed and considered to be in
13  *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such
14  time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of
15  the Court.

16       2.12   Notwithstanding the fact that the Effective Date of the Settlement has not yet
17  occurred, Lead Counsel may pay from the Settlement Fund, upon approval from the Court,
18  costs and expenses actually incurred in connection with providing notice of the Settlement to
19  the Class by mail, publication, and other means, locating Class Members, assisting with the
20  submission of Claims, processing Proof of Claim and Release forms, administering the
21  Settlement, and paying escrow taxes, fees and costs, if any, up to a maximum of $850,000
22  ("Notice and Administration Expenses").  The $850,000 maximum only applies to such costs
23  and expenses paid prior to the Effective Date.  After the Effective Date, Lead Counsel may
24  pay all of the costs and expenses actually incurred in connection with the administration of
25  the Settlement Fund without further order of the Court.  In the event that the Settlement does
26  not become Final, any money paid or incurred for the above purposes, including any related
27  fees, shall not be returned or repaid to Defendants.

28

4916-7507-6375.v2

2.13    It shall be Lead Counsel's responsibility to disseminate the Notice (defined below in ¶3.1), Proof of Claim and Release, Postcard Notice, and Summary Notice (defined below in ¶3.1) to the Class in accordance with this Stipulation and as ordered by the Court. The Released Persons shall have no responsibility for or liability whatsoever with respect to the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto, including any claims that may arise from any failure of the notice process.

### c.    Taxes

2.14    The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1, and the regulations promulgated thereunder.

(a)    The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's subject matter jurisdiction within the meaning of Treas. Reg. §1.468B-1(c)(1).  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.14, and the Escrow Agent and the Released Persons shall jointly make the "relation-back election" (as defined in Treas. Reg. §1.468B-1(j)(2)) back to the earliest permitted date. Such elections shall be made in accordance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" (as defined in Treas. Reg. §1.468B-2(k)(3)) of the Settlement Fund shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other federal, state, or local Tax returns necessary or advisable with respect to the earnings on the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the elections described in ¶2.14(a) hereof) shall be consistent with this

- 15 -

¶2.14 and in all events shall reflect that all Taxes (including any estimated Taxes) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.14(c) hereof.

(c)    All:  (i) Taxes (including any estimated Taxes) arising with respect to the income earned by the Settlement Fund, including any Taxes or Tax detriments to which the Released Persons or their counsel may be subject with respect to any income earned by the Settlement Fund for any period, after the deposit of the Settlement Amount, during which the Settlement Fund is not treated, or does not qualify, as a "qualified settlement fund" for federal or state income Tax purposes, and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.14 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.14) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility whatsoever for any Taxes or Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability for any Taxes or Tax Expenses.  Sea and Lead Plaintiff agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.14. The Settlement Fund shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

4916-7507-6375.v2

2.15    Each Released Person shall timely deliver to the Escrow Agent a "Section 1.468B-3 Statement" (as provided in Treas. Reg. §1.468B-3(e)) with respect to any transfers it makes to the Settlement Fund.

### d.    Termination of Settlement

2.16    In the event that the Settlement is not approved, or is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment does not become Final, then the parties shall be deemed to have reverted to their respective statuses and positions in the Litigation as of February 2, 2025, and the fact and terms of the Settlement shall not be admissible in any trial of the Litigation, and, except as otherwise expressly provided, the parties shall proceed in all respects as if this Stipulation and any related orders had not been entered, and any portion of the Settlement Fund paid by or on behalf of Defendants, together with any interest earned thereon (and, if applicable, re-payment of any attorneys' fee and expense award referred to in ¶6.2 herein), less any actual Notice and Administration Expenses or Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶2.12 and 2.14 hereof in connection with the Settlement provided for herein, shall be refunded pursuant to written instructions from Defendants' Counsel in accordance with ¶7.5 herein.

### 3.    Preliminary Approval Order and Settlement Hearing

3.1    By no later than March 14, 2025, Lead Counsel shall submit this Stipulation together with its Exhibits to the Court forthwith for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, certification of the Class, and approval for the mailing or emailing of a short-form settlement notice ("Postcard Notice") and publication of a summary notice ("Summary Notice"), substantially in the forms of Exhibits A-4 and A-3, respectively, attached hereto. The Postcard Notice and Summary Notice shall direct Class Members to the Settlement website to access the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which shall be substantially in the form of Exhibit A-1 attached hereto and include the general terms of the

1  Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of

2  the Fee and Expense Application, as defined in ¶6.1 hereof, and the date of the Settlement

3  Hearing, as defined in ¶1.30 and below.

4         3.2     Any Class Member who wishes to opt out of the Settlement must submit a

5  timely written request for exclusion (including any required documentation) on or before the

6  deadline for doing so set by the Court, in accordance with the Preliminary Approval Order

7  and the Notice (a "Request for Exclusion"). Requests for Exclusion on behalf of groups,

8  including "mass" or "class" opt-outs, are not permitted. Any Class Member who does not

9  submit a timely and valid written Request for Exclusion will be bound by all Court

10  proceedings, orders, and judgments, whether or not he, she, or it timely submits a Proof of

11  Claim and Release.

12         3.3     Any Class Member who wishes to object to the fairness, reasonableness, or

13  adequacy of this Settlement or to any aspect of the Plan of Allocation or the Fee and Expense

14  Application must do so in the manner specified and within the deadlines specified in the

15  Preliminary Approval Order and the Notice.

16         3.4     Lead Counsel shall request that, after notice is given and not earlier than one

17  hundred (100) calendar days after the Court issues preliminary approval of the proposed

18  Settlement, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement

19  of the Litigation as set forth herein. At or after the Settlement Hearing, Lead Counsel also

20  will request that the Court approve the proposed Plan of Allocation and the Fee and Expense

21  Application.

22        **4.**     **Releases**

23         4.1     Upon the Effective Date, as defined in ¶1.8 hereof, Lead Plaintiff, all Class

24  Members, and each and every Releasing Plaintiff Party shall be deemed to have, and by

25  operation of the Judgment shall have, fully, finally, and forever waived, released,

26  relinquished, discharged, and dismissed with prejudice each and every one of the Released

27  Claims against each and every one of the Released Persons and shall forever be barred and

28  enjoined from commencing, instituting, prosecuting, or maintaining any and all of the

4916-7507-6375.v2

Released Claims against any and all of the Released Persons, regardless of whether or not such Class Member or Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund. Claims to enforce the terms of this Stipulation are not released.

4.2     Any Proof of Claim and Release that is executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3     Upon the Effective Date, Lead Plaintiff, all Class Members, and the Releasing Plaintiff Parties will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons, whether or not such Class Member or Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.

4.4     Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Lead Plaintiff, the Class, and Plaintiffs' Counsel. Claims to enforce the terms of this Stipulation are not released.

4.5     The releases provided in this Stipulation shall become effective immediately upon the occurrence of the Effective Date without the need for any further action, notice, condition, or event.

5.     **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer, and calculate the Claims submitted by Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. The Released Persons and Defendants' Counsel shall have no role in, or responsibility or liability for, the

- 19 -

administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties, including Lead Plaintiff, any other Class Members, or Plaintiffs' Counsel, in connection with such administration, including, but not limited to:  (a) any act, omission, or determination by Lead Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (b) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (c) the Plan of Allocation; (d) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (e) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (f) the payment or withholding of any Taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Expenses;

(b)     to pay the Taxes and Tax Expenses;

(c)     to pay attorneys' fees and expenses of Plaintiffs' Counsel and an award to Lead Plaintiff (the "Fee and Expense Award"); and

(d)     after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation, the Plan of Allocation, or the orders of the Court.

5.3     After the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following provisions of this Stipulation.

5.4     Within seventy-five (75) calendar days after the mailing of the Postcard Notice or such other time as may be set by the Court, each Class Member shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in

- 20 -

4916-7507-6375.v2

the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.5    Except as provided for herein or otherwise ordered by the Court, all Class Members who fail to timely submit a valid Proof of Claim and Release shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will be barred from bringing any action against the Released Persons concerning the Released Claims. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.  No Person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, the Claims Administrator, or any Class Member by reason of the exercise or non-exercise of such discretion.

5.6    Each Proof of Claim and Release shall be submitted to and reviewed by the Claims Administrator, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶5.8 below.

5.7    Proof of Claim and Release forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose Claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of ¶5.8 below.

- 21 -

5.8    If any claimant whose timely Claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶5.7 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the claimant's request for review to the Court.

5.9    Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Person's claim to the Net Settlement Fund.  All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.  All Class Members, other claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.10    Without regard to whether a Proof of Claim and Release is submitted or allowed, each claimant who declines to be excluded from the Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim, including, but not limited to, all releases provided for herein and in the Judgment, and the Claim will be subject to investigation and discovery, provided that such investigation and discovery shall be limited to the claimant's status as a Class Member and the validity and amount of the claimant's Claim.  In connection with processing the Proofs of Claim and Release, no discovery shall be allowed on the merits of the Litigation or the Settlement, and Defendants shall have no obligation to provide discovery.

5.11    Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  No distributions will be made to Authorized

- 22 -

4916-7507-6375.v2

1   Claimants who would otherwise receive a distribution of less than $10.00.  If there is any
2   balance remaining in the Net Settlement Fund after a reasonable period of time after the date
3   of the distribution of the Net Settlement Fund, the Claims Administrator at Lead Counsel's
4   direction shall, if feasible, redistribute such balance among Authorized Claimants who
5   negotiated the checks sent in the initial distribution and who would receive a minimum of
6   $10.00.  These redistributions shall be repeated until the balance remaining in the Net
7   Settlement Fund is *de minimis*.  Any *de minimis* balance that still remains in the Net
8   Settlement Fund after such reallocation(s) and payments, which is not feasible or economical
9   to reallocate, shall be donated to any appropriate, non-profit charitable organization(s)
10  serving the public interest that is unaffiliated with any party or their counsel.

11      5.12    The Released Persons shall have no responsibility for, interest in, or liability
12  whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of
13  Allocation, the determination, administration, or calculation of Claims, the payment or
14  withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  No
15  Person shall have any claim of any kind against the Released Persons with respect to the
16  matters set forth in ¶¶5.1-5.15 hereof; and the Releasing Plaintiff Parties release the Released
17  Persons from any and all liability and claims arising from or with respect to the
18  administration, investment, or distribution of the Settlement Fund.

19      5.13    No Person shall have any claim against any Released Persons, Lead Plaintiff,
20  Plaintiffs' Counsel, the Claims Administrator, or any other Person designated by Lead
21  Counsel based on determinations or distributions made substantially in accordance with this
22  Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of
23  the Court.

24      5.14    Except for Sea's obligation to deposit the Settlement Amount into the Escrow
25  Account, or cause it to be deposited, if applicable, Defendants shall have no liability,
26  obligation, or responsibility for the administration of the Settlement, the payment or
27  withholding of any Taxes, any allocation or payment to any Plaintiffs' Counsel, or any fees,
28  expenses, costs, or interest or any disbursement of the Settlement Fund.

- 23 -

4916-7507-6375.v2

5.15    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

**6.    Lead Counsel's Attorneys' Fees and Expenses**

6.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") from the Settlement Fund for:  (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Litigation; plus (c) any interest earned on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid).  In addition, Lead Plaintiff may request an award in connection with its representation of the Class pursuant to 15 U.S.C. §78u-4(a)(4).  Lead Counsel reserves the right to make additional applications for fees and expenses incurred.

6.2    Any fees and expenses awarded to Lead Counsel by the Court shall be paid to Lead Counsel from the Settlement Fund immediately after the Court executes the Judgment and an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund plus interest earned thereon if, and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or expense award is lowered or the Settlement is disapproved by a final order not subject to further review.  Lead Counsel may thereafter allocate the attorneys' fees among Plaintiffs' Counsel in a manner in which it in good faith believes reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

4916-7507-6375.v2

6.3     In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and such reversal, modification, cancellation, or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid, then Lead Counsel shall, in an amount consistent with such reversal, modification, termination, or cancellation, refund such fees or expenses to the Settlement Fund pursuant to ¶2.16, plus the interest earned thereon, within twenty-one (21) calendar days from receiving notice from Defendants' Counsel or from a court of competent jurisdiction.  Lead Counsel, as a condition of receiving such fees or expenses on behalf of itself and each partner and/or shareholder of it, agrees that it and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.4     The procedure for and the allowance or disallowance by the Court of any applications by any Plaintiffs' Counsel for attorneys' fees and expenses to be paid out of the Settlement Fund is not part of the Settlement set forth in this Stipulation, and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and shall have no effect on the terms of the Stipulation or on the validity or enforceability of this Settlement.  The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Lead Plaintiff, Lead Counsel, or Plaintiffs' Counsel, nor any appeals from such awards.  Any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Litigation set forth therein.

6.5     Any fees and/or expenses awarded by the Court shall be paid solely from the Settlement Fund.  With the sole exception of Sea's obligation to pay or cause the Settlement Amount to be paid into the Escrow Account as provided for in ¶2.2, the Released Persons

- 25 -

shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or expenses (including Taxes) to Plaintiffs' Counsel, or any other counsel or Person who receives payment from the Net Settlement Fund.

6.6 The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Plaintiffs' Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

6.7 The Released Persons shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Class Member, whether or not paid from the Escrow Account.

**7. Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1 The Effective Date of the Settlement shall be the date by which all of the following events have occurred:

(a) the Settlement Amount has been deposited into the Escrow Account;

(b) the Court has entered the Preliminary Approval Order directing notice to the Class, as required by ¶3.1 hereof;

(c) Defendants have not exercised their option to terminate the Settlement pursuant to ¶7.3 hereof;

(d) the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(e) the Judgment has become Final, as defined in ¶1.11 hereof.

7.2 Upon the Effective Date, any and all remaining interest or right of the Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished. If the conditions specified in ¶7.1 hereof are not met, then the Settlement shall be canceled and terminated subject to ¶¶7.5, 7.6, and 7.7 hereof unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

- 26 -

4916-7507-6375.v2

7.3    Defendants shall have the option to terminate the Settlement in the event that Persons who otherwise would be Members of the Class and timely choose to exclude themselves from the Class in accordance with the provisions of the Preliminary Approval Order and Notice given pursuant thereto purchased more than a certain number of shares of Sea's publicly-traded American Depositary Shares during the Class Period ("Opt-Out Threshold"), as set forth in a separate confidential agreement (the "Supplemental Agreement") executed between Lead Counsel and Defendants' Counsel, which is incorporated by reference into this Stipulation.  The parties shall not file the Supplemental Agreement with the Court unless instructed to do so by the Court.  The Opt-Out Threshold may be disclosed to the Court for purposes of approval of the Settlement, as may be required by the Court, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to maintain the Opt-Out Threshold as confidential.

7.4    Each of Lead Plaintiff and Defendants shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) calendar days of:  (a) the Court's refusal to enter the Preliminary Approval Order; (b) the Court's refusal to approve the Settlement; (c) the Court's refusal to enter the Judgment; (d) the date upon which the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked; or (e) the failure of the Effective Date to occur for any reason.  For avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or costs and expenses to Lead Plaintiff shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of the Stipulation.

7.5    Unless otherwise ordered by the Court, in the event this Stipulation is not approved or this Stipulation or the Settlement is terminated, canceled, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the

- 27 -

4916-7507-6375.v2

1 Judgment is reversed or vacated or altered following any appeal taken therefrom, within

2 thirty (30) calendar days after written notification of such event is sent by Defendants'

3 Counsel, or Lead Counsel to the Escrow Agent, the Settlement Fund, less Taxes, Tax

4 Expenses, and Notice and Administration Expenses which have either been disbursed

5 pursuant to ¶¶2.12 and/or 2.14 hereof, or are chargeable to the Settlement Fund pursuant to

6 ¶¶2.12 and/or 2.14 hereof, shall be returned to Defendants by the Escrow Agent, including

7 any interest earned thereon.  The Escrow Agent or its designee shall apply for any Tax

8 refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or

9 expenses incurred in connection with such application(s) for refund to the same Persons in

10 the same manner as the Settlement Fund described in this ¶7.5.  Such payments shall be

11 pursuant to written instructions from Defendants' Counsel.

12   7.6 In the event that this Stipulation is not approved or this Stipulation or the

13 Settlement is terminated, canceled, or the Effective Date otherwise fails to occur for any

14 reason, the Settling Parties shall be restored to their respective positions in the Litigation as

15 of February 2, 2025.  In such event, the terms and provisions of the Stipulation, with the

16 exception of ¶¶1.1-1.33, 2.12-2.16, 6.3-6.7, 7.5-7.7, 9.4, and 9.6 hereof, shall have no further

17 force and effect with respect to the Settling Parties and shall not be used in this Litigation or

18 in any other proceeding for any purpose, and any judgment or order entered by the Court in

19 accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.  No

20 order of the Court or modification or reversal on appeal of any order of the Court concerning

21 the Plan of Allocation or any Fee and Expense Award shall operate to terminate or cancel

22 this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

23   7.7 If the Effective Date does not occur, or if this Stipulation is terminated

24 pursuant to its terms, neither Lead Plaintiff nor Plaintiffs' Counsel shall have any obligation

25 to repay any amounts disbursed pursuant to ¶¶2.12 or 2.14.  In addition, any amounts already

26 incurred pursuant to ¶¶2.12 or 2.14 hereof at the time of such termination or cancellation but

27 which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of

28 this Stipulation prior to the balance being refunded in accordance with ¶¶2.16 and 7.5 hereof.

1         **8.**       **No Admission of Wrongdoing**

2         8.1     Defendants have denied and continue to deny that they have made or

3 committed any act, statement, or omission giving rise to any liability and/or violation of law.

4 Defendants state that they are entering into this Settlement solely to eliminate the burden and

5 expense of further litigation. Neither the Settlement, this Stipulation (whether or not

6 consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or

7 any other plan of allocation that may be approved by the Court), the negotiations leading to

8 the execution of this Stipulation and the Settlement, nor any terms, provisions, exhibits, and

9 prior drafts of the foregoing, nor any proceedings taken pursuant to or in connection with this

10 Stipulation, and/or approval of the Settlement (including any arguments proffered in

11 connection therewith):

12           (a)     shall be offered or received against any Released Person(s) as evidence

13 of or construed as or deemed to be evidence of any presumption, concession, or admission

14 by any Defendant of the truth of any allegations by Lead Plaintiff or any Member of the

15 Class or the validity of any claim that has been or could have been asserted in the Litigation,

16 or the deficiency of any defense that has been or could have been asserted in the Litigation or

17 in any other litigation, including, but not limited to, litigation of the Released Claims, or of

18 any liability, negligence, fault, or wrongdoing of any kind of any of the Defendants;

19           (b)     shall be referred to for any other reason as against any of the Released

20 Person(s), in any civil, criminal, or administrative action or proceeding, other than in such

21 proceedings as may be necessary to effectuate the provisions of this Stipulation;

22           (c)     shall be offered, received, or construed against any Released Person(s)

23 as evidence of a presumption, concession, or admission of any fault, misrepresentation,

24 wrongdoing, or omission with respect to any statement or written document approved or

25 made by any Defendant, or against Lead Plaintiff or any Member of the Class as evidence of

26 any infirmity in the claims of Lead Plaintiff and the Class;

27           (d)     shall be offered, received, or construed against any Released Person(s)

28 as evidence of a presumption, concession, or admission of any liability, negligence, fault, or

4916-7507-6375.v2

1    wrongdoing, or in any way referred to for any other reason as against any of the parties to

2    this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided,

3    however, that if this Stipulation is approved by the Court, Defendants and their Related

4    Parties may refer to it to effectuate the release granted them hereunder; or

5         (e)    shall be construed against any Released Person(s), Lead Plaintiff, or the

6    Class as evidence of a presumption, concession, or admission that the consideration to be

7    given hereunder represents the amount which could be or would have been recovered after

8    trial or in any proceeding other than this Settlement.

9    **9.    Miscellaneous Provisions**

10    9.1    The Settling Parties:  (a) acknowledge that it is their intent to consummate this

11    agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and

12    implement all terms and conditions of this Stipulation and to exercise their best efforts to

13    accomplish the foregoing terms and conditions of this Stipulation.

14    9.2    The Settling Parties intend this Settlement to be a final and complete resolution

15    of all disputes between the Class and the Defendants with respect to the Litigation.  The

16    Settlement shall not be deemed an admission by any Settling Party as to the merits of any

17    claim or defense.  The Judgment will contain a finding that, during the course of the

18    Litigation, the Settling Parties and their respective counsel at all times complied with the

19    requirements of Federal Rule of Civil Procedure 11.  The Settling Parties and their counsel

20    agree that each has complied fully with applicable requirements of good faith litigation under

21    the Securities Exchange Act of 1934 and the Federal Rules of Civil Procedure.  The Settling

22    Parties and their counsel shall not take the position that the Litigation was brought or

23    defended in bad faith or in violation of Rule 11 of the Federal Rules of Civil Procedure.

24    9.3    Defendants and/or the Released Persons may file this Stipulation and/or the

25    Judgment from this action in any other action that may be brought against them in order to

26    support a defense or counterclaim based on principles of *res judicata*, collateral estoppel,

27    release, statute of limitations, statute of repose, injunction, good faith settlement, judgment

28    bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or

- 30 -

1  counterclaim, or to effectuate any liability protection under any applicable insurance policy.
2  The Settling Parties may file this Stipulation and/or the Judgment in any action that may be
3  brought to enforce the terms of this Stipulation and/or the Judgment.  All Settling Parties
4  submit to the jurisdiction of the Court for purposes of implementing and enforcing the
5  Settlement.

6        9.4    All agreements made and orders entered during the course of the Litigation
7  relating to the confidentiality of information shall survive this Stipulation.

8        9.5    All of the Exhibits to this Stipulation are material and integral parts hereof and
9  are fully incorporated herein by this reference.

10       9.6    This Stipulation, along with its Exhibits, may be amended or modified only by
11  a written instrument signed by or on behalf of all Settling Parties or their respective
12  successors-in-interest.

13       9.7    This Stipulation, the Exhibits attached hereto, and the Supplemental
14  Agreement constitute the entire agreement between Lead Plaintiff, on the one hand, and
15  Defendants, on the other hand, as to the subject matter hereof and supersede any prior or
16  contemporaneous written or oral agreements or understandings between Lead Plaintiff, on
17  the one hand, and Defendants, on the other hand.  No representations, warranties, or
18  inducements have been made between Lead Plaintiff, on the one hand, and Defendants, on
19  the other hand, concerning this Stipulation or its Exhibits, other than the representations,
20  warranties, and covenants contained and memorialized in such documents.

21       9.8    Except as provided herein, or otherwise agreed to in writing by the parties
22  hereto, each party shall bear his, her, or its own fees and costs.

23       9.9    Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff
24  to take all appropriate action required or permitted to be taken by the Class pursuant to this
25  Stipulation to effectuate its terms and is also expressly authorized to enter into any
26  modifications or amendments to this Stipulation on behalf of the Class which it deems
27  appropriate.

28

4916-7507-6375.v2

9.10    Each counsel or other Person executing this Stipulation, its Exhibits, the Supplemental Agreement, or any related Settlement document, on behalf of any party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms, without requiring additional consent, approval, or authorization of any other Person, board, entity, tribunal, or other regulatory or governmental authority.

9.11    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or PDF via email shall be deemed originals.

9.12    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given:  (a) when delivered personally to the recipient; (b) one (1) business day after being sent to the recipient by UPS overnight courier service (charges prepaid); or (c) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

If to Lead Plaintiff or to Lead Counsel:

> ROBBINS GELLER RUDMAN & DOWD LLP
> J. MARCO JANOSKI GRAY
> 655 West Broadway, Suite 1900
> San Diego, CA  92101

If to Defendants or Defendants' Counsel:

> ALLEN OVERY SHEARMAN STERLING US LLP
> JOSHUA T. EBERSOLE
> 599 Lexington Avenue
> New York, NY  10022

9.13    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties, the Released Persons, and all Class Members.

- 32 -

4916-7507-6375.v2

9.14    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

9.15    The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

9.16    Pending approval of the Court of this Stipulation and its Exhibits, the Settling Parties shall cooperate to ensure that all non-settlement-related proceedings in this Litigation shall be stayed, and all Members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

9.17    Upon the Effective Date, the Litigation shall be dismissed with prejudice as provided in the Judgment attached hereto as Exhibit B.

9.18    Lead Plaintiff and Lead Counsel represent and warrant that none of the Lead Plaintiff's claims or causes of action against one or more Defendants in the Litigation, or referred to in this Stipulation, or that could have been alleged against one or more Defendants in the Litigation, have been assigned, encumbered, conveyed, given, granted, or in any manner transferred in whole or in part.

9.19    This Stipulation and its Exhibits shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of New York and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of New York without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

9.20    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

9.21    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by

- 33 -

1  counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length

2  negotiations between the Settling Parties, and the Settling Parties have contributed

3  substantially and materially to the preparation of this Stipulation.

4       9.22    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or

5  shall be deemed to constitute a waiver of any applicable privilege or immunity, including,

6  without limitation, attorney-client privilege, joint defense privilege, or work product

7  protection.

8       9.23    Unless otherwise provided, the Settling Parties may agree to reasonable

9  extensions of time to carry out any of the provisions of this Stipulation without further order

10  of the Court.

11       IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

12  executed, by their duly authorized attorneys, dated March 14, 2025.

13                       ROBBINS GELLER RUDMAN & DOWD LLP

                         THEODORE J. PINTAR (*pro hac vice*)

14                       TOR GRONBORG (*pro hac vice*)

15                       J. MARCO JANOSKI GRAY (*pro hac vice*)

                         T. ALEX B. FOLKERTH (*pro hac vice*)

16                       JESSICA E. ROBERTSON (*pro hac vice*)

17

18

19

20                              J. MARCO JANOSKI GRAY

21

22                       655 West Broadway, Suite 1900

                       San Diego, CA 92101

23                       Telephone: 619/231-1058

                       619/231-7423 (fax)

24                       tedp@rgrdlaw.com

                       torg@rgrdlaw.com

25                       mjanoski@rgrdlaw.com

26                       afolkerth@rgrdlaw.com

                     jrobertson@rgrdlaw.com

27

                     Lead Counsel for Lead Plaintiff

28

4916-7507-6375.v2

1

2     ZIMMERMAN REED, LLP
     HART L. ROBINOVITCH
     14648 North Scottsdale Road, Suite 130

3     Scottsdale, AZ  85254
     Telephone:  480/348-6400

4     480/348-6415 (fax)
     hart.robinovitch@zimmreed.com

5

6     Local Counsel for Lead Plaintiff

7     ALLEN OVERY SHEARMAN STERLING
     US LLP

8     ADAM S. HAKKI (*pro hac vice*)
     DANIEL C. LEWIS (*pro hac vice*)

9     JOSHUA T. EBERSOLE (*pro hac vice*)

10

11

12               JOSHUA T. EBERSOLE

13     599 Lexington Avenue
     New York, NY  10022-6069

14     Telephone:  212/848-4000

15     adam.hakki@aoshearman.com
     daniel.lewis@aoshearman.com

16     joshua.ebersole@aoshearman.com

17

18     LEWIS ROCA ROTHGERBER CHRISTIE LLP
     JOHN C. GRAY (Arizona Bar No. 028454)

19     201 East Washington Street, Suite 1200
     Phoenix, AZ  85004

20     Telephone:  602/262-5311
     602/262-5747 (fax)

21     jgray@lewisroca.com

22     Counsel for Defendants Sea Limited, Forrest Li,

23     Tony Hou, Yanjun Wang, Gang Ye, and David
     Chen

24

25

26

27

28

- 35 -

4916-7507-6375.v2

**INDEX OF EXHIBITS TO STIPULATION OF SETTLEMENT**

| DOCUMENT | EXHIBIT |
|---|:---:|
| Order Preliminarily Approving Settlement and Providing for Notice | A |
| Notice of Pendency and Proposed Settlement of Class Action | A-1 |
| Proof of Claim and Release | A-2 |
| Summary Notice of Proposed Settlement of Class Action | A-3 |
| Postcard Notice | A-4 |
| Final Judgment and Order of Dismissal with Prejudice | B |

# EXHIBIT A

1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                         DISTRICT OF ARIZONA

10   Laborers District Council Construction          )    No. CV-23-01455-PHX-DLR
     Industry Pension Fund, et al.,                   )
11                                                    )    Consolidated with
                                  Plaintiffs,         )    Case No. 23-01889-PHX-SRB
12                                                    )
              vs.                                     )    CLASS ACTION
13                                                    )
     Sea Limited, et al.,                             )    ORDER PRELIMINARILY APPROVING
14                                                    )    SETTLEMENT AND PROVIDING FOR
                                  Defendants.         )    NOTICE
15                                                    )
                                                      )
16   _____          )    EXHIBIT A

17

18

19

20

21

22

23

24

25

26

27

28

4934-3023-5935.v1

1    WHEREAS, a consolidated action is pending before this Court entitled *Laborers*

2    *District Council Construction Industry Pension Fund, et al., v. Sea Ltd., et al.*, No. CV-23-

3    01455-PHX-DLR (D. Ariz.);

4    WHEREAS, the Settling Parties having made application, pursuant to Federal Rule of

5    Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation,

6    in accordance with the Stipulation of Settlement dated March 14, 2025 (the "Stipulation"),

7    which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a

8    proposed Settlement of the Litigation and for dismissal of the Litigation with prejudice upon

9    the terms and conditions set forth therein; and the Court having read and considered the

10   Stipulation and the Exhibits annexed thereto;

11   WHEREAS, the Settling Parties having consented to the entry of this Order;

12   WHEREAS, unless otherwise defined, all terms used herein have the same meanings

13   as set forth in the Stipulation;

14   WHEREAS, the Court preliminarily finds that:

15   (a)    the Settlement resulted from informed, good faith, extensive, arm's-

16   length negotiations between experienced counsel following mediation under the direction of

17   an experienced mediator;

18   (b)    the proposed Settlement eliminates risks to the Settling Parties of

19   continued litigation;

20   (c)    the Settlement does not provide undue preferential treatment to Lead

21   Plaintiff or to segments of the Class;

22   (d)    the Settlement does not provide for excessive compensation to

23   Plaintiffs' Counsel; and

24   (e)    the Settlement appears to fall within the range of possible approval and

25   is therefore sufficiently fair, reasonable, and adequate to warrant providing notice of the

26   Settlement to the Class;

27

28

- 1 -

4934-3023-5935.v1

1      NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

2      1.     The Court hereby preliminarily approves the Settlement set forth in the

3 Stipulation, subject to further consideration at the Settlement Hearing described below.

4      2.     Pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil

5 Procedure, preliminarily and for purposes of this Settlement only, the Litigation is hereby

6 certified as a class action on behalf of all Persons who purchased or otherwise acquired Sea

7 Limited's ("Sea") publicly-traded American Depositary Shares ("ADSs") during the period

8 from November 15, 2022 through August 14, 2023, both dates inclusive (the "Class

9 Period"). Excluded from the Class are: Defendants, the officers and directors of Sea (at all

10 relevant times), members of their immediate families, and their legal representatives, heirs,

11 successors, or assigns, and any entity in which any Defendant has a controlling interest.

12 Also excluded from the Class are those Persons who would otherwise be a Class Member

13 who properly exclude themselves by submitting a valid and timely Request for Exclusion

14 (defined below in ¶15 of this Order).

15      3.     The Court finds, for the purpose of the Settlement only, that the prerequisites

16 for a class action under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure

17 have been satisfied in that: (i) the number of Class Members is so numerous that joinder of

18 all members is impracticable; (ii) there are questions of law and fact common to the Class;

19 (iii) Lead Plaintiff's claims are typical of the claims of the Class it seeks to represent;

20 (iv) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the

21 interests of the Class; (v) the questions of law and fact common to Class Members

22 predominate over any questions affecting only individual Class Members; and (vi) a class

23 action is superior to other methods for the fair and efficient adjudication of the Litigation.

24      4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Laborers District

25 Council Construction Industry Pension Fund is preliminarily certified as the Class

26 Representative and Robbins Geller Rudman & Dowd LLP is preliminarily certified as Class

27 Counsel.

28

4934-3023-5935.v1

5.    The Court preliminarily finds that the proposed Settlement should be approved as:    (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

6.    A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2025, at _____ (a date that is at least 100 calendar days from entry of this Order), at the U.S. District Court for the District of Arizona, Sandra Day O'Connor United States Courthouse, 401 West Washington Street, Phoenix, AZ 85003-2118, to determine: (i) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Judgment, as provided in ¶1.12 of the Stipulation, should be entered; (iii) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (iv) the fees and expenses that should be approved for Plaintiffs' Counsel and the amount of the 15 U.S.C. §78u-4(a)(4) award to Lead Plaintiff; and (v) any such other matters as the Court may deem appropriate.   The Court may adjourn the Settlement Hearing without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.   The Court may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

7.    The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), and the Postcard Notice annexed hereto as Exhibits 1, 2, 3, and 4, respectively, and finds that the mailing and distribution of the Postcard Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶10 of this Order, meet the requirements of Federal Rule of Civil Procedure 23, the Private

- 3 -

Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

8.      Within ten (10) calendar days after entry of this Order, Sea shall use reasonable efforts to provide or cause to be provided to the Claims Administrator, at no cost to Lead Plaintiff or the Class, the last known names and addresses of all Persons or entities who, based on the records of Sea, the depositary bank, or others, are likely Class Members or nominees of Class Members.

9.      Other than the fees, costs, and expenses of providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715, which shall be paid by Sea, all fees, costs, and expenses incurred in identifying and notifying potential Class Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event shall any of the Released Persons or Releasing Plaintiff Parties bear any responsibility for such fees, costs, or expenses.

10.     The firm of JND Legal Administration ("JND" or "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below:

(a)      Not later than _____, 2025 (the "Notice Date") (a date twenty-one (21) calendar days after entry by the Court of this Order), the Claims Administrator shall commence emailing and mailing by First-Class Mail (where email addresses are not available) a copy of the Postcard Notice, substantially in the form annexed hereto, to all potential Class Members who can be identified with reasonable effort and shall post the Stipulation, Notice, and Proof of Claim on the website established for this Litigation at www.SeaLimited2023SecuritiesLitigation.com.   For all Postcard Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses;

(b)      Not later than _____, 2025 (a date seven (7) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published

- 4 -

1  once in the national edition of *The Wall Street Journal* and once over a national newswire

2  service; and

3           (c)    At least seven (7) calendar days prior to the Settlement Hearing, Lead

4  Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or

5  declaration, of such mailing and publishing.

6           11.    Nominees who purchased and/or otherwise acquired Sea ADSs during the

7  Class Period for beneficial owners who are Class Members are directed to: (i) request within

8  seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard

9  Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a

10  list of the names and addresses (including email addresses if available) of such beneficial

11  owners to the Claims Administrator within seven (7) calendar days after receipt of the

12  Postcard Notice.  If a nominee elects to send the Postcard Notice to beneficial owners, such

13  nominee is directed to email or mail (where an email is unavailable) the Postcard Notice

14  within seven (7) calendar days of receipt of those documents from the Claims Administrator,

15  and upon such emailing or mailing, the nominee shall send a statement to the Claims

16  Administrator confirming that the emailing or mailing was made as directed, and the

17  nominee shall retain the list of names and addresses for use in connection with any possible

18  future notice to the Class.  Upon full compliance with these instructions, including the timely

19  emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek

20  reimbursement of their reasonable expenses actually incurred in complying with these

21  instructions by providing the Claims Administrator with proper documentation supporting

22  the expenses for which reimbursement is sought and reflecting compliance with these

23  instructions.  Reasonable out-of-pocket expenses actually incurred in connection with the

24  foregoing includes up to $0.03 per record for providing names, addresses, and email

25  addresses to the Claims Administrator; up to a maximum of $0.03 per Postcard Notice

26  mailed by nominee, plus postage at the rate used by the Claims Administrator; or $0.03 per

27  Postcard Notice sent by email.  Such properly documented expenses incurred by nominees in

28  compliance with the terms of these instructions will be paid from the Settlement Fund.

- 5 -

12. Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, whether or not such Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Net Settlement Fund.

13. Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than _____, 2025 (a date seventy-five (75) calendar days from the Notice Date). Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered, and will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum, asserting any or all of the Released Claims against the Released Persons. Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No person shall have any claim against Lead Plaintiff, the Escrow Agent, Plaintiffs' Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted Claims.

14. Any Class Member may enter an appearance in the Litigation, at the Class Member's own expense, individually or through counsel of the Class Member's own choice. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

15. Any Class Member who wishes to exclude himself, herself, itself, or themselves from the Class must request exclusion in writing within the time and in the manner set forth in the Notice. Any such Person must submit to the Claims Administrator a

- 6 -

signed request for exclusion ("Request for Exclusion") such that it is postmarked or received (if not postmarked) no later than _____, 2025 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing). A Request for Exclusion must provide: (i) the name, address, and telephone number of the Person requesting exclusion; (ii) a list identifying the dates and the number of Sea ADSs purchased, acquired, or sold during the Class Period and the price paid for each such purchase or acquisition and received for each such sale; and (iii) a statement that the Person wishes to be excluded from the Class. Any such request for exclusion must be signed and submitted by the beneficial owner. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or is otherwise accepted by the Court. The supporting documentation shall be in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel. Group opt-outs, including "mass" or "class" opt-outs, are not permitted. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Settlement or any final Judgment. Unless otherwise ordered by the Court, any Person who purchased or acquired Sea ADSs during the Class Period who fails to timely request exclusion from the Class in compliance with each of the provisions in this paragraph and the Notice shall be deemed to have waived his, her, or its right to be excluded from the Class, and shall be barred from requesting exclusion from the Class.

16. Lead Counsel or the Claims Administrator shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion, promptly upon receipt and as expeditiously as possible, and in any event, not less than fourteen (14) calendar days prior to the Settlement Hearing.

17. Any Class Member who or which does not request exclusion from the Class may file a written objection to the proposed Settlement and show cause why the proposed

- 7 -

1    Settlement of the Litigation should or should not be approved as fair, reasonable, and

2    adequate, why a judgment should or should not be entered thereon, why the Plan of

3    Allocation should or should not be approved, or why the requested amount of attorneys' fees

4    and expenses should or should not be awarded to Plaintiffs' Counsel or Lead Plaintiff;

5    provided, however, that no Class Member or any other Person shall be heard or entitled to

6    contest such matters, unless that Person has delivered by hand or sent by First-Class Mail

7    written objection and copies of any papers and briefs such that they are received, not simply

8    postmarked, on or before _____, 2025 (a date that is twenty-one (21) calendar days

9    prior to the Settlement Hearing), by both Robbins Geller Rudman & Dowd LLP, Attn:

10   Theodore J. Pintar, 655 West Broadway, Suite 1900, San Diego, CA 92101, and Allen Overy

11   Shearman Sterling US LLP, Attn:  Joshua T. Ebersole, 599 Lexington Avenue, New York,

12   NY 10022; and filed said objections, papers, and briefs with the Clerk of the U.S. District

13   Court for the District of Arizona, Sandra Day O'Connor United States Courthouse, 401 West

14   Washington Street, Phoenix, AZ 85003-2118, on or before _____, 2025 (a date that

15   is twenty-one (21) calendar days prior to the Settlement Hearing).  Any Class Member who

16   does not make his, her, or its objection in the manner provided herein and in the Notice shall

17   be deemed to have waived such objection and shall:  forever be foreclosed from making any

18   objection to the fairness, reasonableness, or adequacy of the proposed Settlement as set forth

19   in the Stipulation, to any Judgment approving the Settlement, and to the Plan of Allocation,

20   or to the award of attorneys' fees and expenses to Plaintiffs' Counsel; be bound by all the

21   terms and provisions of the Stipulation and by all proceedings, orders and judgments in the

22   Litigation; and be foreclosed from appealing from any judgment or order entered in the

23   Litigation.  Attendance at the Settlement Hearing is not necessary.  However, Persons

24   wishing to be heard orally in support of or in opposition to the approval of the Settlement,

25   the Plan of Allocation, and/or the award of attorneys' fees and expenses to Plaintiffs'

26   Counsel or Lead Plaintiff are required to indicate in their written statement of support or

27   objection their intention to appear at the Settlement Hearing.  Class Members do not need to

28

1   appear at the Settlement Hearing or take any action if they do not oppose any aspect of the

2   Settlement.

3       18.    Any objections, filings, and other submissions by an objecting Class Member

4   must: (i) state the name, address, and telephone number of the Person objecting and must be

5   signed by the objector, even if the objector is represented by counsel; (ii) contain a statement

6   of the Class Member's objection or objections, and the specific reasons for each objection,

7   including any legal and evidentiary support the Class Member wishes to bring to the Court's

8   attention and whether the objection applies only to the objector, the Class, or a specific

9   subset of the Class; (iii) include documents sufficient to prove membership in the Class,

10  including the objecting Class Member's purchases, acquisitions, and sales of Sea ADSs

11  during the Class Period, including the dates and the number of ADSs purchased, acquired, or

12  sold, and the price paid or received for each such purchase, acquisition, or sale; and

13  (iv) identify all class action settlements to which the objector or his, her, or its counsel have

14  previously objected.

15      19.    Any Class Member who does not object to the Settlement, the Plan of

16  Allocation, or the application for an award of attorneys' fees, costs, charges, and expenses in

17  the manner prescribed herein and in the Notice shall be deemed to have waived such

18  objection and shall forever be foreclosed from making any objection to the fairness,

19  adequacy, or reasonableness of the proposed Settlement, this Order, the Judgment to be

20  entered approving the Settlement, the Plan of Allocation, and/or the application by Lead

21  Counsel for an award of attorneys' fees together with costs, charges, and expenses.

22      20.    All funds held by the Escrow Agent shall be deemed and considered to be *in

23  custodia legis* of the Court and shall remain subject to the jurisdiction of the Court, until such

24  time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of

25  the Court.

26      21.    All opening briefs and supporting documents in support of the Settlement, the

27  Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses

28  shall be filed and served by _____, 2025 (a date that is thirty-five (35) calendar days

- 9 -

4934-3023-5935.v1

1    prior to the Settlement Hearing). Replies to any objections shall be filed and served by

2    _____, 2025 (a date that is seven (7) calendar days prior to the Settlement

3    Hearing).

4         22.    Neither the Released Persons nor Defendants' Counsel shall have any

5    responsibility for the Plan of Allocation or any application for attorneys' fees, expenses, or

6    award submitted by Lead Plaintiff or Lead Counsel, and such matters will be considered

7    separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or

8    proceeding relating to the Plan of Allocation or any application for attorneys' fees, expenses,

9    or award, or any appeal from any order relating thereto or reversal or modification thereof,

10   shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the

11   Judgment and the Settlement of the Litigation.

12        23.    At or after the Settlement Hearing, the Court shall determine whether the Plan

13   of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment

14   of expenses, shall be approved.

15        24.    All reasonable expenses incurred in identifying and notifying potential Class

16   Members, as well as administering the Settlement Fund, shall be paid as set forth in the

17   Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to

18   become effective, neither Lead Plaintiff nor Plaintiffs' Counsel shall have any obligation to

19   repay any amounts disbursed or incurred pursuant to ¶¶2.12 or 2.14 of the Stipulation.

20        25.    Neither this Order, the Stipulation (including any of their respective terms or

21   provisions), any of the negotiations, discussions, proceedings connected with them, nor any

22   act performed or document executed pursuant to or in furtherance of the Stipulation or the

23   Settlement or this Order:

24             (a)    shall be offered or received against any Released Person(s) as evidence

25   of or construed as or deemed to be evidence of any presumption, concession, or admission

26   by any Defendant of the truth of any allegations by Lead Plaintiff or any Member of the

27   Class or the validity of any claim that has been or could have been asserted in the Litigation,

28   or the deficiency of any defense that has been or could have been asserted in the Litigation or

- 10 -

1  in any other litigation, including, but not limited to, litigation of the Released Claims, or of

2  any liability, negligence, fault, or wrongdoing of any kind of any of the Defendants, except

3  that the Stipulation and its exhibits may be used in any action to enforce the Stipulation and

4  this Order;

5            (b)     shall be referred to for any other reason as against any of the Released

6  Person(s), in any civil, criminal, or administrative action or proceeding in any court,

7  administrative agency or other tribunal, other than in such proceedings as may be necessary

8  to effectuate the provisions of the Stipulation;

9            (c)     shall be offered, received, or construed against any Released Person(s)

10  as evidence of a presumption, concession, or admission of any fault, misrepresentation,

11  wrongdoing, or omission with respect to any statement or written document approved or

12  made by any Defendant, or against Lead Plaintiff or any Member of the Class as evidence of

13  any infirmity in the claims of Lead Plaintiff and the Class;

14            (d)     shall be offered, received, or construed against any Released Person(s)

15  as evidence of a presumption, concession, or admission of any liability, negligence, fault, or

16  wrongdoing, or in any way referred to for any other reason as against any of the parties to the

17  Settlement, in any other civil, criminal, or administrative action or proceeding; provided,

18  however, that if the Stipulation is approved by the Court, Defendants and their Related

19  Parties may refer to it to effectuate the release granted them hereunder; or

20            (e)     shall be construed against any Released Person(s), Lead Plaintiff, or the

21  Class as evidence of a presumption, concession, or admission that the consideration to be

22  given hereunder represents the amount which could be or would have been recovered after

23  trial or in any proceeding other than the Settlement.

24       26.     The Defendants, Lead Plaintiff, Class Members, and/or the Released Persons

25  may file the Stipulation and/or this Judgment in any other action that may be brought against

26  them in order to support a defense or counterclaim based on principles of *res judicata*,

27  collateral estoppel, full faith and credit, release, injunction, good faith settlement, judgment

28

- 11 -

1  bar or reduction, or any other theory of claim preclusion or issue preclusion or similar

2  defense or counterclaim.

3      27.    If the Stipulation and the Settlement set forth therein is not approved or

4  consummated for any reason whatsoever, then (i) this Order shall be rendered null and void,

5  and be of no further force and effect, except as otherwise provided by the Stipulation, (ii) this

6  Order, the Stipulation, the Settlement, and all proceedings had in connection therewith shall

7  be without prejudice to the rights of the Settling Parties and may not be introduced as

8  evidence or used in any action or proceeding by any Person against the Settling Parties, the

9  Released Persons, or the Releasing Plaintiff Parties, and (iii) the Settling Parties shall return

10  to status quo ante as of February 2, 2025.

11      28.    Unless otherwise ordered by the Court, all proceedings in the Litigation are

12  stayed except as may be necessary to implement the Settlement or comply with the terms of

13  the Stipulation or other agreement of the Settling Parties.  Pending final determination of

14  whether the proposed Settlement should be approved, neither Lead Plaintiff nor any Class

15  Member, directly or indirectly, representatively, or in any other capacity, shall commence,

16  maintain, or prosecute, and is hereby barred and enjoined from instituting, continuing,

17  commencing, maintaining, or prosecuting, any action in any court or tribunal that asserts any

18  of the Released Claims against any of the Released Persons.

19      IT IS SO ORDERED.

20  DATED this ___ day of _____, 20__  _____

21                                          HONORABLE DOUGLAS L. RAYES
                                            SENIOR UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

4934-3023-5935.v1

# EXHIBIT A-1

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

DISTRICT OF ARIZONA

10

| Laborers District Council Construction Industry Pension Fund, et al., | ) | No. CV-23-01455-PHX-DLR |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | Consolidated with Case No. 23-01889-PHX-SRB |
| | ) | |
| vs. | ) | CLASS ACTION |
| | ) | |
| Sea Limited, et al., | ) | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | EXHIBIT A-1 |

17

18

19

20

21

22

23

24

25

26

27

28

4907-9244-3424.v2

**TO:** **ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED SEA LIMITED'S PUBLICLY-TRADED AMERICAN DEPOSITARY SHARES DURING THE PERIOD FROM NOVEMBER 15, 2022 THROUGH AUGUST 14, 2023, BOTH DATES INCLUSIVE (THE "CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM" OR "CLAIM FORM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE _____, 2025**.

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.**

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been provided pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Arizona (the "Court").  The purpose of this Notice is to inform you of:  (i) the pendency of this consolidated class action between Laborers District Council Construction Industry Pension Fund ("Plaintiff"), on behalf of itself and all other Members of the Class, and Sea Limited ("Sea" or the "Company"), Forrest Xiaodong Li, Tony Tianyu Hou, Yanjun Wang, Gang Ye, and David Jingye Chen (the "Individual Defendants," and collectively with Sea, "Defendants"); (ii) the proposed $46 million settlement reached therein (the "Settlement"); and (iii) the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated March 14, 2025 (the "Stipulation"), by and between Plaintiff and Defendants (the "Settling Parties").  This Notice describes what steps you may take in relation to the Settlement and this class action.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants.  The Court has made no finding of liability against Defendants, and Defendants deny the allegations and any liability or wrongdoing of any kind.  This Notice is solely to advise you of the proposed Settlement of the Litigation and of your rights in connection therewith.

**THE COURT HAS NOT RULED THAT DEFENDANTS ARE LIABLE TO PLAINTIFF OR TO THE CLASS.  THIS NOTICE IS NOT INTENDED TO BE AN**

---

[1]  All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the website www.SeaLimited2023SecuritiesLitigation.com.

- 1 -

4907-9244-3424.v2

EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THIS LITIGATION OR THE MERITS OF THE CLAIMS OR DEFENSES ASSERTED.  THIS NOTICE IS SOLELY TO ADVISE YOU OF THE PROPOSED SETTLEMENT OF THIS LITIGATION AND YOUR RIGHTS IN CONNECTION WITH THAT SETTLEMENT.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement.  **Proofs of Claim must be postmarked or received (if not postmarked) or submitted online on or before _____, 2025.  The Proof of Claim is available on the website www.SeaLimited2023Securities Litigation.com**. |
| **EXCLUDE YOURSELF FROM THE CLASS** | Get no payment.  This is the only option that ***potentially*** allows you to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement.  Should you elect to exclude yourself from the Class, you should understand that Defendants and the other Released Persons will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.  **Exclusions must be postmarked or received (if not postmarked) on or before _____, 2025.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses.  You will still be a Member of the Class.  **Objections must be *received* by the Court and counsel on or before _____, 2025.  If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON _____, 2025 AT _____** | Ask to speak in Court about the fairness of the Settlement.  **Requests to speak must be *received* by the Court and counsel on or before _____, 2025.** |
| **DO NOTHING** | Receive no payment.  You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Persons about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

- 2 -

**SUMMARY OF THIS NOTICE**

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $46 million settlement fund has been established. Based on Plaintiff's estimate of the number of allegedly damaged shares eligible to recover under the Settlement, the average distribution per American Depositary Share ("ADS") under the Plan of Allocation is approximately $1.03, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and the attorneys' fees and expenses, and awards as determined by the Court. **Class Members should note, however, that these are only estimates**. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than these estimated average amounts. *See* Plan of Allocation set forth and discussed at pages 14 through 20 below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages, and do not agree on the amount of damages that would be recoverable if the Class prevailed on each or any claim alleged. Defendants deny that they are liable to the Class, deny that the Class has suffered any damages, and deny any wrongdoing, fault, or liability whatsoever. The issues on which the parties disagree are many, and include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Sea ADSs were allegedly impacted (if at all) during the Class Period; (4) the amount, if any, by which the price of Sea ADSs was allegedly impacted (if at all) during the Class Period; (5) the effect of various market forces on the price of Sea ADSs during the Class Period; (6) the extent to which external factors influenced the price of Sea ADSs during the Class Period; (7) the extent to which the matters or alleged omissions that Plaintiff alleged were material or materially false or misleading influenced (if at all) the price of Sea ADSs during the Class Period; (8) whether Defendants acted with the alleged requisite scienter; and (9) the extent to which the various allegedly adverse material facts that Plaintiff alleged were omitted influenced (if at all) the price of Sea ADSs during the Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel will apply to the Court on behalf of all Plaintiffs' Counsel for an award of attorneys' fees not to exceed 25% of the Settlement Amount, plus expenses in an amount not to exceed

4907-9244-3424.v2

$200,000, together with interest earned on both amounts at the same rate as earned by the Settlement Fund. In addition, Plaintiff may seek an award not to exceed $20,000 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class. If the amounts requested are approved by the Court, the average cost per Sea ADS will be approximately $0.26.

**Further Information**

For further information regarding the Litigation, this Notice, or to review the Stipulation of Settlement, please contact the Claims Administrator toll-free at 1-877-930-5821, or visit the website www.SeaLimited2023SecuritiesLitigation.com.

You may also contact a representative of Lead Counsel: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com.

Please Do Not Call the Court or Defendants with Questions About the Settlement.

**Reasons for the Settlement**

Plaintiff's principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery—or, indeed, no recovery at all—might be achieved after contested motions, trial, and likely appeals, a process that would last several years into the future. The Defendants have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, but recognize that further litigation could prove lengthy and expensive, and therefore have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

**BASIC INFORMATION**

| 1. | What is the purpose of this Notice? |
|---|---|

This Notice was prepared and is being made available to you pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired Sea's publicly-traded ADSs during the period from November 15, 2022 through August 14, 2023, both dates inclusive (the "Class Period").

This Notice explains the Litigation, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the District of Arizona, and the case is known as *Laborers District Council Construction Industry Pension Fund, et al. v. Sea Limited, et al.*, No. CV-23-01455-PHX-DLR. The case

- 4 -

has been assigned to the Honorable Douglas L. Rayes.  The entity representing the Class is the Plaintiff, and the individuals and entity it sued and who have now settled are called the Defendants.

**2.      What is this lawsuit about?**

The Litigation is currently pending before the Honorable Douglas L. Rayes in the United States District Court for the District of Arizona (the "Court").  The initial complaint in the Litigation was filed on July 21, 2023.  On October 6, 2023, the Court appointed Laborers District Council Construction Industry Pension Fund as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel.  Plaintiff filed the Consolidated Complaint on December 22, 2023.  The Consolidated Complaint alleges that Defendants made materially false and misleading statements regarding its Garena (digital entertainment) and Shopee (e-commerce) business segments during the Class Period in violation of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

On February 20, 2024, Sea filed its motion to dismiss the Consolidated Complaint, which the Individual Defendants joined on March 18, 2024.

On August 7, 2024, the Court issued an order denying in part and granting in part Defendants' motion to dismiss.  Specifically, the Court denied Defendants' motion to dismiss with respect to the alleged misstatements in the Consolidated Complaint concerning Garena.  It granted the motion, however, with respect to certain alleged misstatements concerning Shopee, holding these statements were not actionably misleading.  On August 21, 2024, Defendants filed a motion for reconsideration on the remaining Shopee-related claims upheld by the Court.

In December 2024, the parties commenced a mediation process with Mr. Gregory P. Lindstrom of Phillips ADR Enterprises.  An extensive December 18, 2024 mediation session was preceded by the parties' submission of detailed mediation statements (which involved consultation with experts).  On December 27, 2024, the parties accepted Mr. Lindstrom's mediator's proposal and reached an agreement in principle to resolve the Litigation via a $46 million cash payment for the benefit of the Class, subject to the execution of a Stipulation of Settlement and approval by the Court.  The Stipulation (together with the Exhibits thereto) reflects the final and binding agreement among the Settling Parties.

**3.      Why is there a settlement?**

The Court has not decided in favor of Defendants or Plaintiff.  Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Plaintiff agreed to the Settlement in order to ensure that Class Members will receive compensation.

- 5 -

# WHO IS IN THE SETTLEMENT

## 4.    How do I know if I am a Member of the Class?

The Court directed that everyone who fits this description is a Class Member: all Persons who purchased or otherwise acquired Sea's publicly-traded ADSs during the period from November 15, 2022 through August 14, 2023, both dates inclusive. Excluded from the Class are: Defendants, the officers and directors of Sea (at all relevant times), members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has a controlling interest. Also excluded from the Class are those Persons who would otherwise be a Class Member who properly exclude themselves by submitting a valid and timely request for exclusion.

**Please Note**: Receipt of this Notice or Postcard Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim which is available on the website (www.SeaLimited2023SecuritiesLitigation.com) and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2025.

## 5.    What if I am still not sure if I am included?

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-877-930-5821, or you can fill out and return the Proof of Claim to see if you qualify.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

## 6.    What does the Settlement provide?

The Settlement, if approved, will result in the creation of a cash settlement fund of $46 million (USD) for the benefit of the Class. The Settlement Fund (as defined in the Stipulation) less (a) any Court-awarded attorneys' fees, expenses, costs, and charges (including any award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class), and interest thereon; (b) Notice and Administration Expenses; (c) Taxes and Tax Expenses; and (d) other Court-approved deductions (the "Net Settlement Fund"), will be distributed to eligible Class Members. Distribution to Authorized Claimants (as defined in the Stipulation) will be made according to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

In return, if the Settlement is approved and becomes effective, the Litigation will be dismissed with prejudice, and all Class Members who have not excluded themselves from the Class will be deemed to have waived, released, relinquished, and forever discharged with prejudice all Released Claims (as defined below and in the Stipulation) against all

- 6 -

Defendants and Released Persons (as defined below and in the Stipulation), whether or not such Class Members submit a Claim Form.

| **7.** | **How much will my payment be?** |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proofs of Claim that Class Members send in, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

### HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| **8.** | **How can I get a payment?** |
|---|---|

To be eligible to receive a payment from the Settlement, you must timely submit a Proof of Claim. A Proof of Claim may be downloaded at www.SeaLimited2023Securities Litigation.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail** (to *Sea Limited 2023 Securities Litigation*, c/o JND Legal Administration, Claims Administrator, P.O. Box 91130, Seattle, WA 98111) **or submit it online at www.SeaLimited2023SecuritiesLitigation.com so that it is postmarked or received no later than _____, 2025**.

| **9.** | **When would I get my payment?** |
|---|---|

**The Court will hold a Settlement Hearing on _____, 2025, at _____**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| **10.** | **What am I giving up to get a payment or to stay in the Class?** |
|---|---|

If you are otherwise a Class Member and do not timely and validly exclude yourself from this Settlement, you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Persons about the Released Claims (as defined below) in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Persons" (as defined below):

"Released Claims" means any and all claims, demands, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, causes of action, actions, duties, obligations, judgments, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities, including Unknown Claims, and causes of action of every nature and description, whether known or unknown, direct or indirect, asserted or unasserted, matured or unmatured, accrued or unaccrued, foreseen or unforeseen, disclosed or undisclosed, contingent or fixed

- 7 -

4907-9244-3424.v2

or vested, at law or equity, whether arising under federal, state, common or foreign law, whether class or individual in nature, that (a) arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, representations, misrepresentations or omissions involved, set forth, alleged or referred to, in this Litigation, or which could have been alleged in, referred to or made part of this Litigation, and (b) arise out of, are based upon, or relate in any way to the purchase, acquisition, sale, transfer, investment, other transaction in, or holding or disposition of Sea securities that traded on the open market in the United States during the Class Period. Released Claims also includes any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Litigation (including Unknown Claims), except claims relating to the enforcement of the Settlement.

"Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, that arise out of, are based upon, or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation, except for claims relating to the enforcement of the Settlement.

"Released Persons" means each and all of the Defendants and each Defendant's past, present, or future direct or indirect parents, subsidiaries, divisions, branches, controlling persons, associates, entities, affiliates, or joint ventures, as well as each of their and each of Defendants' respective past, present, or future directors, officers, employees, independent contractors, managers, servants, partners, limited partners, members, principals, trustees, advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers, shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or investment bankers, personal or legal representatives, agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, spouses, heirs, related or affiliated entities or persons, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other persons, firms, trusts, corporations, and other entities in which a Defendant or any past, present, or future director of Sea has a financial interest or was a sponsor, founder, or creator of the entity and, in their capacity as such, any and all officers, directors, employees, trustees, beneficiaries, settlers, creators, attorneys, consultants, agents, or representatives of any such person, firm, trust, corporation or other entity, any member of any Defendant's immediate family, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, executors, administrators, predecessors, predecessors-in-interest, successors, successors-in-interest, or assigns of each of the foregoing.

"Unknown Claims" means:  (a) any and all Released Claims which the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that the Released Persons do not know or suspect to exist in

his, her, or its favor at the time of the release of the Lead Plaintiff, the Class, and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Class, and Plaintiffs' Counsel.  With respect to (i) any and all Released Claims against the Released Persons, and (ii) any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall expressly waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Released Persons acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Persons, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Persons shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal

- 9 -

theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Persons shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver of Unknown Claims was separately bargained for and is an essential element of the Settlement of which this release is a part.

### EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Persons on your own about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement.  This is called excluding yourself—or is sometimes referred to as "opting out."  If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.  Also, the Settling Parties have agreed that Defendants may terminate the Settlement and render it null and void in the event that Persons who would otherwise be Members of the Class who collectively incurred a specified amount of alleged loss exclude themselves from the Class.

| **11.** | **How do I get out of the Class and the proposed Settlement?** |
|---|---|

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Sea Limited 2023 Securities Litigation*."  Your letter must include your purchases, acquisitions, and sales of Sea ADSs during the Class Period, including the dates and number of securities you purchased, acquired, and sold, and price paid for each such purchase or acquisition and received for each such sale.  In addition, you must include your name, address, telephone number, and your signature.  You must submit your exclusion request so that it is **postmarked or received (if not postmarked) no later than _____, 2025** to:

*Sea Limited 2023 Securities Litigation*
Claims Administrator
c/o JND Legal Administration
P.O. Box 91130
Seattle, WA  98111

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue the Defendants and the other Released Persons about the Released Claims in the future, if such claims are not time-barred.

| **12.** | **If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later?** |
|---|---|

No.  Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Persons for any and all Released Claims.  If you

- 10 -

have a pending lawsuit against the Released Persons, speak to your lawyer in that case immediately.  You must exclude yourself from the Class in this Litigation to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2025.

| **13.** | **If I exclude myself, can I get money from the proposed Settlement?** |
|---|---|

No.  If you exclude yourself, you should not send in a Proof of Claim to ask for any money.

### THE LAWYERS REPRESENTING YOU

| **14.** | **Do I have a lawyer in this case?** |
|---|---|

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class Members, including you.  These lawyers are called Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| **15.** | **How will the lawyers be paid?** |
|---|---|

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed 25% of the Settlement Amount and for expenses in an amount not to exceed $200,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.  In addition, Plaintiff may seek up to $20,000 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| **16.** | **How do I tell the Court that I object to the proposed Settlement?** |
|---|---|

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's fee and expense application, and/or the 15 U.S.C. §78u-4(a)(4) award to Plaintiff.  You can write to the Court setting out your comment or objection.  The Court will consider your views.  To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Sea Limited 2023 Securities Litigation*.  Include your name, address, telephone number, and your signature (even if you are represented by counsel), identify the date(s), price(s), and number of Sea ADSs purchased, acquired, or sold during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation, fee and expense application, and/or the 15 U.S.C. §78u-4(a)(4) award request, including any legal and evidentiary support for such objection.  Any objection must state whether it applies only to the objector, to the Class, or to a specific subset of the Class.  In addition, the objector must identify all class action settlements to which the objector or the objector's counsel have previously objected.  You must also include copies of documents

- 11 -

demonstrating your purchases, acquisitions, and/or sales of Sea ADSs during the Class Period.  Your comments or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is ***received*** **no later than _____, 2025**:

| **COURT** | **LEAD COUNSEL** |
|---|---|
| CLERK OF THE COURT | ROBBINS GELLER RUDMAN |
| UNITED STATES DISTRICT COURT | & DOWD LLP |
| DISTRICT OF ARIZONA | Attn:  Theodore J. Pintar |
| Sandra Day O'Connor U.S. Courthouse | 655 West Broadway, |
| 401 West Washington Street | Suite 1900 |
| Phoenix, AZ  85003 | San Diego, CA  92101 |
| | |
| | **DEFENDANTS' COUNSEL** |
| | ALLEN OVERY SHEARMAN STERLING |
| | US LLP |
| | Attn:  Joshua T. Ebersole |
| | 599 Lexington Avenue |
| | New York, NY 10022 |

| **17.** | **What is the difference between objecting and excluding?** |
|---|---|

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against the Defendants and the other Released Persons.  If you exclude yourself, you cannot object to the Settlement because it does not affect you.

### THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

| **18.** | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold a Settlement Hearing at **_____ on _____, 2025**, in the Courtroom of the Honorable Douglas L. Rayes, at the United States District Court for the District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, AZ 85003.  At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them, even if you do not ask to speak at the hearing.  The Court will listen to people who have asked to speak at the hearing.  At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation.  The Court may also

decide how much to approve for Plaintiffs' Counsel's fees, expenses, and charges, and how much it will grant Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4). We do not know how long these decisions will take. You should be aware that the Court may change the date, time, and location of the Settlement Hearing without another notice being sent to Class Members.

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by phone or video conference, without further written notice to the Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by phone or video, it is important that you monitor the Court's docket or the Settlement website, www.SeaLimited2023 SecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the hearing will be posted to the Settlement website**. If you want to attend the hearing, either in person or remotely, if permitted, you should check with Lead Counsel or the Settlement website beforehand to be sure that the date and/or time has not changed.

## 19.    Do I have to come to the hearing?

No. Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you are a Class Member and send an objection, you do not have to come to Court to talk about it. As long as you are a Class Member and timely submit your written objection, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

## 20.    May I speak at the hearing?

If you object to the Settlement, the Plan of Allocation, and/or any aspect of the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Sea Limited 2023 Securities Litigation*." Persons who intend to object to the Settlement, the Plan of Allocation, attorneys' fees and expenses to be awarded to Plaintiffs' Counsel, and/or 15 U.S.C. §78u-4(a)(4) award to Plaintiff and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be ***received*** **no later than _____, 2025**, and addressed to the Clerk of Court and Lead Counsel, at the addresses listed above in question 16.

- 13 -

You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

| **21.    What happens if I do nothing?** |
| --- |

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants and the other Released Persons about the Released Claims in this case.

## GETTING MORE INFORMATION

| **22.    How do I get more information?** |
| --- |

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-877-930-5821. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court, and to the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.SeaLimited2023SecuritiesLitigation.com, and which may be inspected at the Office of the Clerk of the United States District Court for the District of Arizona, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## THE PROPOSED PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

| **23.    How will my claim be calculated?** |
| --- |

1.    The Settlement Amount of $46 million and any interest earned thereon shall be the "Settlement Fund." The Settlement Fund, less all taxes, tax expenses, notice and administration expenses, approved attorneys' fees and expenses, and any other fees or expenses approved by the Court is the "Net Settlement Fund." The Net Settlement Fund shall be distributed to Class Members who submit timely and valid Proofs of Claim to the Claims Administrator ("Authorized Claimants").

2.    The Plan of Allocation set forth herein is the plan that is being proposed by Plaintiff and its counsel to the Court for approval. The Court may approve this Plan of Allocation or modify it without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website at: www.SeaLimited2023SecuritiesLitigation.com.

3.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a result of the alleged violations of the federal securities laws during the Class Period (November 15, 2022 through August 14, 2023). To design this Plan, Lead Counsel has conferred with its

4907-9244-3424.v2

damages expert.  In calculating the estimated alleged artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Plaintiff's damages expert considered the market and industry adjusted price changes in Sea's ADSs following certain alleged corrective disclosures regarding Sea and the allegations in the complaint.  The Plan of Allocation, however, is not a formal damages analysis.  The allocation below is based on the following inflation per share amounts for Class Period share purchases and sales as well as the statutory 90-day look-back amount of $41.03 per share of Sea ADSs pursuant to the Private Securities Litigation Reform Act.[2]

4.       The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."  The Recognized Claim formula is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  Because the Net Settlement Fund is less than the total losses alleged to be suffered by Class Members, the Recognized Claim formula under the Plan of Allocation is only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

5.       In order to have recoverable damages, a disclosure of the alleged truth omitted or concealed by the alleged misrepresentations must be the cause of the decline in the price of Sea ADSs.  In this case, Plaintiff alleges that corrective information was released prior to the start of trading on May 16, 2023 and August 15, 2023.

6.       In order to have a "Recognized Claim" under the Plan of Allocation, shares of Sea ADSs must have been purchased during the Class Period and held through the issuance of at least one of the corrective disclosures.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

7.       Based on the formula stated below, a Recognized Claim will be calculated for each purchase of Sea ADSs during the Class Period that is listed on the Claim Form and for

---

[2]      Under §29(D)(e)(1) of the Exchange Act, "in any private action arising under this [Securities Exchange Act of 1934] in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the statute, Recognized Loss Amounts for Sea ADSs are reduced to an appropriate extent by taking into account the closing prices of Sea ADSs during the 90-day look-back period.  The mean (average) closing price for Sea ADSs during this 90-day look-back period was $41.03 per share as shown in Table 2.

4907-9244-3424.v2

1  which adequate documentation is provided.  If a Recognized Claim calculates to a negative
2  number or zero under the formula below, that Recognized Claim will be zero.

3      8.    For each share of publicly-traded Sea ADSs purchased from November 15,
   2022 through August 14, 2023, and:

4
5          (a)    sold prior to May 16, 2023, the Recognized Loss Amount will be $0.00;

6          (b)    sold from May 16, 2023 through August 14, 2023, inclusive, the
   Recognized Loss Amount will be *the lesser of*:  (i) the decline in inflation during the holding
7  period (as presented in Table 1 below); and (ii) the purchase price minus the sale price;

8          (c)    sold from August 15, 2023 through and including the close of trading on
9  November 10, 2023, the Recognized Loss Amount will be *the least of*:  (i) the decline in
   inflation during the holding period (as presented in Table 1 below); (ii) the purchase price
10 minus the sale price; or (iii) the purchase price minus the average closing price between
   August 15, 2023 and the date of sale as stated in Table 2 below;
11
12         (d)    held as of the close of trading on November 10, 2023, the Recognized
   Loss Amount will be *the lesser of*:  (i) the decline in inflation during the holding period (as
13 presented in Table 1 below); or (ii) the purchase price minus $41.03, the average closing
   price for Sea ADSs between August 15, 2023 and November 10, 2023 (the last entry in
14 Table 2 below).

15                    **ADDITIONAL PROVISIONS**

16     9.    A claimant's Recognized Claim under the Plan of Allocation shall be the sum
17 of their, his, her, or its Recognized Loss Amounts.

18     10.   For Class Members who held Sea ADSs at the beginning of the Class Period or
19 made multiple purchases or sales during the Class Period, the First-In, First-Out ("FIFO")
   method will be applied to such holdings, purchases, and sales for purposes of calculating a
20 claim.  Under the FIFO method, sales of Sea ADSs during the Class Period will be matched,
   in chronological order, first against Sea ADSs held at the beginning of the Class Period.  The
21 remaining sales of Sea ADSs during the Class Period will then be matched, in chronological
22 order, against Sea ADSs purchased during the Class Period.

23     11.   A Class Member will be eligible to receive a distribution from the Net
24 Settlement Fund only if a Class Member had a net overall loss, after all profits from
   transactions in Sea ADSs described above during the Class Period are subtracted from all
25 losses.  However, the proceeds from sales of Sea ADSs that have been matched against Sea
   ADSs held at the beginning of the Class Period will not be used in the calculation of such net
26 loss.  The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata*
27 basis, based on the relative size of their Recognized Claims.  Specifically, a "Distribution
   Amount" will be calculated for each Authorized Claimant, which will be the Authorized
28 Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized

- 16 -

Claimants, multiplied by the total amount in the Net Settlement Fund.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

12.    If a claimant suffered an overall market loss with respect to their overall transactions in Sea ADSs during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss.  For purposes of determining whether a claimant had a market gain, or suffered a market loss, with respect to a claimant's overall transactions of Sea ADSs during the Class Period, the Claims Administrator will determine the difference between the claimant's (i) Total Purchase Amount[3] and (ii) the sum of the Total Sales Proceeds[4] and Holding Value.[5]

13.    A purchase or sale of Sea ADSs shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  All purchase and sale prices shall exclude any fees and commissions.  The receipt or grant by gift, devise, or operation of law of Sea ADSs during the Class Period shall not be deemed a purchase or sale of Sea ADSs for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase of such share unless specifically provided in the instrument of gift or assignment.  The receipt of Sea ADSs during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase of Sea ADSs.

14.    The date of covering a "short sale" is deemed to be the date of purchase of the Sea ADSs.  The date of a "short sale" is deemed to be the date of sale of Sea ADSs.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a claimant has an opening short position in Sea ADSs, their earliest Class Period purchases of Sea ADSs will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

---

[3]    The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Sea ADSs purchased during the Class Period.

[4]    The Claims Administrator will match any sales of Sea ADSs from the start of the Class Period through and including the close of trading on August 14, 2023 first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of Sea ADSs sold from the start of the Class Period through and including the close of trading on August 14, 2023 will be the "Total Sales Proceeds."

[5]    The Claims Administrator will ascribe a "Holding Value" equal to $40.58 for each share of Sea ADSs purchased during the Class Period and still held as of the close of trading August 14, 2023.

- 17 -

15.    Option contracts are not securities eligible to participate in the Settlement. With respect to Sea ADSs purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option, and the purchase/sale price of the common stock is the exercise price of the option.

16.    After the initial distribution of the Net Settlement Fund, the Claims Administrator shall make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund within a reasonable time after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator shall conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions.  Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to Council of Institutional Investors.

17.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants.  No person shall have any claim against Plaintiff, Lead Counsel, Lead Plaintiff's damages expert, or the Claims Administrator or other agent designated by Lead Counsel, or the Released Persons and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.  Plaintiff, and Defendants, their respective counsel, Lead Plaintiff's damages expert, and all other releasees shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

**TABLE 1**
**Decline in Inflation Per Sea ADSs by Date of Purchase and Date of Sale**

| Purchase Date | Sale Date | | |
|---|---|---|---|
| | 04/06/2023-05/15/2023 | 05/16/2023-08/14/2023 | Sold on or Retained Beyond 08/15/2023 |
| 11/15/2022-04/05/2023 | $0.00 | $8.61 | $11.68 |
| 04/06/2023- | | $11.68 | $14.75 |

- 18 -

| | | | |
|---|---|---|---|
| 05/15/2023 | ███████ | | |
| 05/16/2023-08/14/2023 | █████████ | | $3.07 |
| Purchased on or Beyond 08/15/2023 | █████████ | | $0.00 |

- 19 -

**TABLE 2**
**Sea ADSs Closing Prices and Average Closing Prices**

| Date | Closing Price | Average Closing Price Between August 15, 2023 and Date Shown | Date | Closing Price | Average Closing Price Between August 15, 2023 and Date Shown |
|---|---|---|---|---|---|
| 08/15/2023 | $40.58 | $40.58 | 09/29/2023 | $43.95 | $38.65 |
| 08/16/2023 | $40.50 | $40.54 | 10/02/2023 | $43.95 | $38.81 |
| 08/17/2023 | $39.49 | $40.19 | 10/03/2023 | $42.60 | $38.92 |
| 08/18/2023 | $38.68 | $39.81 | 10/04/2023 | $41.76 | $39.00 |
| 08/21/2023 | $38.67 | $39.58 | 10/05/2023 | $42.12 | $39.08 |
| 08/22/2023 | $36.52 | $39.07 | 10/06/2023 | $42.41 | $39.17 |
| 08/23/2023 | $36.85 | $38.76 | 10/09/2023 | $41.47 | $39.23 |
| 08/24/2023 | $35.21 | $38.31 | 10/10/2023 | $44.05 | $39.35 |
| 08/25/2023 | $36.17 | $38.07 | 10/11/2023 | $44.39 | $39.47 |
| 08/28/2023 | $36.90 | $37.96 | 10/12/2023 | $45.36 | $39.61 |
| 08/29/2023 | $37.56 | $37.92 | 10/13/2023 | $45.57 | $39.75 |
| 08/30/2023 | $37.93 | $37.92 | 10/16/2023 | $46.69 | $39.91 |
| 08/31/2023 | $37.63 | $37.90 | 10/17/2023 | $46.69 | $40.06 |
| 09/01/2023 | $38.52 | $37.94 | 10/18/2023 | $45.66 | $40.18 |
| 09/05/2023 | $37.31 | $37.90 | 10/19/2023 | $45.09 | $40.28 |
| 09/06/2023 | $39.22 | $37.98 | 10/20/2023 | $44.61 | $40.37 |
| 09/07/2023 | $39.15 | $38.05 | 10/23/2023 | $44.47 | $40.46 |
| 09/08/2023 | $38.25 | $38.06 | 10/24/2023 | $45.28 | $40.55 |
| 09/11/2023 | $38.24 | $38.07 | 10/25/2023 | $43.97 | $40.62 |
| 09/12/2023 | $38.32 | $38.09 | 10/26/2023 | $40.82 | $40.62 |
| 09/13/2023 | $39.03 | $38.13 | 10/27/2023 | $39.97 | $40.61 |
| 09/14/2023 | $39.89 | $38.21 | 10/30/2023 | $41.45 | $40.63 |
| 09/15/2023 | $39.28 | $38.26 | 10/31/2023 | $41.70 | $40.65 |
| 09/18/2023 | $38.28 | $38.26 | 11/01/2023 | $40.44 | $40.64 |
| 09/19/2023 | $38.38 | $38.26 | 11/02/2023 | $41.35 | $40.66 |
| 09/20/2023 | $37.53 | $38.23 | 11/03/2023 | $44.79 | $40.73 |
| 09/21/2023 | $35.95 | $38.15 | 11/06/2023 | $44.47 | $40.79 |
| 09/22/2023 | $35.96 | $38.07 | 11/07/2023 | $44.51 | $40.85 |
| 09/25/2023 | $40.20 | $38.14 | 11/08/2023 | $44.49 | $40.91 |
| 09/26/2023 | $40.15 | $38.21 | 11/09/2023 | $43.60 | $40.96 |
| 09/27/2023 | $42.09 | $38.34 | 11/10/2023 | $45.48 | $41.03 |
| 09/28/2023 | $43.12 | $38.49 | | | |

4907-9244-3424.v2

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

Nominees who purchased or acquired Sea ADSs during the Class Period for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 per record for providing names, addresses, and email addresses to the Claims Administrator; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. Copies of this Notice may also be obtained by calling toll-free 1-877-930-5821, and may be downloaded from the Settlement website, www.SeaLimited2023SecuritiesLitigation.com.

*Sea Limited 2023 Securities Litigation*
Claims Administrator
c/o JND Legal Administration
P.O. Box 91130
Seattle, WA 98111

DATED:_____        _____

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

- 21 -

# EXHIBIT A-2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Laborers District Council Construction Industry Pension Fund, et al., | No. CV-23-01455-PHX-DLR |
| Plaintiffs, | Consolidated with Case No. 23-01889-PHX-SRB |
| vs. | <u>CLASS ACTION</u> |
| Sea Limited, et al., | PROOF OF CLAIM AND RELEASE |
| Defendants. | EXHIBIT A-2 |

4935-7710-7744.v2

# I. GENERAL INSTRUCTIONS

1. To recover as a Class Member based on the claims in the Litigation,[1] you must complete and, on page ____ hereof, sign this Proof of Claim. If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2. Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3. YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, **ON OR BEFORE _____, 2025**, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR, ADDRESSED AS FOLLOWS:

*Sea Limited 2023 Securities Litigation*
Claims Administrator
c/o JND Legal Administration
P.O. Box 91130
Seattle, WA 98111
Online Submissions: www.SeaLimited2023SecuritiesLitigation.com

Do not mail or deliver your Claim Form to the Court, the parties to the Litigation, or their counsel. Submit your Claim Form only to the Claims Administrator at the addresses set forth above. If you are NOT a Class Member, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), DO NOT submit a Proof of Claim.

4. If you are a Class Member and you do not timely request exclusion, you are bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

# II. CLAIMANT IDENTIFICATION

You are a Member of the Class if you purchased or otherwise acquired Sea Limited's ("Sea") publicly-traded American Depositary Shares ("ADSs") during the period from

---

[1] This Proof of Claim and Release ("Proof of Claim" or "Claim Form") incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.SeaLimited2023SecuritiesLitigation.com.

- 1 -

November 15, 2022 through August 14, 2023, both dates inclusive (the "Class Period"), and are not otherwise excluded from the Class. Excluded from the Class are: Defendants, the officers and directors of Sea (at all relevant times), members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has a controlling interest. Also excluded from the Class are those Persons who would otherwise be a Class Member who properly exclude themselves by submitting a valid and timely request for exclusion.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee") of Sea ADSs that forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF SEA ADSs UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this Proof of Claim. Executors, administrators, guardians, conservators, and trustees must complete and sign this Proof of Claim on behalf of persons represented by them, and their authority must accompany this claim and their titles or capacities must be stated. The last four digits of the Social Security (or full taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

**III.    CLAIM FORM**

Use Part II entitled "Schedule of Transactions in Sea ADSs" of this Claim Form to supply all required details of your transaction(s) in Sea ADSs. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to **_all_** of your purchases, acquisitions, and sales of Sea ADSs that took place between November 15, 2022 and November 10, 2023, both dates inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to the number

of shares of Sea ADSs you held at the close of trading on August 14, 2023 and November 10, 2023.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Sea ADSs.  The date of a "short sale" is deemed to be the date of sale of Sea ADSs.

COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN SEA ADSs MUST BE ATTACHED TO YOUR CLAIM.  FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM AND MAY RESULT IN REJECTION OF YOUR CLAIM.  THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN SEA ADSs.

NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All such claimants MUST also submit a manually signed paper Proof of Claim whether or not they also submit electronic copies.  If you wish to submit your claim electronically, you must contact the Claims Administrator at SLMSecurities@JNDLA.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

4935-7710-7744.v2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

*Laborers District Council Construction Industry Pension Fund, et al. v. Sea Limited, et al.*,

No. CV-23-01455-PHX-DLR

**PROOF OF CLAIM AND RELEASE**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later than:**

**_____, 2025**

Please Type or Print

REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN SEA ADSs. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.

4935-7710-7744.v2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PART I: CLAIMANT IDENTIFICATION**

Last Name                                                                M.I.    First Name

Last Name (Co-Beneficial Owner)                                          M.I.    First Name (Co-Beneficial Owner)

○ IRA          ○ Joint Tenancy          ○ Employee          ○ Individual          ○ Other _____
                                                                                          (specify)
Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Social Security Number                          Taxpayer Identification Number

____ — ____ — _____     or     _____ — _____

Telephone Number (Primary Daytime)              Telephone Number (Alternate)

Email Address

**MAILING INFORMATION**

Address

Address

City                                    State    Zip Code

Foreign Province              Foreign Postal Code              Foreign Country Name/Abbreviation

- 5 -

PART II:    SCHEDULE OF TRANSACTIONS IN SEA ADSs

**A.    Number of Shares of Sea ADSs Held at the Close of Trading on November 14, 2022: _____**

Proof of Position Enclosed: □ Yes        □ No

**B.    Purchases and Acquisitions of Sea ADS (November 15, 2022 through November 10, 2023, both dates inclusive):[2]**

| Trade Date(s) Month Day Year (List chronologically) | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase Enclosed |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | □ Y □ N |
| 2._____ | 2._____ | 2._____ | □ Y □ N |
| 3._____ | 3._____ | 3._____ | □ Y □ N |

IMPORTANT:    If any purchase listed covered a "short sale," please mark Yes:
□ Yes

**C.    Sales of Sea ADSs (November 15, 2022 through November 10, 2023, both dates inclusive):**

| Trade Date(s) Month Day Year (List chronologically) | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sale Enclosed |
|---|---|---|---|
| 1._____ | 1._____ | 1._____ | □ Y □ N |
| 2._____ | 2._____ | 2._____ | □ Y □ N |
| 3._____ | 3._____ | 3._____ | □ Y □ N |

**D.    Number of shares of Sea ADSs held at the close of trading on August 14, 2023: _____**

Proof of Position Enclosed:        □ Yes        □ No

---

[2]    Information requested about your transactions of Sea ADSs from August 15, 2023 through and including November 10, 2023, is needed for the Claims Administrator to confirm that you have reported all relevant transactions and to calculate your Recognized Claim. Purchases and acquisitions of Sea ADSs during this period are not eligible for a recovery because they were made outside of the Class Period.

1

      **E.**      **Number of shares of Sea ADSs held at the close of trading on November 10, 2023:** _____

2

3

      Proof of Position Enclosed:    □ Yes    □ No

4

**YOU MUST READ AND SIGN THE RELEASE ON PAGE _____.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

5

6

**IV.**      **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

7

8

      I (We) submit this Proof of Claim under the terms of the Stipulation described in the

9

Notice.  I (We) also submit to the jurisdiction of the United States District Court for the

10

District of Arizona with respect to my (our) claim as a Class Member and for purposes of

11

enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound

12

by and subject to the terms of any judgment that may be entered in the Litigation.  I (We)

13

agree to furnish additional information to the Claims Administrator to support this claim if

14

requested to do so.  I (We) have not submitted any other claim covering the same purchases,

15

acquisitions, or sales of Sea ADSs during the relevant period and know of no other person

16

having done so on my (our) behalf.

17

**V.**      **RELEASE**

18

      1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby

19

fully, finally, and forever settle, release, and discharge from the Released Claims each and all

20

of the "Released Persons," defined as each and all of the Defendants and each Defendant's

21

past, present, or future direct or indirect parents, subsidiaries, divisions, branches, controlling

22

persons, associates, entities, affiliates, or joint ventures, as well as each of their and each of

23

Defendants' respective past, present, or future directors, officers, employees, independent

24

contractors, managers, servants, partners, limited partners, members, principals, trustees,

25

advisors, auditors, accountants, agents, underwriters, insurers, co-insurers, reinsurers,

26

shareholders, attorneys, fiduciaries, financial or investment advisors or consultants, banks or

27

investment bankers, personal or legal representatives, agents, predecessors, predecessors-in-

28

interest, successors, successors-in-interest, assigns, spouses, heirs, related or affiliated

- 7 -

entities or persons, anyone acting or purporting to act for or on behalf of any of them or their successors, heirs or assigns, any other persons, firms, trusts, corporations, and other entities in which a Defendant or any past, present, or future director of Sea has a financial interest or was a sponsor, founder, or creator of the entity and, in their capacity as such, any and all officers, directors, employees, trustees, beneficiaries, settlers, creators, attorneys, consultants, agents, or representatives of any such person, firm, trust, corporation or other entity, any member of any Defendant's immediate family, any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his or her family, and the legal representatives, heirs, executors, administrators, predecessors, predecessors-in-interest, successors, successors-in-interest, or assigns of each of the foregoing.

2.      "Released Claims" means any and all claims, demands, losses, costs, interest, penalties, fees, attorneys' fees, expenses, rights, causes of action, actions, duties, obligations, judgments, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities, including Unknown Claims, and causes of action of every nature and description, whether known or unknown, direct or indirect, asserted or unasserted, matured or unmatured, accrued or unaccrued, foreseen or unforeseen, disclosed or undisclosed, contingent or fixed or vested, at law or equity, whether arising under federal, state, common or foreign law, whether class or individual in nature, that (a) arise out of, are based upon, or relate in any way to any of the allegations, acts, transactions, facts, events, matters, occurrences, statements, representations, misrepresentations or omissions involved, set forth, alleged or referred to, in this Litigation, or which could have been alleged in, referred to or made part of this Litigation, and (b) arise out of, are based upon, or relate in any way to the purchase, acquisition, sale, transfer, investment, other transaction in, or holding or disposition of Sea securities that traded on the open market in the United States during the Class Period. Released Claims also includes any and all claims arising out of, relating to, or in connection with the Settlement or resolution of the Litigation (including Unknown Claims), except claims relating to the enforcement of the Settlement.

- 8 -

3.    "Unknown Claims" means:    (a) any and all Released Claims which the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Lead Plaintiff, the Class, and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Lead Plaintiff, the Class, and Plaintiffs' Counsel.  With respect to (i) any and all Released Claims against the Released Persons, and (ii) any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

The Settling Parties shall expressly waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Releasing Plaintiff Parties and Released Persons acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle,

- 9 -

1    discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to

2    have waived, compromised, settled, discharged, extinguished, and released, and upon the

3    Effective Date, and by operation of the Judgment shall have waived, compromised, settled,

4    discharged, extinguished, and released, fully, finally, and forever, any and all Released

5    Claims against the Released Persons, known or unknown, suspected or unsuspected,

6    contingent or non-contingent, whether or not concealed or hidden, which now exist, or

7    heretofore have existed, upon any theory of law or equity now existing or coming into

8    existence in the future, including, but not limited to, conduct which is negligent, intentional,

9    with or without malice, or a breach of any duty, law, or rule, without regard to the

10   subsequent discovery or existence of such different or additional facts, legal theories, or

11   authorities, and (b) the Released Persons shall expressly fully, finally, and forever waive,

12   compromise, settle, discharge, extinguish, and release, and upon the Effective Date, and by

13   operation of the Judgment shall have waived, compromised, settled, discharged,

14   extinguished, and released, fully, finally, and forever, any and all Released Defendants'

15   Claims against Lead Plaintiff, the Class, and Plaintiffs' Counsel, known or unknown,

16   suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden,

17   which now exist, or heretofore have existed, upon any theory of law or equity now existing

18   or coming into existence in the future, including, but not limited to, conduct which is

19   negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without

20   regard to the subsequent discovery or existence of such different or additional facts, legal

21   theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties

22   and Released Persons shall be deemed by operation of the Judgment to have acknowledged,

23   that the foregoing waiver of Unknown Claims was separately bargained for and is an

24   essential element of the Settlement of which this release is a part.

25        4.    I (We) hereby warrant and represent that I (we) have not assigned or

26   transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released

27   pursuant to this release or any other part or portion thereof.

28

- 10 -

5.    I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Sea ADSs occurred during the relevant period as well as the number of shares held by me (us) at the close of trading on November 14, 2022, August 14, 2023, and November 10, 2023.

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied on this Proof of Claim by the undersigned is true and correct.

Executed this _____ day of _____ in _____,
　　　　　　　　　　　　　　　　　　　(Month/Year)　　　　　　　　　　　(City)

_____.
　　(State/Country)


_____
(Sign your name here)


_____
(Type or print your name here)


_____
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)

- 11 -

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

    1.     Please sign the above release and acknowledgment.

    2.     Remember to attach copies of supporting documentation.

    3.     **Do not send** originals of certificates or other documentation as they will not be returned.

    4.     Keep a copy of your Proof of Claim and all supporting documentation for your records.

    5.     If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

    6.     If you move, please send your new address to the address below.

    7.     **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN _____, 2025, ADDRESSED AS FOLLOWS**:

*Sea Limited 2023 Securities Litigation*
Claims Administrator
c/o JND Legal Administration
P.O. Box 91130
Seattle, WA  98111
Online Submissions:  www.SeaLimited2023SecuritiesLitigation.com

- 12 -

# EXHIBIT A-3

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                              DISTRICT OF ARIZONA

10   Laborers District Council Construction        )   No. CV-23-01455-PHX-DLR
     Industry Pension Fund, et al.,                 )
11                                                  )   Consolidated with
                                Plaintiffs,         )   Case No. 23-01889-PHX-SRB
12                                                  )
13          vs.                                     )   CLASS ACTION
                                                    )
14   Sea Limited, et al.,                           )   SUMMARY NOTICE OF PROPOSED
                                                    )   SETTLEMENT OF CLASS ACTION
15                              Defendants.         )
                                                    )   EXHIBIT A-3
16   _____       )

17

18

19

20

21

22

23

24

25

26

27

28

4927-4902-3520.v2

**TO:    ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED SEA LIMITED PUBLICLY-TRADED AMERICAN DEPOSITARY SHARES DURING THE PERIOD FROM NOVEMBER 15, 2022 THROUGH AUGUST 14, 2023, BOTH DATES INCLUSIVE (THE "CLASS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on _____, 2025, at _____, before the Honorable Douglas L. Rayes, at the United States District Court for the District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 West Washington Street, Phoenix, AZ 85003, to determine whether:   (1) the proposed settlement (the "Settlement") of the above-captioned Litigation as set forth in the Stipulation of Settlement ("Stipulation")[1] for $46 million in cash should be approved by the Court as fair, reasonable, and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice and granting the releases as specified in the Stipulation; (3) to award Plaintiffs' Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below) and, if so, in what amounts; (4) to award payment pursuant to 15 U.S.C. §78u-4(a)(4) in connection with Lead Plaintiff's representation of the Class and, if so, in what amount; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by telephone or videoconference, without further written notice to the Class.  In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members must or may participate by telephone or video, it is important that you monitor the Court's docket and the website, www.SeaLimited2023Securities Litigation.com, before making any plans to attend the Settlement Hearing.  Any updates

---

[1]    The Stipulation can be viewed and/or obtained at www.SeaLimited2023Securities Litigation.com.

1   regarding the Settlement Hearing, including any changes to the date or time of the hearing or

2   updates regarding in-person or telephonic appearances at the hearing, will also be posted to

3   that website.  Also, if the Court requires or allows Class Members to participate in the

4   Settlement Hearing by telephone or videoconference, the access information will be posted

5   to the website, www.SeaLimited2023SecuritiesLitigation.com.

6        IF YOU PURCHASED OR OTHERWISE ACQUIRED SEA LIMITED'S ("SEA")

7   PUBLICLY-TRADED AMERICAN DEPOSITARY SHARES ("ADSs") DURING THE

8   PERIOD FROM NOVEMBER 15, 2022 THROUGH AUGUST 14, 2023, BOTH DATES

9   INCLUSIVE, YOUR RIGHTS ARE AFFECTED BY THE SETTLEMENT OF THIS

10  LITIGATION.

11       To share in the distribution of the Net Settlement Fund, you must establish your rights

12  by submitting a Proof of Claim and Release form ("Proof of Claim") by mail (**postmarked,**

13  **or received (if not postmarked), no later than _____, 2025**) or electronically via the

14  website (**no later than _____, 2025**).  Failure to submit your Proof of Claim by

15  _____, 2025, will subject your Proof of Claim to rejection and preclude you from

16  receiving any of the recovery in connection with the Settlement of this Litigation.  If you

17  purchased or otherwise acquired Sea ADSs between November 15, 2022 and August 14,

18  2023, both dates inclusive, and do not request exclusion from the Class, you will be bound

19  by the Settlement and any judgment and releases entered in the Litigation, including, but not

20  limited to, the Judgment, whether or not you submit a Proof of Claim.

21       The Notice, which more completely describes the Settlement and your rights

22  thereunder (including your right to object to the Settlement), the Proof of Claim, the

23  Stipulation (which, among other things, contains definitions for the defined terms used in

24  this Summary Notice), and other important documents, may be accessed online at www.Sea

25  Limited2023SecuritiesLitigation.com, or by writing to or calling:

26

27

28

4927-4902-3520.v2

1
2
3
4
5
6
7
8
9
10
11
12

*Sea Limited 2023 Securities Litigation*
Claims Administrator
c/o JND Legal Administration
P.O. Box 91130
Seattle, WA 98111
Telephone: 1-877-930-5821

Inquiries should NOT be directed to Sea, Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Theodore J. Pintar
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 1-800-449-4900
settlementinfo@rgrdlaw.com

13    IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT

14  A REQUEST FOR EXCLUSION SUCH THAT IT IS **POSTMARKED, OR RECEIVED**

15  **(IF NOT POSTMARKED), BY _____, 2025**, IN THE MANNER AND FORM

16  EXPLAINED IN THE NOTICE. ALL CLASS MEMBERS WILL BE BOUND BY THE

17  SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM.

18    IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO

19  THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY PLAINTIFFS'

20  COUNSEL FOR AN AWARD OF ATTORNEYS' FEES, LITIGATION EXPENSES,

21  PLUS INTEREST ON BOTH AMOUNTS, AND/OR AWARD TO LEAD PLAINTIFF

22  PURSUANT TO 15 U.S.C. §78u-4(a)(4). ANY OBJECTIONS MUST BE FILED WITH

23  THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL

24  **SUCH THAT IT IS *RECEIVED* NO LATER THAN _____, 2025**, IN THE

25  MANNER AND FORM EXPLAINED IN THE NOTICE.

26
27    DATED:_____    BY ORDER OF THE COURT
    UNITED STATES DISTRICT COURT
28    DISTRICT OF ARIZONA

- 3 -

# EXHIBIT A-4

**<u>LEGAL NOTICE</u>**

*Laborers District Council Construction Industry Pension Fund, et al., v. Sea Limited, et al.*,
No. CV-23-01455-PHX-DLR (D. Ariz.)
c/o JND Legal Administration
P.O. Box 91130
Seattle, WA  98111

www.SeaLimited2023SecuritiesLitigation.com

Court-Ordered Legal Notice
(Forwarding Service Requested)

This notice contains important information about a securities class action settlement.

You may be entitled to a payment.  This notice may affect your legal rights.

Please read it carefully.

*Laborers District Council Construction Industry Pension Fund, et al., v. Sea Limited, et al.*,
No. CV-23-01455-PHX-DLR (D. Ariz.)

THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT
VISIT WWW.SEALIMITED2023SECURITIESLITIGATION.COM
OR CALL 1-877-930-5821 FOR MORE INFORMATION

If you purchased and/or otherwise acquired Sea Limited ("Sea") American Depositary Shares ("ADSs") between November 15, 2022 and August 14, 2023, both dates inclusive, you could be entitled to a payment from a proposed settlement ("Settlement") reached in the above-captioned action, including all individual actions consolidated therein ("Litigation"). Your rights may be affected by this Litigation and the Settlement. A hearing will be held on _____, 2025, at _____, before Judge Douglas L. Rayes, to determine whether the proposed Settlement of the Litigation against Defendants for $46 million and the related plan of allocation should be approved as fair, reasonable, adequate, and whether the Litigation should be dismissed with prejudice against the Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; whether Plaintiffs' Counsel's application for an award of attorneys' fees of up to 25% of the Settlement Amount and expenses not to exceed $200,000, plus interest on both amounts, should be granted; and whether an award to Plaintiff in connection with its representation of the Class should be granted.

The proposed Settlement would resolve a putative class action lawsuit alleging that, in violation of the U.S. federal securities laws, Defendants issued materially false and misleading statements and/or omissions which caused Sea ADSs to trade at artificially inflated prices until the nature of the alleged wrongdoing was revealed, causing the trading prices of Sea ADSs to adjust in response thereto. The Court has made no finding of liability against Defendants, and Defendants deny the allegations, deny that the Class has suffered any damages, and deny any wrongdoing, fault, or liability whatsoever. For a full description of the proposed Settlement and your rights, and to make a claim, you may obtain the Stipulation, long-form Notice of Pendency and Proposed Settlement of Class Action ("Notice"), and the Proof of Claim and Release ("Claim Form") by visiting the website: www.SeaLimited2023SecuritiesLitigation.com ("Website") or you may request copies from the Claims Administrator by: (i) mail: *Sea Limited Securities Settlement*, c/o JND Legal Administration, P.O. Box 91130, Seattle, WA 98111 or (ii) toll-free call: 1-877-930-5821.

To qualify for payment, you must submit a valid Claim Form, with supporting documentation, postmarked or received (if not postmarked), or submitted online no later than _____, 2025. You will be bound by any Judgment entered in the Litigation, regardless of whether you submit a Claim Form, unless you exclude yourself from the Class. If you exclude yourself, you cannot get money from this Settlement. If you do not exclude yourself from the Class, you may object to the proposed Settlement, Plan of Allocation, or request for award of attorneys' fees and expenses so long as your objection is received no later than _____, 2025. The long-form Notice and the Website explain how to exclude yourself from the Class or to object.

Plaintiff and the Class are represented by Lead Counsel: Theodore J. Pintar, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com. You may, but do not have to, attend the Court hearing to be heard. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means and/or change its date and/or time. Please check the Website for updates.

4936-1062-6848.v2

# EXHIBIT B

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                               DISTRICT OF ARIZONA

10   Laborers District Council Construction    )   No. CV-23-01455-PHX-DLR
     Industry Pension Fund, et al.,            )
11                                             )   Consolidated with
                              Plaintiffs,      )   Case No. 23-01889-PHX-SRB
12                                             )
            vs.                                )   <u>CLASS ACTION</u>
13                                             )
     Sea Limited, et al.,                      )   FINAL JUDGMENT AND ORDER OF
14                                             )   DISMISSAL WITH PREJUDICE
                              Defendants.      )
15                                             )   EXHIBIT B
                                               )
16

17

18

19

20

21

22

23

24

25

26

27

28

4918-2962-0000.v1

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated _____, 2025, on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated March 14, 2025 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the Stipulation as if fully set forth herein, including without limitation the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby certified as a class action on behalf of all Persons who purchased or otherwise acquired Sea Limited's ("Sea") publicly-traded American Depositary Shares ("ADSs") during the period from November 15, 2022 through August 14, 2023, both dates inclusive (the "Class Period"). Excluded from the Class are: Defendants, the officers and directors of Sea (at all relevant times), members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has a controlling interest. Also excluded from the Class are those Persons who would otherwise be a Member of the Class but who validly and timely requested exclusion in accordance with the requirements set by the Court, as identified in Exhibit 1 hereto.

4. The Court finds, for the purpose of the Settlement only, that the prerequisites for a class action under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of

4918-2962-0000.v1

1  all members is impracticable; (b) there are questions of law and fact common to the Class;

2  (c) Lead Plaintiff's claims are typical of the claims of the Class it seeks to represent; (d) Lead

3  Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the

4  Class; (e) the questions of law and fact common to Class Members predominate over any

5  questions affecting only individual Class Members; and (f) a class action is superior to other

6  methods for the fair and efficient adjudication of the Litigation.

7        5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Laborers District

8  Council Construction Industry Pension Fund is certified as the Class Representative and

9  Robbins Geller Rudman & Dowd LLP is certified as Class Counsel.

10       6.      Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the

11  Settlement set forth in the Stipulation and finds that:

12             (a)     said Stipulation and the Settlement contained therein are, in all respects,

13  fair, reasonable, and adequate and in the best interest of the Class;

14             (b)     there was no collusion in connection with the Stipulation;

15             (c)     the Stipulation was the product of informed, arm's-length negotiations

16  among competent, able counsel, with the assistance of Mr. Gregory P. Lindstrom of Phillips

17  ADR Enterprises as mediator; and

18             (d)     the record is sufficiently developed and complete to have enabled Lead

19  Plaintiff and Defendants to have adequately evaluated and considered their positions.

20       7.      Accordingly, the Court authorizes and directs implementation and performance

21  of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.

22  Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto)

23  who have validly and timely requested exclusion from the Class, the Court hereby dismisses

24  the Litigation and all claims asserted therein with prejudice.  The Settling Parties are to bear

25  their own costs, except as and to the extent provided in the Stipulation and herein.

26       8.      No Person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, or

27  the Claims Administrator, or any other Person designated by Lead Counsel, based on

28

- 2 -

4918-2962-0000.v1

1  determinations or distributions made substantially in accordance with the Stipulation and the

2  Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

3         9.    Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff, all

4  Class Members, and each and every Releasing Plaintiff Party shall be deemed to have, and

5  by operation of this Judgment shall have, irrevocably and unconditionally, fully, finally, and

6  forever waived, released, relinquished, discharged, and dismissed with prejudice each and

7  every one of the Released Claims (including Unknown Claims) against each and every one

8  of the Released Persons and shall forever be barred and enjoined from commencing,

9  instituting, prosecuting, or maintaining any and all of the Released Claims against any and

10  all of the Released Persons, regardless of whether or not such Class Member or Releasing

11  Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net

12  Settlement Fund.  Claims to enforce the terms of the Stipulation or this Judgment are not

13  released.

14        10.    Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff, all

15  Class Members, the Releasing Plaintiff Parties, and anyone claiming through or on behalf of

16  any of them, will be forever and permanently barred and enjoined from filing, commencing,

17  instituting, asserting, maintaining, enforcing, prosecuting, intervening in, or continuing to

18  prosecute any action or other proceeding in any forum (including, but not limited to, any

19  foreign, federal, state or local court of law or equity, arbitration tribunal, or administrative

20  forum), asserting any of the Released Claims against any of the Released Persons, regardless

21  of whether such Class Member executes and delivers a Proof of Claim and Release form or

22  shares in the Net Settlement Fund.

23        11.    Upon the Effective Date, and as provided in the Stipulation, each of the

24  Released Persons shall be deemed to have, and by operation of this Judgment shall have,

25  fully, finally, and forever released, relinquished, and discharged all Released Defendants'

26  Claims (including Unknown Claims) against Lead Plaintiff, the Class, and Plaintiffs'

27  Counsel.  Claims to enforce the terms of the Stipulation are not released.

28

- 3 -

12.    The releases provided for in the Stipulation shall become effective immediately upon occurrence of the Effective Date without the need for any further action, notice, condition, or event.

13.    The notice of the pendency and proposed Settlement of the Litigation given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.  No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed.  Thus, the Court hereby determines that all Class Members are bound by this Judgment.

14.    The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation.  No Released Person shall have any role in, responsibility for, interest in, liability, or obligation whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

15.    Separate orders shall be entered regarding the proposed Plan of Allocation and Class Counsel's motion for an award of attorneys' fees and expenses and award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4).  Such orders shall in no way disturb or affect the finality of this Judgment, shall be considered separate from this Judgment, and shall not affect or delay the Effective Date of the Settlement.

- 4 -

4918-2962-0000.v1

16.     Neither this Order and Final Judgment, nor the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a)     shall be offered or received against any Released Person(s) as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any allegations by Lead Plaintiff or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Defendants;

(b)     shall be referred to for any other reason as against any of the Released Person(s), in any civil, criminal, or administrative action or proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(c)     shall be offered, received, or construed against any Released Person(s) as evidence of a presumption, concession, or admission of any fault, misrepresentation, wrongdoing, or omission with respect to any statement or written document approved or made by any Defendant, or against Lead Plaintiff or any Member of the Class as evidence of any infirmity in the claims of Lead Plaintiff and the Class;

(d)     shall be offered, received, or construed against any Released Person(s) as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Settlement, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, Defendants and their Related Parties may refer to it to effectuate the release granted them hereunder; or

(e)     shall be construed against any Released Person(s), Lead Plaintiff, or the Class as evidence of a presumption, concession, or admission that the consideration to be

- 5 -

1   given hereunder represents the amount which could be or would have been recovered after

2   trial or in any proceeding other than the Settlement.

3          17.    The Defendants, Lead Plaintiff, Class Members, and/or the Released Persons

4   may file the Stipulation and/or this Judgment in any other action that may be brought against

5   them in order to support a defense or counterclaim based on principles of *res judicata*,

6   collateral estoppel, full faith and credit, release, injunction, good faith settlement, judgment

7   bar or reduction, or any other theory of claim preclusion or issue preclusion or similar

8   defense or counterclaim.

9          18.    The Court finds that (i) Sea Limited has satisfied its financial obligations under

10  the Stipulation by paying or causing to be paid $46 million to the Settlement Fund, in

11  accordance with ¶2.2 of the Stipulation and (ii) neither Sea nor any other Defendant or

12  Released Person has any remaining financial obligations under the Stipulation.

13         19.    Without affecting the finality of this Judgment in any way, this Court hereby

14  retains continuing jurisdiction over:  (a) implementation of the Settlement as set forth in the

15  Stipulation and any award or distribution of the Settlement Fund, including interest earned

16  thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for

17  attorneys' fees, expenses, interest and §78u-4(a)(4) awards in the Litigation; and (d) all

18  parties herein for the purpose of construing, enforcing, and administering the Stipulation.

19         20.    The Court finds that during the course of the Litigation, the Settling Parties and

20  their respective counsel at all times complied with the requirements of Federal Rule of Civil

21  Procedure 11.

22         21.    In the event that the Stipulation is terminated or fails to become effective in

23  accordance with its terms, or the Effective Date does not occur: (i) this Order and Final

24  Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, and any

25  portion of the Settlement Amount previously paid by or on behalf of Defendants, including

26  any interests thereon, other than those amounts actually and properly disbursed or properly

27  accrued from the Settlement Fund, shall be returned as provided in the Stipulation; and (ii)

28  this Action shall proceed as provided in the Stipulation.

4918-2962-0000.v1

22.     Each of the Settling Parties shall bear its own fees, costs, and expenses, except as otherwise provided in the Stipulation.

23.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

24.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED this ___ day of _____, 20__  _____

HONORABLE DOUGLAS L. RAYES
SENIOR UNITED STATES DISTRICT JUDGE

4918-2962-0000.v1