UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Laborers District Council Construction Industry Pension Fund, et al.,<br><br>                              Plaintiffs,<br><br>        vs.<br><br>Sea Limited, et al.,<br><br>                              Defendants. | No. CV-23-01455-PHX-DLR<br><br>Consolidated with<br>Case No. 23-01889-PHX-SRB<br><br>CLASS ACTION<br><br>DECLARATION OF LUIGGY SEGURA IN SUPPORT OF LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

I, Luiggy Segura, declare as follows:

1.      I am a Vice President of Securities Class Actions at JND Legal Administration ("JND"), located at 3333 New Hyde Park Rd, New Hyde Park, NY 11042. At the request of Lead Counsel, I submit this Declaration to provide the Court and the Parties to the above-captioned action (the "Action") with information regarding JND's experience and the proposed plan for notice and claims administration for the proposed settlement of the Action (the "Settlement").[1]  The following statements are based on my personal knowledge and information provided to me by Lead Counsel, and, if called as a witness, I could and would testify competently thereto.

2.      JND has been retained by Lead Counsel, subject to Court approval, to act as the Claims Administrator and provide notice and claims administration services for the Settlement.

3.      JND is a nationally recognized class action administration firm.  The principals of JND collectively have over 75 years of experience in the class action legal and administrative fields, and have personally overseen some of the largest securities class action settlements in the country's history, including, among many others, *In re WorldCom, Inc. Securities Litigation*, No. 1:02-cv-3288 (S.D.N.Y.) ($6.15 billion settlement), *In re Tyco International Ltd. Securities Litigation*, No. 1:02-cv-1335-PB (D.N.H.) ($3.2 billion settlement), *In re Bank of America Corp. Securities Litigation, Derivative, and ERISA Litigation*, No. 1:09-md-2058 (S.D.N.Y.) ($2.4 billion settlement), *In re Royal Ahold N.V. Securities ERISA Litigation*, No. 1:03-md-1539 (D. Md.) ($1.1 billion settlement), and *In re Initial Public Offering Securities Litigation*, No. 1:21-mc-00092 (S.D.N.Y.) ($586 million settlement).  More information on JND's qualifications and experience can be found on www.jndla.com.  Our firm profile is attached as Exhibit A.

---

[1]      Unless otherwise defined, capitalized terms have the meanings ascribed to them in the Stipulation of Settlement in this Action dated March 14, 2025 (the "Stipulation" or the "Settlement Agreement").

**Proposed Plan for Disseminating Notice of the Settlement to the Class**

4.      Pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means."  As a result, the proposed plan here is to disseminate notice of the Settlement via a robust direct notice effort, supplemented by a digital notice posting, a print notice placement, and the distribution of a press release.  A settlement website, toll-free telephone number, and dedicated email address will provide additional opportunities for Class Members to learn more about the proposed Settlement.

5.      The proposed plan for providing notice of the Settlement to the Class uses customary procedures that have been designed to provide direct mailed notice to investors who are potential members of the Class.  The proposed Class consists of all Persons who purchased or acquired Sea Limited's ("Sea") publicly-traded American Depositary Shares ("ADSs"), between November 15, 2022 through August 14, 2023, both dates inclusive (the "Class Period").  Excluded from the Class are: Defendants, the officers and directors of Sea (at all relevant times), members of their immediate families, and their legal representatives, heirs, successors or assigns, and any entity in which any Defendant has a controlling interest.  Also excluded from the Class are those Persons who would otherwise be a Class Member but who validly and timely requested exclusion in accordance with the requirements set by the Court.

6.      As set forth in the Parties' Stipulation and in the proposed Order Preliminary Approving Settlement and Providing for Notice ("Preliminary Approval Order"), Sea shall use reasonable efforts to provide JND with the last known names and addresses of all Persons or entities who, based on the records of Sea, the depositary bank, or others, are likely Class Members or nominees of Class Members ("Transfer Agent Records"), within ten (10) calendar days of the Court's preliminary approval of the Settlement.  As set forth in the proposed Preliminary Approval Order, JND will commence emailing and mailing

by First-Class Mail (where email addresses are not available) a copy of the Postcard Notice to all potential Class Members who can be identified with reasonable effort and shall post the Stipulation, Notice, and Proof of Claim on the website established for this Litigation at www.SeaLimited2023SecuritiesLitigation.com within twenty-one (21) calendar days of the Court's preliminary approval of the Settlement (the "Notice Date").

7.      In addition, as in most class actions of this nature, the large majority of Class Members will be beneficial purchasers who hold their securities in "street name," *i.e.*, the securities are purchased by banks, brokers, and other nominees ("Nominees") in the name of the Nominee on behalf of the beneficial purchaser.  Accordingly, to effectuate notice to the majority of the Class, JND will mail a copy of the Postcard Notice to JND's database of approximately 4,000 Nominees.[2]  These Nominees are instructed to either forward the Postcard Notice to potential Class Members or provide the names, addresses and, if available, e-mail addresses of potential Class Members to JND so that we may forward the Postcard Notice directly.[3]  The Postcard Notice mailed to Nominees will include a cover letter highlighting these requirements as well as JND's contact information for questions.

8.      Following the mailing to Nominees, JND will send reminder postcards to the Nominees in its Broker Database who do not respond to the initial mailing.  The postcard will advise Nominees of their obligation to facilitate notice of the Settlement to their clients

---

[2]      JND's Nominee database is continually monitored and updated as Nominees change addresses, merge, go out of business, and/or come into existence.

[3]      As set forth in the proposed Preliminary Approval Order and Notice, Nominees who purchased or otherwise acquired shares of Sea ADSs during the Class Period for the benefit of another person or entity shall: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice.  If a Nominee elects to send the Postcard Notice to beneficial owners, such Nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the Nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the Nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.

who purchased or otherwise acquired the shares of Sea ADSs during the Class Period. In addition, JND will perform a personalized calling campaign to the largest Nominees to prompt them to respond to the Notice by either identifying potential Class Members or requesting the Postcard Notice to forward directly to their clients. JND typically makes multiple attempts to reach a person at the Nominees' offices. If JND is unable to reach the Nominee by phone, JND will send the Nominee an email reminding them to provide the names and addresses of their clients in accordance with the Notice.

9. In addition, JND will research filings with the United States Securities and Exchange Commission ("SEC") on Form 13-F to identify additional institutions or entities that may have purchased, otherwise acquired, or sold Sea ADSs during the Class Period. JND will mail the Postcard Notice to those institutions.

10. JND will also submit the Notice to the Depository Trust Company ("DTC") to post on the DTC Legal Notice System ("LENS"). LENS enables DTC member banks and brokers to review the Notice and contact JND directly to obtain copies of the Postcard Notice for their clients who may be potential Class Members.

11. As requests are received, JND will mail copies of the Postcard Notice to Nominees (in bulk), or directly mail the Postcard Notice to potential Class Members identified by Nominees. JND will also disseminate the Postcard Notice to any other persons and entities requesting them or other points of contact for potential Class Members as appropriate.

12. Any Postcard Notice that are returned as undeliverable mail will be reviewed to determine if an alternative or updated address is available from the U.S. Postal Service or through a third-party vendor to which JND subscribes and will be re-mailed to the updated or alternative address, if available.

13. To supplement direct mailed notice to potential Class Members, JND will cause the Summary Notice to be published in *The Wall Street Journal* and to be transmitted over a national newswire service. As set forth in the proposed Preliminary Approval Order,

the foregoing publication/transmission will occur not later than seven (7) calendar days of the Notice Date.

14.    In coordination with Lead Counsel, JND will design and maintain a website for the Settlement, www.SeaLimited2023SecuritiesLitigation.com (the "Settlement Website"). The Settlement Website will contain an overview of the Settlement, important dates, and deadlines in connection with the Settlement, including the exclusion/objection deadline and the date and time of the Settlement Hearing, copies of the Notice, Claim Form, Stipulation, Complaint, and other documents related to the Settlement. The Settlement Website will also contain a claim filing portal for those Class Members who wish to file their Claim online, as well as provide detailed instructions for Nominees and third-party filers filing Claims electronically on behalf of a large number of clients.

15.    A toll-free telephone number, 877-930-5821, and dedicated email address, info@SeaLimited2023SecuritiesLitigation.com, will also be established and staffed with customer service representatives trained to answer questions about the Settlement. As a result of its experience in administering complex class action settlements, JND has developed an expertise in anticipating the questions that class members will ask and how to most efficiently answer them, and we will leverage that experience for this Settlement. Both the toll-free telephone number and email address will be displayed on the Notice, Claim Form, Summary Notice, Postcard Notice, as well as on the Settlement Website.

16.    Based on JND's experience with securities class actions, we expect the direct notice effort alone to effectively notify Class Members of the proposed Settlement. The supplemental digital posting through DTC's LENS, the print placement in *The Wall Street Journal*, the distribution of a press release over a national newswire service, and the establishment of the case specific website, toll-free telephone number, and email will further enhance notice exposure. The proposed notice plan is designed to reach as many Class Members as possible and inform them about the Settlement and their rights and options. JND believes that the proposed notice plan provides the best method for notifying potential Class Members of the Settlement in this Action. Indeed, JND has employed

virtually identical notice plans in recent securities class actions settlements, including in this Circuit. *See*, *e.g.*, *Davis v. Yelp*, 2023 WL 3063823, at \*1 (N.D. Cal. Jan. 27, 2023); *Fleming v. Impax Laboratories, Inc.*, 2022 WL 2789496, at \*5 (N.D. Cal. July 15, 2022). In JND's opinion, the proposed notice plan provides the best notice practicable under the circumstances, is consistent with the requirements of Rule 23, and is consistent with other similar court-approved securities class action notice programs.

**Information on Settlement Administration**

17.    As noted above, the majority of potential class members for any securities class action are beneficial purchasers who hold their securities in "street name."[4]  When an investor opens an investment account, the security he, she, or it buys is registered in the issuer's (in this case, Sea's) books as belonging to the Nominee.  The Nominee, in its records, however, lists the investor as the actual owner.  Because of this street name system, even corporate entities often do not know the identity of the vast majority of their investors, as Nominees have the overwhelming bulk of the information related to who owns the securities, the dates of purchase and sale, the quantity of the securities purchased or sold, and the names and addresses of the investors.  Since this information is not freely available, it is the reason that the proposed Preliminary Approval Order provides that Nominees shall either: (a) provide names and addresses of beneficial owners to the Claims Administrator; or (b) send the Postcard Notice to potential Class Members.  Thus, while the Class size is unknown, JND knows that: (a) Nominees have contact information for a large number of Class Members (most likely the vast majority); and (b) that JND will send Postcard Notice for dissemination to potential Class Members by Nominees that wish to send notice themselves, and that JND will receive investor information from Nominees and disseminate Postcard Notice to those potential Class Members based on that information.

---

[4]    According to the U.S. Securities and Exchange Commission ("SEC"), "[a]proximately 85% of exchange-traded securities are held by securities intermediaries, such as broker-dealers and banks, on behalf of themselves or their customers." https://www.sec.gov/spotlight/proxyprocess/proxyvotingbrief.htm

18.    Since JND does not know the size of the Class, it cannot state what proportion of Class Members will receive notice through the notice campaign. However, JND believes based on many years of experience in giving notice in securities class actions, that its process for providing notice will result in a significant percentage of potential Class Members – including Nominees and third-party filers – receiving notice. As detailed above, special emphasis is given to making sure that Nominees, who have the bulk of the investor information, as well as third party filers whose business is filing claims on behalf of institutional investors and other large investors, receive notice.

19.    Based on JND's experience, the majority of large value valid claims will be filed by institutional investors. Many, if not most, institutional investors – such as state, city, and union pension funds – file, or hire a third-party claims filing service to file claims on the investor's behalf. Given the fact that institutional investors typically file the largest claims in a case, these investors typically receive the largest portion of the Net Settlement Fund. Based on this, it is JND's expectation that institutional investors will file the largest claims in the Action and receive the bulk of the Net Settlement Fund.

20.    Class Members who wish to be eligible to receive a distribution from the Net Settlement Fund are required to complete and submit to JND a properly executed Claim either by mail or online such that it is postmarked or received (if not postmarked) no later than the claims-submission deadline established by the Court, together with adequate supporting documentation for the transactions and holdings in Sea ADSs reported therein.

21.    Each Claim received by JND will be reviewed upon receipt to verify that all required information has been provided. The documentation provided with each Claim will also be reviewed for authenticity and compared to the information provided in the Claim to verify the Claimant's identity and the purchase/acquisition, sale, and holding information. JND will process each Claim in accordance with the Court-approved Plan of Allocation using a calculation module developed for the Settlement.

22.    If a Claim is determined to be defective, a deficiency notification (via letter or email) will be sent to the Claimant describing the deficiency in the Claim including,

where applicable, what is necessary to cure the deficiency. The deficiency notification will also advise the Claimant how much time he, she, or it has to submit the appropriate information and/or documentary evidence to complete/cure the Claim. If the deficiency in the Claim is not cured, the Claim will be recommended for rejection (in whole or in part). The deficiency notification will also advise Claimants of their right to contest JND's administrative determination with respect to their Claim and to request the Court's review of their Claim if they desire.

23.     After the Claims (and responses to deficiency notifications) have been fully processed, and final administrative determinations have been made as to which Claims are valid, JND will present its administrative report on the Claims received to the Court. Thereafter, upon Court approval, JND will distribute the net Settlement proceeds to eligible Class Members *pro rata* based upon each Claimant's recognized loss amount as calculated pursuant to the Court-approved plan of allocation, the total recognized losses of all eligible Claims, and the amount available for distribution.

24.     Distributions from the net Settlement proceeds will be sent to eligible Class Members via checks and wires with, in the case of check payments, a specified period for each Claimant to cash their payment (typically 90 or 120 days).[5] For any checks that are not cashed, JND will conduct an outreach campaign to encourage cashing and providing Claimants with reissued checks where applicable.

//

//

//

//

---

[5]     Due to the expenses associated with administering claims, JND recommends that no distributions be made to Claimants who would receive less than $10. These expenses include the costs of printing and mailing a check, as well as monitoring whether the check has been cashed, all of which could easily exceed the value of such smaller claims. It is standard practice in securities class actions to utilize a minimum check threshold and it is commonplace to use $10 as the minimum amount.

25. The process described above is the standard claims administration process for all securities class action settlements handled by JND.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 14, 2025 in New Hyde Park, New York.

LUIGGY SEGURA