ZIMMERMAN REED, LLP
HART L. ROBINOVITCH
14648 N. Scottsdale Road, Suite 130
Scottsdale, AZ  85254
Telephone:  480/348-6400
480/348-6415 (fax)
hart.robinovitch@zimmreed.com

Local Counsel for Lead Plaintiff

ROBBINS GELLER RUDMAN
     & DOWD LLP
THEODORE J. PINTAR (admitted *pro hac vice*)
TOR GRONBORG (admitted *pro hac vice*)
J. MARCO JANOSKI GRAY (admitted *pro hac vice*)
T. ALEX B. FOLKERTH (admitted *pro hac vice*)
JESSICA E. ROBERTSON (admitted *pro hac vice*)
EVELYN SANCHEZ GONZALEZ (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
tedp@rgrdlaw.com
torg@rgrdlaw.com
mjanoski@rgrdlaw.com
afolkerth@rgrdlaw.com
jrobertson@rgrdlaw.com
egonzalez@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Laborers District Council Construction Industry Pension Fund, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Sea Limited, et al.,<br><br>Defendants. | No. CV-23-01455-PHX-DLR<br><br>Consolidated with<br>Case No. 23-01889-PHX-SRB<br><br><u>CLASS ACTION</u><br><br>DECLARATION OF J. MARCO JANOSKI GRAY FILED ON BEHALF OF ROBBINS GELLER RUDMAN & DOWD LLP IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES |

4935-8947-1555.v2

I, J. MARCO JANOSKI GRAY, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts of the State of California and have been admitted *pro hac vice* to this Court. I am a partner with the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller," "Lead Counsel," or the "Firm"), Lead Counsel for Lead Plaintiff Laborers District Council Construction Industry Pension Fund in the above-captioned action (the "Litigation"). I submit this declaration, together with the attached exhibits, in support of Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and Award to Class Representative. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.[1]

2. The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business. I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration. The purpose of this review was to confirm both the accuracy of the entries as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation. As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment. Based on this review and the adjustments made, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

3. After the reductions referred to above, the number of hours spent on the Litigation by the Firm to date is 3,106.10. A breakdown of the lodestar is provided in the

---

[1] Unless otherwise defined herein, all capitalized terms have the same meanings as set forth in the Stipulation of Settlement dated March 14, 2025 (ECF 73-1) (the "Stipulation") and in Lead Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Memorandum of Law in Support Thereof (ECF 72).

4935-8947-1555.v2

attached **Exhibit A**. The lodestar amount for attorney/paraprofessional time based on the Firm's current rates is $2,042,145.00. The hourly rates shown in Exhibit A are the Firm's current rates in contingent cases set by the Firm for each individual. These hourly rates are consistent with hourly rates submitted by the Firm to state and federal courts in other securities class action litigation. The Firm's rates are set based on periodic analysis of rates charged by firms performing comparable work both on the plaintiff and defense side. For personnel who are no longer employed by the Firm, the "current rate" used for the lodestar calculation is based upon the rate for that person in his or her final year of employment with the Firm.

4.      The Firm seeks payment of $123,264.33 in litigation expenses in connection with the prosecution of the Litigation. Those expenses and charges are summarized by category in the attached **Exhibit B**.

5.      The following is additional information regarding certain of these expenses:

(a)      Filing, Witness, and Other Fees: $1,704.00. These expenses have been paid to the Court for filing fees and to attorney service firms or individuals who either: (i) served process of the complaint or subpoenas; or (ii) obtained copies of court documents for Plaintiff. The vendors who were paid for these services are set forth in the attached **Exhibit C**.

(b)      Transportation, Hotels, and Meals: $3,994.81. In connection with the prosecution of this case, the Firm has paid for travel expenses for Tor Gronborg and myself to attend the mediation session held on December 18, 2024 in New York before the mediator Gregory P. Lindstrom.

(c)      Consultants: $74,649.99.

(i)      Market Efficiency and Damages Expert Consultant (BVA Group LLC): $47,499.99. The Firm retained the services of Scott Dalrymple, CFA and BVA Group as a consulting expert on the issues of market efficiency, loss causation, and damages. In this role, Mr. Dalrymple and BVA assisted Lead Counsel in the issuance of discovery requests related to class certification, calculated estimated damage figures in

- 2 -

4935-8947-1555.v2

connection with the parties' mediation efforts, and assisted in compiling the Plan of Allocation for the Settlement.  Mr. Dalrymple is a Chartered Financial Analyst and holds a Master of Science in Economics from the London School of Economics and Political Science and a Bachelor of Business Administration in Finance and Business Honors from the University of Texas at Austin.  He has presented to chapters of the American Bar Association, the Licensing Executives Society, and other organizations on topics including commercial damages, quantitative analysis, and macroeconomic trends.

(ii)    Gaming Industry Expert Consultant[2]: $27,150.00.  The Firm also retained the services of a consulting expert who specializes in the video game industry to assist Lead Counsel with market research on the video game industry in the Southeast Asia markets where Sea operates its Garena gaming business, and to assess the materiality and importance of *League of Legends* and other video games to Garena's business based on publicly available data.

(d)    Online Legal and Financial Research: $13,435.07.  This category includes vendors such as LexisNexis, Refinitiv, and Westlaw.  These resources were used to obtain access to SEC filings, factual databases, legal research, and for proofreading and "blue-booking" court filings (including checking all legal authorities cited and quoted in briefs).  This category represents the expenses incurred by Robbins Geller for use of these services in connection with this Litigation.  The charges for these vendors vary depending upon the type of services requested.  For example, Robbins Geller has flat-rate contracts with some of these providers for use of their services.  When Robbins Geller utilizes online services provided by a vendor with a flat-rate contract, access to the service is by a billing code entered for the specific case being litigated.  At the end of each billing period in which such service is used, Robbins Geller's costs for such services are allocated to specific cases

---

[2]    Under the terms of the retention agreement with this consultant, Lead Counsel agreed to maintain the identity of this consultant confidential from Defendants and the public, but Lead Counsel can provide the retention agreement or related billing agreements to the Court under seal or for *in camera* review if the Court so chooses.

4935-8947-1555.v2

based on the percentage of use in connection with that specific case in the billing period. As a result of the contracts negotiated by Robbins Geller with certain providers, the Class enjoys substantial savings in comparison with the "market-rate" for a la carte use of such services which some law firms pass on to their clients.  For example, the "market-rate" charged to others by LexisNexis for the types of services used by Robbins Geller is more expensive than the rates negotiated by Robbins Geller.

(e)    Mediation Fees (Phillips ADR Enterprises, P.C.): $29,125.00.  These are the fees of the mediator, Gregory P. Lindstrom of Phillips ADR Enterprises.  There was one in-person mediation session held in New York on December 18, 2024, as well as numerous telephone follow ups leading to the settlement of the Litigation.

6.    The expenses pertaining to this case are reflected in the books and records of this Firm.  These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

7.    The identification and background of my Firm and its partners is attached hereto as **Exhibit D**.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 27th day of May, 2025, at San Diego, California.

*s/ Marco Janoski*
J. MARCO JANOSKI GRAY

- 4 -

4935-8947-1555.v2