ZIMMERMAN REED, LLP
HART L. ROBINOVITCH
14648 N. Scottsdale Road, Suite 130
Scottsdale, AZ  85254
Telephone:  480/348-6400
480/348-6415 (fax)
hart.robinovitch@zimmreed.com

Local Counsel for Lead Plaintiff

ROBBINS GELLER RUDMAN
    & DOWD LLP
THEODORE J. PINTAR (admitted *pro hac vice*)
TOR GRONBORG (admitted *pro hac vice*)
J. MARCO JANOSKI GRAY (admitted *pro hac vice*)
T. ALEX B. FOLKERTH (admitted *pro hac vice*)
JESSICA E. ROBERTSON (admitted *pro hac vice*)
EVELYN SANCHEZ GONZALEZ (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
tedp@rgrdlaw.com
torg@rgrdlaw.com
mjanoski@rgrdlaw.com
afolkerth@rgrdlaw.com
jrobertson@rgrdlaw.com
egonzalez@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Laborers District Council Construction Industry Pension Fund, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Sea Limited, et al., <br><br> Defendants. | No. CV-23-01455-PHX-DLR <br><br> Consolidated with <br> Case No. 23-01889-PHX-SRB <br><br> <u>CLASS ACTION</u> <br><br> OMNIBUS REPLY IN SUPPORT OF MOTIONS FOR: (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION; AND (2) AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AWARD TO CLASS REPRESENTATIVE |

Lead Plaintiff Laborers District Council Construction Industry Pension Fund ("Lead Plaintiff") and Lead Counsel Robbins Geller Rudman & Dowd LLP ("Lead Counsel") respectfully submit this reply memorandum in further support of: (1) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation (ECF 77) ("Final Approval Motion"); and (2) Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses and Award to Class Representative (ECF 78) ("Fee Motion").[1]

## I.    INTRODUCTION

The June 10, 2025 deadline for objections to the $46,000,000 all-cash Settlement has now passed.  Lead Counsel is pleased to report that no Class Member has lodged an objection to the Settlement, the Plan of Allocation, or Lead Counsel's fee and expense application, and only eight potential Class Members have requested to be excluded from the Class.  That "[t]here have been no objections from Class Members or potential class members . . . is compelling evidence that the . . . Settlement is fair, just, reasonable, and adequate" and warrants final approval.  *In re Apollo Grp. Inc. Sec. Litig.*, 2012 WL 1378677, at *3 (D. Ariz. Apr. 20, 2012).  This overwhelmingly positive reaction of the Class is a testament to the fairness, adequacy, and reasonableness of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee Motion – and further underscores why each warrants the Court's approval.

## II.    ARGUMENT

### A.    The Notice to the Class Met All Due Process Requirements

As the Court previously recognized in granting preliminary approval of the Settlement, the comprehensive notice program implemented here was "the best notice that [was] practicable under the circumstances, including individual notice to all members who [could] be identified through reasonable effort."  *See* Fed. R. Civ. P. 23(c)(2)(B); ECF 75 at 4.  To date, more than 200,000 Notices and Postcard Notices have been mailed or emailed

---

[1]    Unless otherwise noted, all capitalized terms not defined herein have the same meaning set forth in the Stipulation of Settlement dated March 14, 2025 (ECF 73-1) (the "Stipulation").  Citations are omitted throughout unless otherwise indicated.

- 1 -

to potential Class Members and nominees; the Summary Notice was published in *The Wall Street Journal* and transmitted over *PRNewswire*; and all pertinent information has been posted and made generally available on the website dedicated to the Settlement. *See* Supplemental Declaration of Luiggy Segura Regarding Update on Dissemination of Notice, Update on Call Center Services and Settlement Website, Requests for Exclusion Received, and Claims Received to Date ("Segura Suppl. Decl."), ¶¶3, 5, filed herewith; Declaration of Luiggy Segura Regarding Notice Dissemination, Publication, and Requests for Exclusion Received to Date (ECF 81) ("Segura Decl."), ¶¶9-10, 12. In response to this notice program, the Claims Administrator has received more than 6,500 Claims. Segura Suppl. Decl., ¶8.

This notice program is very similar to those approved and employed in other securities class actions. *See, e.g.*, *Apollo*, 2012 WL 1378677, at *3; *Jackson v. Microchip Tech. Inc., et al.*, No. CV-18-02914-PHX-ROS, ECF 105, ¶¶3-4 (D. Ariz. June 27, 2022); *Teamsters Local 617 Pension & Welfare Funds v. Apollo Group, Inc., et al.*, No. CV-06-02674-PHX-DLR, ECF 175, ¶¶5-6 (D. Ariz. Apr. 24, 2015), and ECF 193, ¶12 (D. Ariz. July 29, 2015). As those courts did, this Court should conclude that the "notice plan constituted the best notice practicable, adequately informed the Class Members regarding the terms of the proposed settlement, including their rights to exclude themselves or opt-out and by when, and fully satisfied the requirements of Rule 23, the requirements of due process, and any other applicable law." *See Apollo*, 2012 WL 1378677, at *3.

**B.    The Reaction of the Class Strongly Supports Approval of the Settlement and Plan of Allocation**

As explained in Lead Plaintiff's Final Approval Motion, the proposed Settlement and Plan of Allocation provide fair, reasonable, and adequate relief to the Class – and readily satisfy the relevant factors warranting final approval. *See* ECF 77, §§III, V. Now that the June 10, 2025 deadline for objections and requests for exclusion has passed, the Court may now fully assess the final *Hanlon* factor: "the reaction of the class to the proposed settlement." *Apollo*, 2012 WL 1378677, at *1 (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). The Ninth Circuit recognizes that when "the overwhelming

majority of the class willingly approve[s] the offer and stay[s] in the class," this "presents at least some objective positive commentary as to [the] fairness" of the settlement. *Hanlon*, 150 F.3d at 1027. The reaction here has been overwhelmingly positive and further supports final approval of the Settlement and Plan of Allocation. *See id.*

Indeed, ***no*** Class Member has objected to any aspect of the Settlement. This "unanimous, positive reaction to the . . . Settlement is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004). Simply stated, this absence of objections "'raises a strong presumption that the terms of [the] proposed class settlement action are favorable to the class members.'" *Apollo*, 2012 WL 1378677, at *3. In fact, "'[c]ourts have repeatedly recognized that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members.'" *Foster v. Adams & Assocs., Inc.*, 2022 WL 425559, at *6 (N.D. Cal. Feb. 11, 2022). Similarly, the lack of objections to the proposed Plan of Allocation provides firm support for its approval. *See In re Heritage Bond Litig.*, 2005 WL 1594403, at *11 (C.D. Cal. June 10, 2005) ("The fact that there has been no objection to this plan of allocation favors approval of the Settlement.").

Moreover, only eight potential Class Members have requested exclusion from the Class. *See* Segura Suppl. Decl., ¶6; *Arrison v. Walmart Inc.*, 2024 WL 3413968, at *4 (D. Ariz. July 15, 2024) (noting that only 48 class members requested exclusion out of 81,578 mailed notices, and further holding that "the reaction of the class members to the settlement weighs in favor of approval"). Thus, "[t]he small number of objections" (***zero***) and "opt outs supports that the settlement and plan of allocation are fair, reasonable, and adequate." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2019 WL 2077847, at *3 (N.D. Cal. May 10, 2019) (approving $48 million securities fraud class action settlement where "[o]nly one class member objected to the settlement and only 16 potential class members opted out of the settlement").

- 3 -

Accordingly, the Court should approve the Settlement and Plan of Allocation here as fair, adequate, and reasonable.

### C.    The Reaction of the Class Strongly Supports Approval of the Requested Attorneys' Fees and Expenses

The Notice and Postcard Notice issued to the Class identified that Lead Counsel intended to seek a benchmark fee of 25% of the Settlement Amount and payment of litigation expenses not to exceed $200,000.  *See* Segura Decl., Exs. A-B.  The exceptional result achieved for the Class is "[t]he touchstone for determining the reasonableness of attorneys' fees in a class action," *Lowery v. Rhapsody Int'l, Inc.*, 75 F.4th 985, 988 (9th Cir. 2023), and strongly supports the requested award of attorneys' fees and expenses.  The result is even more impressive given the highly complex and uncertain nature of this securities fraud class action and the potential for years of additional litigation absent the Settlement, and it required skill and high quality work to attain.  *See* ECF 78, §III.B.

No Class Member has objected to Lead Counsel's request for attorneys' fees and payment of litigation expenses, or to the requested award to Lead Plaintiff.  Again, the lack of objections, particularly from sophisticated institutional investors, weighs strongly in favor of granting the requested attorneys' fees and expenses.  *See Jackson v. Microchip Tech. Inc.*, 2022 WL 22862142, at *1-*2 (D. Ariz. June 27, 2022) (finding plaintiff's requested attorneys' fees and expenses "fair and reasonable" considering "[t]here [were] no objections"); *Avila v. LifeLock Inc.*, 2020 WL 4362394, at *2 (D. Ariz. July 27, 2020) (finding the application for attorneys' fees "fair and reasonable and not excessive" even with one objector to it); *Hefler v. Wells Fargo & Co.*, 2018 WL 6619983, at *15 (N.D. Cal. Dec. 18, 2018) ("As with the Settlement itself, the lack of objections from institutional investors 'who presumably had the means, the motive, and the sophistication to raise objections' [to the attorneys' fee] weighs in favor of approval."); *Destefano v. Zynga, Inc.*, 2016 WL 537946, at *18 (N.D. Cal. Feb. 11, 2016) ("[T]he lack of objection by any Class Members also supports the 25 percent fee award."); *In re Nuvelo, Inc. Sec. Litig.*, 2011 WL 2650592, at *3 (N.D. Cal. July 6, 2011) (finding only one objection to fee request to be "a

strong, positive response from the class"); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. 2008) ("None of the objectors raised any concern about the amount of the fee. This factor . . . also supports the requested award of 28% of the Settlement Fund."). Accordingly, the Court should approve Lead Counsel's request for attorneys' fees of 25% of the Settlement Amount and payment of litigation expenses of $123,264.33, plus interest on both amounts, and award Lead Plaintiff $7,720 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class.

## III.   CONCLUSION

Lead Counsel obtained an exceptional result for the Class, and the Class agrees. For the reasons set forth above and in their previously filed briefs and declarations, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation, as well as the request for attorneys' fees, payment of litigation expenses, and award to Lead Plaintiff. Proposed orders are submitted herewith.

DATED: June 24, 2025

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
THEODORE J. PINTAR
TOR GRONBORG
J. MARCO JANOSKI GRAY
T. ALEX B. FOLKERTH
JESSICA E. ROBERTSON
EVELYN SANCHEZ GONZALEZ

s/ Marco Janoski
J. MARCO JANOSKI GRAY

- 5 -

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
tedp@rgrdlaw.com
torg@rgrdlaw.com
mjanoski@rgrdlaw.com
afolkerth@rgrdlaw.com
jrobertson@rgrdlaw.com
egonzalez@rgrdlaw.com

Lead Counsel for Lead Plaintiff

ZIMMERMAN REED, LLP
HART L. ROBINOVITCH
14648 N. Scottsdale Road, Suite 130
Scottsdale, AZ  85254
Telephone:  480/348-6400
480/348-6415 (fax)
hart.robinovitch@zimmreed.com

Local Counsel for Lead Plaintiff