# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laborers District Council Construction Industry Pension Fund, et al., | No. CV-23-01455-PHX-DLR |
| Plaintiffs, | Consolidated with: Case No. CV-23-01889-PHX-DLR |
| v. | **CLASS ACTION** |
| Sea Limited, et al., | **ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARD TO CLASS REPRESENTATIVE** |
| Defendants. | |

This matter having come before the Court on July 1, 2025, on the motion of Lead Counsel for an award of attorneys' fees and expenses and an award to Class Representative (Doc. 78) (the "Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Litigation to be fair, reasonable and adequate, and otherwise being fully informed of the premises and good cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated March 14, 2025 (Doc. 73-1) (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction to enter this Order, over the subject matter of this Litigation, and over all of the Settling Parties and all Class Members.

3.      Notice of the Fee Motion was given to all Class Members who could be located with reasonable effort.  The form and method of notifying the Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all Persons entitled thereto.

4.      Lead Counsel is hereby awarded attorneys' fees of 25% of the Settlement Amount, plus interest at the same rate earned by the Settlement Fund.  Lead Counsel is also awarded litigation expenses in the amount of $123,264.33, plus interest at the same rate earned by the Settlement Fund.  The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

5.      The award of attorneys' fees and expenses shall be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order and the Judgment, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6.      In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Ninth Circuit and found that:

(a)      the Settlement has created a fund of $46,000,000 in cash, pursuant to the terms of the Stipulation, and Class Members will benefit from the Settlement created by the efforts of Lead Counsel;

(b)      the fee sought by Lead Counsel has been reviewed and approved as reasonable by Lead Plaintiff, who oversaw the prosecution and resolution of the Litigation;

(c)      over 200,000 copies of the Notice and/or Postcard Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed 25% of the Settlement Amount and for expenses

in an amount not to exceed $200,000, plus interest on both amounts, and no objections to the fees or expenses were filed by Class Members;

(d)    Lead Counsel expended substantial time and effort pursuing the Litigation on behalf of the Class;

(e)    Lead Counsel pursued the Litigation on a contingent basis;

(f)    the claims against Defendants involve complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g)    had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(h)    Lead Counsel conducted the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(i)    public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

(j)    the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases.

7.    Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards $7,720 to Lead Plaintiff Laborers District Council Construction Industry Pension Fund for the time and expenses it spent representing the Class.

8.    Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

. . .

. . .

. . .

- 3 -

9.      In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

**IT IS SO ORDERED**.

Dated this 11th day of July, 2025.

_____
Douglas L. Rayes
Senior United States District Judge

- 4 -