IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laborers District Council Construction Industry Pension Fund, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Sea Limited, et al.,<br><br>Defendants. | No. CV-23-01455-PHX-DLR<br><br>Consolidated with:<br>Case No. CV-23-01889-PHX-DLR<br><br>**CLASS ACTION**<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

This matter came before the Court pursuant to the Order dated March 18, 2025 (Doc. 75) ("Notice Order"), on the application of the parties for approval of the Settlement set forth in the Stipulation of Settlement dated March 14, 2025 (Doc. 73-1) (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Notice Order, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. This Judgment incorporates by reference the Stipulation as if fully set forth herein, including without limitation the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Members of the Class.

3. Pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby certified as a class action on behalf of all Persons who purchased or otherwise acquired Sea Limited's ("Sea") publicly-traded American Depositary Shares ("ADSs") during the period from November 15, 2022 through August 14, 2023, both dates inclusive (the "Class Period"). Excluded from the Class are: Defendants, the officers and directors of Sea (at all relevant times), members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which any Defendant has a controlling interest. Also excluded from the Class are those Persons who would otherwise be a Member of the Class but who validly and timely requested exclusion in accordance with the requirements set by the Court, as identified in Exhibit 1 hereto.

4. The Court finds, for the purpose of the Settlement only, that the prerequisites for a class action under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) Lead Plaintiff's claims are typical of the claims of the Class it seeks to represent; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other methods for the fair and efficient adjudication of the Litigation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Laborers District Council Construction Industry Pension Fund is certified as the Class Representative and Robbins Geller Rudman & Dowd LLP is certified as Class Counsel.

6. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

(a)     said Stipulation and the Settlement contained therein are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

(b)     there was no collusion in connection with the Stipulation;

(c)     the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel, with the assistance of Mr. Gregory P. Lindstrom of Phillips ADR Enterprises as mediator; and

(d)     the record is sufficiently developed and complete to have enabled Lead Plaintiff and Defendants to have adequately evaluated and considered their positions.

7.     Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Litigation and all claims asserted therein with prejudice.  The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

8.     No Person shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, or the Claims Administrator, or any other Person designated by Lead Counsel, based on determinations or distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further order(s) of the Court.

9.     Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff, all Class Members, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of this Judgment shall have, irrevocably and unconditionally, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Claims (including Unknown Claims) against each and every one of the Released Persons and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Persons, regardless of whether or not such Class Member or Releasing Plaintiff Party executes and delivers the Proof of Claim and Release

or shares in the Net Settlement Fund.  Claims to enforce the terms of the Stipulation or this Judgment are not released.

10. Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiff, all Class Members, the Releasing Plaintiff Parties, and anyone claiming through or on behalf of any of them, will be forever and permanently barred and enjoined from filing, commencing, instituting, asserting, maintaining, enforcing, prosecuting, intervening in, or continuing to prosecute any action or other proceeding in any forum (including, but not limited to, any foreign, federal, state or local court of law or equity, arbitration tribunal, or administrative forum), asserting any of the Released Claims against any of the Released Persons, regardless of whether such Class Member executes and delivers a Proof of Claim and Release form or shares in the Net Settlement Fund.

11. Upon the Effective Date, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against Lead Plaintiff, the Class, and Plaintiffs' Counsel.  Claims to enforce the terms of the Stipulation are not released.

12. The releases provided for in the Stipulation shall become effective immediately upon occurrence of the Effective Date without the need for any further action, notice, condition, or event.

13. The notice of the pendency and proposed Settlement of the Litigation given to the Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.  No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to

receive actual or adequate notice. A full opportunity has been offered to the Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, the Court hereby determines that all Class Members are bound by this Judgment.

14. The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation. No Released Person shall have any role in, responsibility for, interest in, liability, or obligation whatsoever for the administration of the Settlement or disbursement of the Net Settlement Fund.

15. Separate orders shall be entered regarding the proposed Plan of Allocation and Class Counsel's motion for an award of attorneys' fees and expenses and award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4). Such orders shall in no way disturb or affect the finality of this Judgment, shall be considered separate from this Judgment, and shall not affect or delay the Effective Date of the Settlement.

16. Neither this Order and Final Judgment, nor the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

(a) shall be offered or received against any Released Person(s) as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Defendant of the truth of any allegations by Lead Plaintiff or any Member of the Class or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any of the Defendants;

(b) shall be referred to for any other reason as against any of the Released Person(s), in any civil, criminal, or administrative action or proceeding in any court,

1  administrative agency or other tribunal, other than in such proceedings as may be necessary
2  to effectuate the provisions of the Stipulation;

3          (c)    shall be offered, received, or construed against any Released Person(s)
4  as evidence of a presumption, concession, or admission of any fault, misrepresentation,
5  wrongdoing, or omission with respect to any statement or written document approved or
6  made by any Defendant, or against Lead Plaintiff or any Member of the Class as evidence
7  of any infirmity in the claims of Lead Plaintiff and the Class;

8          (d)    shall be offered, received, or construed against any Released Person(s)
9  as evidence of a presumption, concession, or admission of any liability, negligence, fault,
10 or wrongdoing, or in any way referred to for any other reason as against any of the parties
11 to the Settlement, in any other civil, criminal, or administrative action or proceeding;
12 provided, however, that if this Stipulation is approved by the Court, Defendants and their
13 Related Parties may refer to it to effectuate the release granted them hereunder; or

14         (e)    shall be construed against any Released Person(s), Lead Plaintiff, or
15 the Class as evidence of a presumption, concession, or admission that the consideration to
16 be given hereunder represents the amount which could be or would have been recovered
17 after trial or in any proceeding other than the Settlement.

18     17.    The Defendants, Lead Plaintiff, Class Members, and/or the Released Persons
19 may file the Stipulation and/or this Judgment in any other action that may be brought
20 against them in order to support a defense or counterclaim based on principles of *res*
21 *judicata*, collateral estoppel, full faith and credit, release, injunction, good faith settlement,
22 judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or
23 similar defense or counterclaim.

24     18.    The Court finds that (i) Sea Limited has satisfied its financial obligations
25 under the Stipulation by paying or causing to be paid $46 million to the Settlement Fund,
26 in accordance with ¶2.2 of the Stipulation and (ii) neither Sea nor any other Defendant or
27 Released Person has any remaining financial obligations under the Stipulation.
28

19. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement as set forth in the Stipulation and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, interest and §78u-4(a)(4) awards in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation.

20. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

21. In the event that the Stipulation is terminated or fails to become effective in accordance with its terms, or the Effective Date does not occur: (i) this Order and Final Judgment shall be rendered null and void and shall be vacated *nunc pro tunc*, and any portion of the Settlement Amount previously paid by or on behalf of Defendants, including any interests thereon, other than those amounts actually and properly disbursed or properly accrued from the Settlement Fund, shall be returned as provided in the Stipulation; and (ii) this Action shall proceed as provided in the Stipulation.

22. Each of the Settling Parties shall bear its own fees, costs, and expenses, except as otherwise provided in the Stipulation.

23. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

24. The Court directs immediate entry of this Judgment by the Clerk of the Court.

**IT IS SO ORDERED**.

Dated this 11th day of July, 2025.

Douglas L. Rayes
Senior United States District Judge

# EXHIBIT 1

*Laborers District Council Construction Industry Pension Fund, et al. v. Sea Limited, et al.*

No. CV-23-01455-PHX-DLR

**VALID AND TIMELY**
**EXCLUSION REQUESTS**

1. Gilbert Dlugy TTEE and Monique Dlugy TTEE U/A Dtd 1/16/2006 by Gilbert DLUGY et al
2. Ahori Asset Management Pte Ltd A/C AHAN-I
3. Ahori Asset Management Pte Ltd A/C EM264
4. Ahori Asset Management Pte Ltd A/C AOAF
5. Ahori Asset Management Pte Ltd A/C ABAF
6. Ahori Asset Management Pte Ltd A/C ANAF
7. Ahori Asset Management Pte Ltd A/C Emerging Asia Master Fund - HSBC
8. Abhishek Manhas